18035

**O'DONOGHUE & O'DONOGHUE LLP** 10-84
ATTORNEYS AT LAW
4748 WISCONSIN AVENUE NW  PH. 202-362-0041
WASHINGTON, DC 20016

UNITED
BANK
68-444-560

| PAY | Two Hundred Fifty and 00/100 Dollars | DATE | AMOUNT |
|---|---|---|---|
| TO THE ORDER OF: | CLERK, U.S. DISTRICT COURT | 09/15/2005 | $250.00 |

⑆018035⑆ ⑇056004445⑇ 000200563⑆

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM P. HITE, PATRICK R. PERNO, STEPHEN F. KELLY, and BRADLEY M. KARBOWSKY;<br><br>901 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>TRUSTEES OF THE UNITED ASSOCIATION GENERAL OFFICERS RETIREMENT AND PENSION FUND;<br><br>901 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>TRUSTEES OF THE UNITED ASSOCIATION OFFICE EMPLOYEES' PENSION AND RETIREMENT FUND;<br><br>901 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>and<br><br>TRUSTEES OF THE UNITED ASSOCIATION LOCAL UNION OFFICERS AND EMPLOYEES PENSION FUND;<br><br>103 Oronoco Street<br>Alexandria Virginia 22314<br><br>PLAINTIFFS,<br><br>v.<br><br>LEEDS WELD EQUITY PARTNERS IV, L.P.,<br><br>350 Park Avenue,<br>23rd Floor<br>New York, New York 10022 | **COMPLAINT**<br><br>Civ. No._____<br><br>JURY DEMAND |

```
        Registered Agent:                          )
            Corporation Service Co.                )
            2711 Centerville Road                  )
            Suite 400                              )
            New Castle, DE 19808                   )
                                                   )
LEEDS WELD EQUITY ASSOCIATES IV, LLC               )
                                                   )
        350 Park Avenue,                           )
        23rd Floor                                 )
        New York, New York 10022                   )
                                                   )
        Registered Agent:                          )
            Corporation Service Co.                )
            2711 Centerville Road                  )
            Suite 400                              )
            New Castle, DE 19808                   )
                                                   )
LEEDS WELD IV ADVISORS, LLC                        )
                                                   )
        350 Park Avenue,                           )
        23rd Floor                                 )
        New York, New York 10022                   )
                                                   )
        Registered Agent:                          )
            Corporation Service Co.                )
            2711 Centerville Road                  )
            Suite 400                              )
            New Castle, DE 19808                   )
                                                   )
            and                                    )
                                                   )
LEEDS WELD EQUITY ADVISORS, INC.                   )
                                                   )
        350 Park Avenue,                           )
        23rd Floor                                 )
        New York, New York 10022                   )
                                                   )
        Registered Agent:                          )
            Corporation Service Co.                )
            2711 Centerville Road                  )
            Suite 400                              )
            New Castle, DE 19808                   )
                                                   )
        DEFENDANTS.                                )
```

2

Plaintiffs, by their attorneys, O'Donoghue & O'Donoghue LLP, as for its complaint against Defendants herein, allege as follows:

## INTRODUCTORY STATEMENT

1. By this action, the United Association Local Union Officers and Employees Pension Fund, the United Association General Officers Retirement and Pension Fund, and the United Association Office Employees' Retirement and Pension Fund and Trustees William P. Hite, Patrick R. Perno, Stephen F. Kelly, and Bradley M. Karbowski (collectively "Funds" or "Plaintiffs") seek legal or equitable relief against Defendants Leeds Weld Equity Partners IV, L.P. ("the Partnership") and Leeds Weld Equity Associates IV, LLC, its General Partner, Leeds Weld IV Advisors, LLC, the Partnership's advisor and Leeds Equity Advisors, Inc., the advisor's managing member (collectively "Defendants"), for knowing participation in a breach or breaches of fiduciary duty pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and for fraud and misrepresentation in connection with the offering of securities in the District of Columbia, D.C. Code § 31-5606.05(a)(1)(B). As set forth below, Defendants conspired with George Philipps, for the purpose of influencing the decision to invest a total of twenty five million dollars ($25,000,000) of the Funds's assets in the Partnership and intentionally chose not to disclose and/or deliberately concealed the existence of the relationship with and payment to George Philipps.

## PARTIES

2. Plaintiff United Association General Officers Retirement and Pension Fund is a pension plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The United Association General Officers Retirement and Pension Fund is administered at 901 Massachusetts Avenue, Washington, DC. 20001.

3

3. Plaintiff United Association Office Employees' Retirement and Pension Fund is a pension plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The United Association Office Employees' Retirement and Pension Fund is administered at 901 Massachusetts Avenue, Washington, DC 20001.

4. Plaintiff United Association Local Union Officers and Employees Pension Fund is a pension plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). The United Association Local Union Officers and Employees Pension Plan is administered at 103 Oronoco Street, Alexandria Virginia 22314.

5. Plaintiff William P. Hite, as a current trustee of the Plaintiff Funds, is a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff Patrick R. Perno, as a current trustee of Plaintiff United Association General Officers Retirement and Pension Fund and Plaintiff United Association Office Employees' Retirement and Pension Fund, is a fiduciary to those Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Plaintiff Stephen F. Kelly, as a current trustee of the Plaintiff Funds, is a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

8. Plaintiff Bradley M. Karbowsky, as a current trustee of Plaintiff United Association Local Union Officers and Employees Pension Fund, is a fiduciary to that Fund as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

9. Defendant Leeds Weld Equity Partners IV, L.P. ("the Partnership") is a Delaware limited partnership located at 350 Park Avenue, 23rd Floor, New York, New York 10022.

4

10. Defendant Leeds Weld Equity Associates IV, LLC is a Delaware limited liability company believed to be located at 350 Park Avenue, 23rd Floor, New York, New York 10022. Defendant Leeds Weld Equity Associates IV, LLC is the General Partner of Leeds Weld Equity Partners IV, L.P.

11. Defendant Leeds Weld IV Advisors, LLC is a Delaware limited liability company hired by the Partnership to (1) originate, recommend, structure and identify sources of capital for investment opportunities to the Partnership; (2) monitor, evaluate and make recommendation regarding the timing and manner of disposition of portfolio investments; and (3) provide other related services.

12. Defendants Leeds Equity Advisors, Inc. is Defendant Leeds Weld IV Advisors, LLC's Managing Member.

## JURISDICTION

13. This knowing participation in a fiduciary breach claim is brought under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Accordingly, jurisdiction over this lawsuit is vested in this Court pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e) and pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over the pendent claim in this matter pursuant to 28 U.S.C. § 1367.

14. Venue with respect to this action lies in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because two of the Funds are administered in this District and a substantial part of the events or omissions giving rise to the claims asserted occurred in this District.

## FACTS COMMON TO ALL COUNTS

15. On or about January 13, 2003, the Funds entered into a contract (the "Subscription Agreement") with Defendants to purchase from Defendants certain securities. The Plaintiff Funds entered into the Subscription Agreement to purchase limited partnership interests in the Partnership.

16. Plaintiff United Association Local Union Officers and Employees Pension Fund agreed to commit twenty two million dollars ($22,000,000) to the Partnership.

17. Plaintiff United Association General Officers Retirement and Pension Fund agreed to commit two million dollars ($2,000,000) to the Partnership.

18. Plaintiff United Association Office Employees' Retirement and Pension Fund agreed to commit one million dollars ($1,000,000) to the Partnership.

19. The Funds agreed to be bound by the Leeds Weld Equity Partners IV, L.P. Amended and Restated Limited Partnership Agreement ("Partnership Agreement").

20. Since 1999 and through the time the securities were purchased, Pension Fund Evaluations, Inc. ("PFE") was the Funds's investment consultant, providing a variety of investment consulting and performance monitoring services to the Funds as a fiduciary as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

21. George Philipps, during the relevant time period, exercised influence and control over PFE and was a fiduciary to the Funds as that term is defined by ERISA.

22. Gregory Philipps, George Philipps's son, was the principal of PFE and was a fiduciary to the Funds during the relevant time period.

23. PFE advised the Funds on the decision to invest twenty five million dollars ($25,000,000) in the Partnership.

6

24. Defendants conspired with George Philipps and paid him at least a one hundred and fifty thousand dollar ($150,000) fee to influence the decision to invest in the Partnership.

25. Defendants intentionally and willfully chose not to disclose and/or deliberately concealed the existence of the relationship with, and payment to, George Philipps.

## COUNT I:
## KNOWING PARTICIPATION IN A BREACH OF FIDUCIARY DUTY

26. Plaintiffs hereby incorporate the allegations in paragraphs 1 though 25.

27. Plaintiffs United Association Local Union Officers and Employees Pension Fund, United Association General Officers Retirement and Pension Fund, United Association Office Employees' Retirement and Pension Fund are pension plans as defined by Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

28. PFE, as an investment consultant and monitoring firm, was a fiduciary to the Funds as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

29. George Philipps, during the relevant time period, exercised influence and control over the activities of PFE, and was therefore, a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

30. Gregory Philipps, during the relevant time period, exercised influence and control over the activities of PFE and was therefore, a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

31. PFE breached its fiduciary duty owed to the Funds under ERISA Sections 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b), by failing to disclose that Defendants had an agreement in place to pay a fee to George Philipps in exchange for influencing the decision to enter into the Subscription Agreement.

32. Defendants had actual or constructive knowledge of PFE's breach of fiduciary duty and knowingly participated in PFE's breach of fiduciary duty.

33. Gregory Philipps breached his fiduciary duty owed to the Funds under ERISA §§ 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b) by failing to disclose that Defendants had an agreement in place to pay a fee to George Philipps in exchange for influencing the decision to enter into the Subscription Agreement.

34. Defendants had actual or constructive knowledge of Gregory Philipps's breach of fiduciary duty and knowingly participated in Gregory Philipps's breach of fiduciary duty.

35. George Philipps breached his fiduciary duty owed to the Funds under ERISA Sections 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b), by failing to disclose that Defendants had an agreement in place to pay him a fee in exchange for influencing the decision to enter into the Subscription Agreement.

36. Defendants had actual or constructive knowledge of George Philipps's breach of fiduciary duty and knowingly participated in George Philipps's breach of fiduciary duty.

**WHEREFORE**, Plaintiffs request that the court enter a judgment:

37. Ordering the rescission of all agreements entered into between the Plaintiff Funds and the Defendants, including, but not limited to the Partnership Agreement and the Subscription Agreement;

38. Ordering for the restitution of all Fund assets of the Plaintiff Funds;

39. Ordering for the disgorgement of any proceeds derived from the ill gotten assets of the Plaintiff Funds;

40. Ordering for the disgorgement of any of Defendants' profits derived from the ill gotten assets of the Plaintiff Funds;

41. Providing for any other legal or equitable relief as the Court deems reasonable and just.

## COUNT II:
## FRAUD AND MISREPRESENTATION IN CONNECTION WITH THE OFFERING OF SECURITIES IN THE DISTRICT OF COLUMBIA UNDER D.C. CODE § 31-5606.05(a)(1)(B)

42. Plaintiffs hereby incorporate the allegations in paragraphs 1 though 41 of this Complaint.

43. Defendants, in offering to sell, and selling the securities/partnership interest described above omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

44. Defendants omitted to state that a relationship existed, including a promised monetary fee, between Defendants and George Philipps in exchange for influencing and/or coercing the Funds's decision to enter into the Subscription Agreement.

45. On or about January 13, 2003, Defendants accepted the Funds's Subscription Agreements for a capital commitment and admitted Plaintiffs as limited Partners of the Partnership effective on or about that day.

46. Prior to the Funds's Subscription Agreement with Defendants, Defendants entered into a relationship with George Philipps for the purpose of influencing and/or coercing the Funds's trustees to invest twenty five million dollars ($25,000,000) in the Partnership.

47. Defendants intentionally and willfully chose not to disclose and/or deliberately concealed and omitted from the Funds the existence of the relationship, and monetary fee, with George Philipps.

48. The Funds had no knowledge of the relationship between Defendants and George Philipps at the time they entered into the Subscription Agreement with Defendants.

9

49. The Funds have suffered damages as a direct result of Defendants' omission of a material fact.

**WHEREFORE**, Plaintiffs requests that the court enter a judgment:

50. Rescinding the sale of the securities and ordering Defendants to pay to Plaintiffs the sum of twenty five million dollars ($25,000,000), the consideration paid of the securities plus interest at the legal rate, less the amount of income received by Plaintiffs on the securities as described above;

51. Awarding Plaintiffs the costs of this suit, along with reasonable attorneys' fees;

52. Providing for injunctive relief from further payments to Defendants under the Partnership Agreement; and such other and further legal or equitable relief as the Court deems reasonable and just.

Respectfully submitted,

By: _____
James R. O'Connell (D.C. 61424A)
    joconnell@odonoghuelaw.com
Mark W. Kunst  (D.C. 431908)
    mkunst@odonoghuelaw.com
Maydad D. Cohen (D.C. 474204)
    mcohen@odonoghuelaw.com
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041—Telephone
(202) 362-2640—Facsimile

*Attorneys for Plaintiffs*

Dated:  October 12, 2005

132853_2.DOC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h) this 12th day of October, 2005, on the following:

Internal Revenue Service
15th & Pennsylvania Ave., N.W.
Washington, D.C. 20220

ATTENTION: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20002

ATTENTION: Assistant Solicitor for Plan Benefits Security

Maydad D. Cohen