## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------- x
WILLIAM P. HITE, PATRICK R. PERNO,              :
STEPHEN F. KELLY, and BRADLEY M.                :
KARBOWSKY, et al.,                              :
                                                :
        Plaintiffs                              :
                                                :   Civil Action No.: 1:05CV02019 (PLF)
v.                                              :   Judge Paul L. Friedman
                                                :
LEEDS WELD EQUITY PARTNERS IV,                  :
L.P., et al.,                                   :
                                                :
        Defendants                              :
-------------------------------------------------- x
```

## DEFENDANTS' MOTION TO DISMISS
## UNDER FED. R. CIV. P. 12(b)(6) and (7)

Defendants Leeds Weld Equity Partners IV, L.P., Leeds Weld Equity Associates IV, L.L.C., Leeds Weld IV Advisors, L.L.C., and Leeds Equity Advisors, Inc. hereby move to dismiss the October 12, 2005 complaint filed by Plaintiffs William P. Hite, Patrick R. Perno, Stephen F. Kelly, Bradley M. Karbowsky, Trustees of the United Association General Officers Retirement and Pension Fund, Trustees of the United Association Office Employees' Pension and Retirement Fund, and Trustees of the United Association Local Union Officers and Employees Pension Fund, pursuant to (1) Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties under Rule 19, and (2) FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

November 7, 2005                    Respectfully submitted,


                            By:    /s/
                                   _____
                                   Kevin J. Arquit, #
                                   Paul C. Curnin, *pro hac vice* pending
                                   SIMPSON THACHER & BARTLETT LLP
                                   425 Lexington Avenue
                                   New York, New York 10017
                                   (212) 455-2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------  x
WILLIAM P. HITE, et al.,                           :
                                                   :
        Plaintiffs                                 :
                                                   :
v.                                                 :  Civil Action No.: 1:05CV02019 (PLF)
                                                   :  Judge Paul L. Friedman
LEEDS WELD EQUITY PARTNERS IV,                     :
L.P., et al.,                                      :
                                                   :
        Defendants                                 :
                                                   :
-------------------------------------------------  x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) and (7)

Kevin J. Arquit, #438511
Paul C. Curnin, *pro hac vice* pending
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT ...................................................................................................................4

I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN
      INDISPENSABLE PARTIES ...............................................................................4

      A.    The Alleged Fiduciary Breaches Committed by the Absent Parties
            Are at the Core of Plaintiffs' ERISA Claim ............................................5

      B.    The Absent Parties Are Indispensable and the Complaint Should
            Be Dismissed if They Cannot Be Joined ..................................................7

II.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A
      CLAIM.................................................................................................................9

      A.    Count I Fails to Plead Facts Supporting an Inference of Fiduciary
            Status...................................................................................................10

      B.    The Complaint Fails to Plead That Defendants Acted with Actual
            Knowledge ...........................................................................................13

III.  THERE IS NO BASIS FOR PENDENT JURISDICTION OVER COUNT II .................13

IV.   THE FRAUD CLAIM IS WHOLLY DEFICIENT AND SHOULD BE
      DISMISSED .....................................................................................................14

V.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .............................18

CONCLUSION..............................................................................................................19

## Cases

*Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250 (D.D.C. 2004).................................................. 18

*Bell v. Exec. Comm. of the United Food & Commercial Workers Pension Plan for
    Employees*, 191 F. Supp. 2d 10 (D.D.C. 2002)........................................................ 9, 10, 12

*Bennett Enter., Inc. v. Domino's Pizza, Inc.*, 794 F. Supp. 434 (D.D.C. 1992) .............. 14, 16, 18

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)................................................................ 14

*Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699
    F.2d 1274 (D.C. Cir. 1983)................................................................................... 4, 5, 8

*Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996) ................................................................ 10, 11

*Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F. Supp. 1478 (D.
    Mass. 1989)............................................................................................................... 10

*Geiger v. Solomon-Page Group, Ltd.*, 933 F. Supp. 1180 (S.D.N.Y. 1996) ................................ 17

*Glades Pharm., LLC v. Call, Inc.*, Civ. A. No. 04-4259, 2005 U.S. Dist. LEXIS
    3696 (E.D. Pa. Mar. 9, 2005)..................................................................................... 6, 9

*Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78 (D.D.C. 2001) ............................................ 14

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000)..................... 5, 13

*IDT Corp. v. eGlobe, Inc.*, 140 F. Supp. 2d 30 (D.D.C. 2001)...................................................... 14

*In re Alcatel Sec. Litig.*, 382 F. Supp. 2d 513 (S.D.N.Y. 2005) .................................................. 15

*In re Bridge Info. Sys., Inc.*, 288 B.R. 548 (Bankr. E.D. Mo. 2001) .............................................. 6

*In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580 (S.D.N.Y. 2005) .............................................. 17

*In re Enron Corp. Sec. Derivative & ERISA Litig.*, 284 F. Supp. 2d 511 (S.D. Tex.
    2003)........................................................................................................................... 12

*In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439 (D.C. Cir. 1989)...................... 9

*In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68 (D.D.C. 2004)................................. 14, 18

*In re Union Carbide Class Action Sec. Litig.*, 648 F. Supp. 1322 (S.D.N.Y. 1986) .............. 15, 16

*In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 158 (S.D.N.Y. 2003) .......................... 13

*In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) .......................................... 12

*Keach v. U.S. Trust Co.*, 245 F. Supp. 2d 941 (C.D. Ill. 2003) ....................................................... 13

*Kelly v. Schmidberger*, 806 F.2d 44 (2d Cir. 1986)............................................................... 13

*Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d 1491 (D.C. Cir. 1995) ............................................. 8

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994).............................................. 9, 14

*Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999)............................. 6, 7

*Lasky v. Shearson Lehman Bros., Inc.*, 139 F.R.D. 597 (S.D.N.Y. 1991)..................................... 16

*Mara v. Burgdorf Realtors, Inc.*, 726 F. Supp. 1000 (E.D. Pa. 1989) ............................................ 6

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) ............................................................................. 8

*N.Y. State Teamsters Conf. Pension & Retirement Fund v. Boening Bros., Inc.*, 92
    F.3d 127 (2d Cir. 1996)................................................................................................... 9

*Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1201 (W.D. Mo 1993)..................................................... 6

*Papasan v. Allain*, 478 U.S. 265 (1986) ......................................................................................... 9

*Pegram v. Herdrich*, 530 U.S. 211 (2000)............................................................................. 10, 11

*Ramah Navajo Sch. Bd. v. Babbit*, 87 F.3d 1338 (D.C. Cir. 1996) .................................................. 5

*Redall Industries, Inc. v. Wiegand*, 878 F. Supp. 1026 (E.D. Mich. 1995) .................................... 12

*Sanderson v. Roethenmund*, 682 F. Supp. 205 (S.D.N.Y. 1988) .................................................... 16

*Schloegel v. Boswell*, 994 F.2d 266 (5th Cir. 1993) ..................................................................... 11

*Shields v. Washington Bancorporation*, Civ. A. No. 90-1101 (RCL), 1992 WL
    88004 (D.D.C. Apr. 7, 1992) ......................................................................................... 15

*Smith v. Am. Fed'n of Musicians*, 46 F.R.D. 24 (S.D.N.Y. 1968).................................................... 8

*Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.*,
    793 F.2d 1456 (5th Cir. 1986) ...................................................................................... 5, 12

*Toomey v. Jones*, 855 F. Supp. 19 (D. Mass. 1994)...................................................................... 11

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)..................................................................... 13

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) .................................................................................... 9

*Zucker v. Quasha*, 891 F. Supp. 1010 (D.N.J. 1995)..................................................................... 15

## Statutes

28 U.S.C. § 1367..................................................................................................................... 13

29 C.F.R. § 2509.75-8, Questions D-4 and D-5 (2003).................................................... 12

29 C.F.R. § 2510.3-21........................................................................................................... 11

29 U. S. C. § 502(a)(3)........................................................................................................... 13

29 U.S.C. § 1002(21)(A)........................................................................................................ 11

29 U.S.C. § 1002(3) ................................................................................................................. 2

29 U.S.C. § 1109.................................................................................................................. 5, 8

29 U.S.C. § 1132(e) ................................................................................................................. 8

29 U.S.C. §§ 1001, *et seq.*..................................................................................................... 1

29 U.S.C. § 1105.................................................................................................................. 5, 8

D.C. Code § 31-5606.05 ........................................................................................ 2, 14, 15, 17

D.C. Code § 31-5608.01 ......................................................................................................... 17

Fed. R. Civ. P. 12(b)(6)........................................................................................................... 9

Fed. R. Civ. P. 12(b)(7)........................................................................................................... 4

Fed. R. Civ. P. 19(a)(2)(i)....................................................................................................... 7

Fed. R. Civ. P. 19(b) ........................................................................................................... 7, 8

Fed. R. Civ. P. 9(b) ........................................................................................................... 14, 15

Fed.R. Civ. P. 19(c) ................................................................................................................. 8

15 U.S.C. § 77l(a)(2)............................................................................................................... 15

## Other Authorities

7 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1604 (3d
   ed. 2001) .......................................................................................................................... 5

Restatement (Second) of Trusts § 177 (1959) ..................................................................... 9

Defendants Leeds Weld Equity Partners IV, L.P., Leeds Weld Equity Associates IV, L.L.C., Leeds Weld IV Advisors, L.L.C., and Leeds Equity Advisors, Inc. respectfully submit this memorandum of law in support of their motion to dismiss the October 12, 2005 complaint filed by Plaintiffs William P. Hite, Patrick R. Perno, Stephen F. Kelly, Bradley M. Karbowsky, Trustees of the United Association General Officers Retirement and Pension Fund, Trustees of the United Association Office Employees' Pension and Retirement Fund, and Trustees of the United Association Local Union Officers and Employees Pension Fund.

## PRELIMINARY STATEMENT

Plaintiffs' skeletal assertions fail to state a claim on numerous levels. The complaint, in its entirety, consists of roughly four pages of substantive pleadings. Those pleadings, in their entirety, consist of nothing more than cursory paraphrases of purportedly relevant statutory provisions and utterly conclusory assertions of liability. This manner of pleading is defective under any standard.

The defects run deeper. Plaintiffs are pension plans purportedly covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Count I attempts to allege a claim for "knowing participation in a breach of fiduciary duty" under ERISA. The complaint does not assert that Defendants are fiduciaries—nor could it—but only that they participated in the breaches of *other* entities or individuals who are alleged to be ERISA fiduciaries. Plaintiffs, however, have chosen not to name the supposed fiduciaries as defendants. Because the status and conduct of these alleged fiduciaries are central issues here, they are clearly indispensable parties under Federal Rule of Civil Procedure 19. Count I also fails to state a claim because it does not properly plead facts demonstrating that *any* person is an ERISA fiduciary or that any supposed fiduciary breached a duty to Plaintiffs.

Count II, which purports to allege a claim for "fraud and misrepresentation" by way of an alleged omission in connection with the sale of securities, is equally defective. In an effort to avoid the heightened pleading requirements and well developed case law of the federal securities laws, Plaintiffs have chosen to plead their fraud allegations pursuant to a little used statute, D.C. Code § 31-5606.05. The complaint alleges no independent basis for this Court to exercise jurisdiction over this non-federal claim, asserting only pendent jurisdiction. Because Count I is unsustainable, however, it cannot provide a basis upon which to exercise pendent jurisdiction and, therefore, Count II should be dismissed on jurisdictional grounds. Count II is also defective on its face since it does not identify any statement as fraudulent or misleading, does not adequately plead that Plaintiffs were unaware of the supposed omission, or that the omission is material, and does not plead any facts tending to show any connection between the alleged omission and Plaintiffs' supposed "damages." Indeed, no damages are identified in the complaint.

The complaint acknowledges that Plaintiffs signed a contract requiring them to contribute $25 million to an investment fund (the "Partnership") organized and managed by certain Defendants. Rather than honoring their commitment, Plaintiffs apparently have chosen to initiate this lawsuit as a tactic to avoid their obligations. This action should be dismissed with prejudice.

## STATEMENT OF FACTS

According to the complaint, Plaintiffs are pension plans as defined by Section 3(3) of ERISA, 29 U.S.C. § 1002(3), as well as certain individual trustees of those plans. Compl. ¶¶ 2-8. The complaint acknowledges that the Plaintiff plans entered into a contract dated January 13, 2003, with "Defendants" to purchase $25 million of "securities." Compl. ¶ 15-18. The complaint does not allege that Plaintiffs have provided any level of funding.

2

The complaint states that an entity called Pension Fund Evaluations, Inc. ("PFE"), which is not named as a defendant, served as an "investment consultant, providing a variety of investment consulting and performance monitoring services to the [Plaintiff plans] as a fiduciary . . . ," Compl. ¶ 20, and "advised the [Plaintiff plans] on the decision to invest" with Defendants. Compl. ¶ 23. The complaint does not say what kind of "services" PFE provided, does not say that PFE was the only "consultant" to Plaintiffs, or even the chief consultant, does not say what advice PFE rendered in connection with "the decision to invest," or whether that advice (whatever it was) was followed by Plaintiffs. The complaint also does not state whether PFE continues to provide "services" to Plaintiffs.

The other two supposed fiduciaries are George Philipps and Gregory Philipps, who, like PFE, also are not named as defendants. Compl. ¶¶ 21-22. The complaint asserts that George Philipps, "during the relevant time period" (which is not defined), "exercised influence and control over PFE." Compl. ¶ 21. No facts are pled to support this conclusory assertion. Gregory Philipps, who is alleged to be George Philipps' son, is described as a "principal of PFE" during the undefined "relevant time period." Compl. ¶ 22.

The entirety of the allegations of wrongful conduct by Defendants consists of two conclusory sentences:

> Defendants conspired with George Philipps and paid him at least a one hundred and fifty thousand dollar ($150,000) fee to influence the decision to invest in the Partnership.
>
> Defendants intentionally and willfully chose not to disclose and/or deliberately concealed the existence of the relationship with, and payment to, George Philipps.

Compl. ¶¶ 24-25.

3

Absent from the complaint is any assertion that Defendants made any imprudent investment decisions, that any money has been lost, or that there is any causal connection between Defendants' alleged omission and any injury of any kind.

This is not the first complaint Plaintiffs have served on Defendants. On April 27, 2005, Plaintiffs served a similar complaint warning that it "will be filed in the near future." *See* Curnin Declaration ¶ 2.[1] No complaint was filed until the present complaint dated October 12, 2005. Similarly, on October 31, 2005, Plaintiffs' counsel threatened by email that they were "considering a motion for a preliminary injunction in the very near future," and demanded an immediate conference. Counsel for Defendants indicated that they were available to confer, and "would be interested in hearing why that application [for a preliminary injunction] is not frivolous." Plaintiffs' counsel subsequently advised Defendants that they were unable to confer. *See* Curnin Declaration, Ex. A.

## ARGUMENT

## I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN INDISPENSABLE PARTIES

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to move for the dismissal of any action for "failure to join a party under Rule 19." Rule 19 mandates the joinder of any party whose interest will be affected by the outcome of the action and whose presence is deemed necessary to facilitate the fair and efficient adjudication of the plaintiff's claim. *See Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274 (D.C. Cir. 1983). The Rule 19 analysis must be undertaken in view of "the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and

---

[1]    Plaintiffs do not allege when they first learned of the alleged omission, but given the existence of their draft complaint, they certainly knew of it by April 2005, at the latest, and if Plaintiffs or their agents learned of it earlier, their claim may be time-barred.

4

protecting the absent persons from the possible prejudicial effect of deciding the case without
them." 7 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1604 (3d ed.
2001). All three of these concerns are implicated when, as here, the person "whose obligation is
centrally at issue is missing from the action." *Cloverleaf*, 699 F.2d at 1279; *see also Bridges v.
Blue Cross & Blue Shield Ass'n*, 889 F. Supp. 502 (D.D.C. 1995).

        To succeed on their claim that Defendants knowingly participated in a breach of
fiduciary duty, Plaintiffs must first demonstrate that plan fiduciaries—here, allegedly PFE,
George Philipps and Gregory Philipps—breached their fiduciary duties. *Harris Trust & Sav.
Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 253 (2000). Thus, the conduct of PFE,
George Philipps and Gregory Philipps and their status as fiduciaries are "centrally at issue" here.
*Cloverleaf*, 699 F.2d at 1279.

## A.    The Alleged Fiduciary Breaches Committed by the Absent Parties Are at the Core of Plaintiffs' ERISA Claim

        The analysis begins under Rule 19(a) with an assessment of whether the absent
parties have a legally protected interest in the subject matter of the suit. *Ramah Navajo Sch. Bd.
v. Babbit*, 87 F.3d 1338, 1351 (D.C. Cir. 1996). PFE, George Philipps and Gregory Philipps all
have an interest in whether they are determined to be ERISA fiduciaries who have breached their
fiduciary duties. The burden of being determined to be an ERISA fiduciary can be significant
since the obligations imposed upon plan fiduciaries are "the highest known to law." *Sommers
Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.*, 793 F.2d 1456, 1468
(5th Cir. 1986) (citation omitted). Fiduciaries are personally liable for all losses stemming from
each breach and subject to co-fiduciary liability. 29 U.S.C. §§ 1105, 1109. Even if the
non-parties are not bound by *res judicata* or collateral estoppel in the event Plaintiffs prevail, as
a practical matter, their interests will be impaired. *See In re Bridge Info. Sys., Inc.*, 288 B.R. 548,

555 (Bankr. E.D. Mo. 2001) ("[a]n absent party whose interest will be affected by the outcome

of the action is a necessary party . . . even if the absent party is not technically bound by the

outcome of the action.") (citation omitted). Courts have held that the potential negative

implications of *stare decisis* in a subsequent action are sufficient reasons to compel a non-party's

joinder under Rule 19. *See, e.g., Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1201, 1204-05 (W.D.

Mo. 1993) (holding "a key consideration [on the Rule 19 motion] is the prejudice to defendants

[as] . . . an adverse result in this case against defendants would [] present *unfavorable precedent*

for the state court case. Although any such precedent would *not be binding, it would be

persuasive.*") (emphasis added); *Mara v. Burgdorf Realtors, Inc.*, 726 F. Supp. 1000, 1004 (E.D.

Pa. 1989) (holding absentee's joinder was necessary where "[a]s a practical matter, a decision of

this court, though only of persuasive value, would provide support in other litigation for

whatever position it espoused.").

Courts have repeatedly recognized the need to join absent parties whose interests

are implicated by a pending action. For example, in *Glades Pharm., LLC v. Call, Inc.*, Civ. A.

No. 04-4259, 2005 U.S. Dist. LEXIS 3696 (E.D. Pa. Mar. 9, 2005), the plaintiff alleged that the

defendant conspired with an absent party to misappropriate the plaintiff's copyrights and

tortiously interfere with its business relations. The court held that the absent party was necessary

to the action since his "interests will be adversely affected if Glades prevails in this litigation

because a favorable decision must be based on the legal conclusion that [the absent party]

misappropriated Glades' property, infringed on Glades' copyrighted material, and diverted

Glades' business opportunities." *Glades*, at *9-*10. Similarly, in *Laker Airways, Inc. v. British

Airways, PLC*, 182 F.3d 843 (11th Cir. 1999), the Eleventh Circuit held that an absent party was

necessary to the action where the plaintiff alleged that the defendant, a competing airline,

conspired with a non-party to restrain competition of passenger air service between London and Miami in violation of antitrust laws. The non-party was responsible for allocating time slots for landing and take-off at British airports. The court concluded that because "the gravamen of [the] complaint is that [the defendant] conspired with [the non-party] to prevent [the plaintiff] from being allocated desirable landing and take-off slots at Gatwick," resolution of the plaintiff's "antitrust claims necessarily require[s] that a court evaluate [the non-party's] conduct in relation to [the plaintiff], thereby substantially implicating [the non-party's] interests." *Id.* at 846, 848. The court then affirmed the district court's dismissal of the case for failure to join a necessary and indispensable party. *Id.* at 850-51.

The same concerns are present here. The adjudication of the rights and obligations of PFE, George Philipps and Gregory Philipps is "critical to the disposition of the important issues in the litigation," *id.* at 848, and their absence from this action "may, as a practical matter impair or impede the[ir] ability to protect th[eir] interest." FED. R. CIV. P. 19(a)(2)(i).

## B.    The Absent Parties Are Indispensable and the Complaint Should Be Dismissed if They Cannot Be Joined

Once it is determined that an absent person is a "necessary" party to the action under Rule 19(a)—as PFE, George Philipps and Gregory Philipps clearly are—the Court must determine whether that person's joinder is feasible, that is, whether the party is amenable to service of process and will not deprive the court of jurisdiction. If joinder is not feasible, Rule 19(b) instructs that the court "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." In making this determination, the Court should consider the following four factors: "(1) the plaintiff's interest in having a forum; (2) the defendant's interest

in avoiding inconsistent relief or multiple litigation; (3) the interest of the absent party in

protecting his rights; and (4) the interest in complete, consistent, and efficacious settlement of the

controversy." *Cloverleaf*, 699 F.2d at 1279 (citation omitted); *Provident Tradesmens Bank &*

*Trust Co. v. Patterson*, 390 U.S. 102, 109-112 (1968).[2]  Each of these factors weighs against the

continuation of this lawsuit in its present form.  Plaintiffs' interest in having a federal forum

would not be prejudiced by dismissal.  ERISA claims are subject to the exclusive jurisdiction of

federal courts.  *See* 29 U.S.C. § 1132(e)(1).  Thus, if it is ultimately determined that this Court

lacks personal jurisdiction over any indispensable party, Plaintiffs may re-file their ERISA claim

in the appropriate federal court.  PFE, George Philipps and Gregory Philipps each have a direct

interest in this Court's consideration of their fiduciary status and conduct.[3]  *See* 29 U.S.C. §§

1105, 1109; *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) (noting ERISA

fiduciaries are subject to "joint and several liability[] for *all* direct and consequential damages

suffered by the plan... [and] high insurance costs") (emphasis in original).  It is equally clear that

Defendants will be prejudiced if this action proceeds without the absent parties by being forced

to bear not only the burden of their own defense, but also that of the absentee alleged fiduciaries.

*See, e.g., Smith v. Am. Fed'n of Musicians*, 46 F.R.D. 24, 27 (S.D.N.Y. 1968).

　　　　　Finally, as trustees to the Funds, Plaintiffs are "obliged. . . to enforce claims" on

behalf of the Funds and initiate, as appropriate, suit against the absentees for the alleged

fiduciary breach.  *N.Y. State Teamsters Conf. Pension & Retirement Fund v. Boening Bros., Inc.*,

---

2       The analyses under Rule 19(a) and (b) overlap: "The inquiry as to prejudice under Rule 19(b) is
        the same as the inquiry under Rule 19(a)(2)(i) regarding whether continuing the action will impair
        the absent party's ability to protect its interest."  *Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d
        1491, 1498 n.9 (D.C. Cir. 1995) (citations omitted).

3       Plaintiffs have also failed to comply with Rule 19(c), which requires a plaintiff to explain the
        reasons for non-joinder of any party that falls within Rule 19(a).

8

92 F.3d 127, 132 (2d Cir. 1996) (quoting Restatement (Second) of Trusts § 177 (1959)); *see also*

*Varity Corp. v. Howe,* 516 U.S. 489, 496 (1996) ("recogniz[ing] that [ERISA] fiduciary duties

draw much of their content from the common law of trusts"). Thus, Plaintiffs may be required to

sue PFE or the Philippses. The resulting multiple lawsuits would result in an "unnecessary waste

of time [and judicial resources], efforts [by all parties], and costs of a second proceeding."

*Glades*, at *15-*16 (quotation omitted). Allowing separate lawsuits also raises the specter that

Defendants may be found liable in this case for participating in a fiduciary breach purportedly

committed by PFE, George Philipps and Gregory Philipps, and in a subsequent action these same

persons may be found *not* to be fiduciaries. Rule 19 was designed to avoid such inconsistent and

inequitable results.

Thus, all relevant considerations weigh against proceeding without PFE, George

Philipps and Gregory Philipps as parties, and equity demands their presence.

## II.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Under Rule 12(b)(6), dismissal is appropriate when a defendant shows "beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Bell v. Exec. Comm. of the United Food & Commercial Workers Pension Plan for

Employees*, 191 F. Supp. 2d 10, 15 (D.D.C. 2002) (quoting *In re Swine Flu Immunization Prods.

Liab. Litig.*, 880 F.2d 1439, 1442 (D.C. Cir. 1989)). In assessing whether a defendant has met

this standard, a court "need not accept inferences drawn by plaintiffs if such inferences are

unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276

(D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A.    **Count I Fails to Plead Facts Supporting an Inference of Fiduciary Status**

As Plaintiffs allege *no facts* to show that (1) any relevant person is or was an

ERISA fiduciary, (2) any fiduciary breached its duties, or (3) assuming a breach, that Defendants

participated in that breach with actual knowledge, Count I should be dismissed for failure to state

a claim.

In every case for breach of fiduciary duty under ERISA, the "threshold question"

is whether the plaintiff has demonstrated that someone was "acting as a fiduciary (that is, was

performing a fiduciary function) when taking the action subject to complaint." *Pegram v.*

*Herdrich*, 530 U.S. 211, 226 (2000). On a motion to dismiss, the burden of answering this

question falls on Plaintiffs, and it may not be satisfied by merely tracking the statutory language,

as the complaint does here. *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (granting

motion to dismiss when "complaint lack[ed] any specific allegations capable of demonstrating

that" the defendant was a fiduciary), *quoted in Bell*, 191 F. Supp. 2d at 16 n.10; *see also*

*Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F. Supp. 1478, 1488 (D. Mass. 1989)

(dismissing conclusory allegation of fiduciary status under ERISA where complaint "supplied no

factual allegations to support the assertion that [the defendant] possessed or exercised such

power.").

The definition of fiduciary is, in relevant part, as follows:

[A] person is a fiduciary with respect to a plan *to the extent* (i) he
exercises any discretionary authority or discretionary control
respecting management of such plan or exercises any authority or
control respecting management or disposition of its assets, (ii) he
renders investment advice for a fee or other compensation, direct
or indirect, with respect to any moneys or other property of such
plan, or has any authority or responsibility to do so, or (iii) he has
any discretionary authority or discretionary responsibility in the
administration of such plan.

10

29 U.S.C. § 1002(21)(A) (emphasis added). ERISA "does not describe fiduciaries simply as administrators of the plan, or managers or advisers. Instead it defines an administrator, for example, as a fiduciary only 'to the extent' that he acts in such a capacity in relation to a plan." *Pegram*, 530 U.S. at 225-226 (quoting 29 U.S.C. § 1002(21)(A)). In other words, mere titles or labels are insufficient to demonstrate fiduciary status. The test is a *functional* one. And so, the Court must be able to "discern from . . . [the] complaint the functions that [the fiduciary] allegedly performed." *Custer*, 89 F.3d at 1162.

Plaintiffs allege no facts identifying the role played by PFE. The complaint merely identifies PFE as an "investment consultant and monitoring firm" that "advised the Funds on the decision to invest" with Defendants. Compl. ¶¶ 23, 28. The complaint pleads no facts as to the identity of *any* PFE personnel who provided "services" to the plans, the nature of those "services," whether PFE was Plaintiffs' only or primary investment consultant, what advice PFE provided, or whether the plans followed PFE's advice. Department of Labor regulations make clear that a person who provides investment advice to a plan governed by ERISA is a fiduciary "only when they offer advice as to 'the value of securities or other property, or make recommendation[s] as to the advisability of investing in, purchasing, or selling securities or other property.'" *Toomey v. Jones*, 855 F. Supp. 19, 24-25 (D. Mass. 1994) (quoting 29 C.F.R. § 2510.3-21). The complaint does not allege that PFE provided such advice.

Moreover, to be a fiduciary, "such a person *must also have 'discretionary authority or control* . . . with respect to purchasing or selling securities or other property for the plan.'" *Toomey*, 855 F. Supp. at 25 (emphasis added) (quoting 29 C.F.R. § 2510.3-21); *Schloegel v. Boswell*, 994 F.2d 266, 271 (5th Cir. 1993) (citation omitted) ("[m]ere influence over the trustee's investment decisions... is not effective control over plan assets" to give rise to

fiduciary liability). The complaint fails to allege that PFE has any "discretionary authority or control" of any kind with respect to the Plaintiff plans. *See Redall Indus., Inc. v. Wiegand*, 878 F. Supp. 1026, 1031 (E.D. Mich. 1995) (absent a showing of "discretionary control," "discretionary responsibility," or "final decision making authority," investment advisor is not an ERISA fiduciary). Accordingly, the complaint does not properly plead that PFE is a fiduciary.

The allegations that George and Gregory Philipps are fiduciaries are entirely derivative of PFE's supposed fiduciary status, and, since the complaint fails to allege that PFE itself was a fiduciary, no relationship with PFE can suffice to make the Philippses fiduciaries. The allegations as to George and Gregory Philipps are also individually defective. Gregory Philipps is alleged to have been a "principal" of PFE. Compl. ¶ 22. It is well-settled that an officer's position with a company by itself cannot give rise to ERISA liability. *See In re WorldCom ERISA Litig.*, 263 F. Supp. 2d 745, 757 (S.D.N.Y. 2003); 29 C.F.R. § 2509.75-8, Questions D-4 and D-5 (2003) (questions and answers relating to fiduciary responsibility under ERISA, prepared by the Department of Labor). To "permit an inference of control from these relations alone would vitiate the notion of limited fiduciary responsibility established by the 'to the extent' language of ERISA § 3(21)(A)." *Sommers*, 793 F.2d at 1460. Rather, a plaintiff must allege specific facts from which it can be inferred that the principal or officer "exercised sufficient discretionary authority and control to be deemed an ERISA fiduciary and thus personally liable for a fiduciary breach." *In re Enron Corp. Sec. Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 569-570 (S.D. Tex. 2003) (citing *Bell*, 191 F. Supp. 2d at 15).

With respect to George Philipps, the complaint does not even allege that he was associated with PFE in any way. The complaint simply concludes "George Philipps, during the

12

relevant time period, exercised influence and control over of the activities of PFE." Compl. ¶
29. It is difficult to conceive of more perfunctory and deficient pleading.

**B.    The Complaint Fails to Plead That Defendants Acted with Actual Knowledge**

The complaint also fails to plead "knowing participation" by *each* Defendant in a
fiduciary breach. To assert a claim against a nonfiduciary under § 502(a)(3) for knowing
participation in a fiduciary breach, a plaintiff must plead actual or constructive knowledge as to
each defendant individually, and may not rely upon "group pleading" to sustain the claim. *See,
e.g., Keach v. U.S. Trust Co.*, 245 F. Supp. 2d 941, 945 (C.D. Ill. 2003) ("[T]he knowledge
necessary to establish the liability of a non-fiduciary party-in-interest must be determined on an
individual basis and cannot be based on what some other party knew.") (citing *Harris Trust*, 530
U.S. at 250-52).

Except to identify them as parties to the action, *see* Compl. ¶¶ 9-12, the complaint
makes only collective reference to Defendants. To the extent a plaintiff may sustain a claim
against a nonfiduciary on the basis of "constructive knowledge," Rule 8(a)'s notice pleading
requirement still must be satisfied to "afford [the] defendant sufficient notice of the
communications [and conduct] complained of to enable him to defend himself." *In re Vivendi
Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 158, 164 (S.D.N.Y. 2003) (citing *Kelly v.
Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)). Relying on "guilt by association is insufficient."
*Keach*, 245 F. Supp. 2d at 945 (citing *Harris Trust*, 530 U.S. at 250-52).

**III.    THERE IS NO BASIS FOR PENDENT JURISDICTION OVER COUNT II**

The complaint asserts that this Court has pendent jurisdiction over Count II under
28 U.S.C. § 1367. Compl. ¶ 13. Because Count I is subject to dismissal, however, for the
reasons stated above, there is no basis on which to assert pendent jurisdiction. *United Mine
Workers v. Gibbs*, 383 U.S. 715, 726 (1966). As the Supreme Court has held, "when the federal-

13

law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Griffin v. Acacia Life Ins. Co.*, 151 F. Supp. 2d 78, 82 (D.D.C. 2001) (declining to exercise supplemental jurisdiction when federal law claims dismissed); *IDT Corp. v. eGlobe, Inc.*, 140 F. Supp. 2d 30, 36 (D.D.C. 2001) (same).

## IV.   THE FRAUD CLAIM IS WHOLLY DEFICIENT AND SHOULD BE DISMISSED

In order to state a cause of action under D.C. Code § 31-5606.05(a)(1)(B), a plaintiff must allege: (1) the offer or sale of a security; (2) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; (3) that the purchaser does not know of the untruth or omission; and (4) that the defendant cannot prove it did not know, or in the exercise of reasonable care could not have known, of the untruth or omission.

In addition, because Count II is a fraud claim, it must comply with Federal Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). Under Rule 9(b), Plaintiffs must plead with particularity "the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994) (citation and quotation omitted); *Bennett Enter., Inc. v. Domino's Pizza, Inc.*, 794 F. Supp. 434, 436-37 (D.D.C. 1992) (citation omitted). Rule 9(b) requires Plaintiffs to plead *particularized facts* demonstrating the "who, what, when, where and how with respect to the circumstances" of the purported fraud. *In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68, 73 (D.D.C. 2004) (citation omitted); *see also In re Alcatel*

14

*Sec. Litig.*, 382 F. Supp. 2d 513, 530-31 (S.D.N.Y. 2005) (a complaint must "(1) specify the statements that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.") (citation omitted). Rule 9(b) is designed to "provide fair notice to defendants of the claims against them, to prevent attacks on defendants' reputations when the claim for fraud is unsubstantiated, and to prevent plaintiffs from bringing strike suits purely for their settlement value." *Shields v. Washington Bancorporation*, Civ. A. No. 90-1101 (RCL), 1992 WL 88004, at *4 (D.D.C. Apr. 7, 1992). It also aims to deter claims filed as a "pretext for the discovery of unknown wrongs." *Kowal*, 16 F.3d at 1279 n.3 (citation omitted).

In a lawsuit alleging an omission, a "threshold requirement" is the presence of an "affirmative statement that is made misleading by the material omission." *In re Union Carbide Class Action Sec. Litig.*, 648 F. Supp. 1322, 1326 (S.D.N.Y. 1986); *Zucker v. Quasha*, 891 F. Supp. 1010, 1014 (D.N.J. 1995) ("to state a cause of action [under Section 12], a plaintiff must identify 'an affirmative statement that is made misleading by the material omission.'") (citation omitted).[4] This obligation stems from the fact that a defendant is not required to disclose all known information, but only has to disclose information that is "necessary in order to make the statement made . . . not misleading." D.C. Code § 31-5606.05(a)(1)(B). *See also Zucker*, 891 F. Supp. at 1014.

Here, the Plaintiffs allege that Defendants purportedly omitted a material fact, but fail to connect this alleged omission to any statement that was rendered misleading by the omission. Instead, Plaintiffs simply parrot the statutory language:

---

[4]     Because there is little case law analyzing the D.C. Code § 31-5606.05, the Court may look to decisional authority construing the parallel federal securities law provision, Section 12(a)(2) of the 1933 Securities Act, 15 U.S.C. § 77l(a)(2), on which D.C. Code § 31-5606.05 was modeled.

> Defendants, in offering to sell, and selling the securities/
> partnership interest described above omitted to state a material fact
> necessary in order to make the statements made, in light of the
> circumstances under which they were made, not misleading.

Compl. ¶ 43. This allegation tells Defendants (and the Court) nothing, and Defendants are left

wondering what allegedly misleading statement could have been cured by the purported

omission. *See, e.g., Lasky v. Shearson Lehman Bros., Inc.*, 139 F.R.D. 597, 598-99 (S.D.N.Y.

1991) (dismissing allegations that "merely state the factual and legal conclusions necessary to

prevail on the merits and are unsupported by facts."); *In re Union Carbide*, 648 F. Supp. at 1326

(holding that Section 12 securities fraud claim must be dismissed because it "fails to identify any

oral statement or statement made in a prospectus that is made misleading by one of the

omissions").

The complaint similarly omits to plead facts indicating the "when" or the "where"

of the supposed misstatement. It fails to present anything but the most broad of time frames, *i.e.*,

before the Subscription Agreement, for the purported omission. *See, e.g., Bennett Enter.*, 794 F.

Supp. at 437 (complaint failed under 9(b) for failing to include, among other things, allegations

of when misrepresentations were made); *Sanderson v. Roethenmund*, 682 F. Supp. 205, 207-08

(S.D.N.Y. 1988) (same).

The complaint also fails to identify who made the putative statement and to whom

the alleged and unidentified misrepresentations were communicated. The complaint simply

alleges in general terms that "Defendants" omitted a material fact. *See, e.g.,* Compl., ¶ 43

("*Defendants* . . . omitted to state a material fact . . . "). Rule 9(b) does not permit this type of

vague, generalized pleading. *See, e.g., Bennett Enter., Inc.*, 794 F. Supp. at 437 (stating that a

complaint must "allege which individual made the misrepresentation"); *Lasky,* 139 F.R.D. at 598

(stating that 9(b) required that plaintiff identify the person responsible for the alleged omission,

and where there were multiple defendants, requiring that acts complained of by each defendant be set forth separately in the complaint).

Plaintiffs also must plead particular facts demonstrating that it did not know of the alleged omission. Here, the complaint alleges only that the "Funds had no knowledge of the relationship between Defendants and George Philipps at the time they entered into the Subscription Agreement with Defendants." Compl. ¶ 48. "Funds" is defined as the name Plaintiffs. Compl. ¶ 1. However, the complaint does not assert that no one at the Funds, including their prior leadership, had no relevant knowledge of the omission. And the complaint certainly does not allege that Plaintiffs' "advisor" PFE (or any of its other advisors) had no knowledge – which indeed would be a curious allegation since the complaint alleges that George Philipps and Gregory Philipps are father and son. Nor does the complaint say how Plaintiffs learned of the supposed omission.

The complaint also fails to explain how the alleged failure to disclose a fee to George Philipps was material to Plaintiffs' investment decision. *See* D.C. Code § 31-5606.05(a)(1)(B) (plaintiff must allege a misstatement of a "material fact or omission to state a material fact"); s*ee also In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 586 (S.D.N.Y. 2005) (stating that "[m]ateriality is . . . a required element for claims under both § 11 and § 12(a)(2)"); *Geiger v. Solomon-Page Group, Ltd.*, 933 F. Supp. 1180, 1184 (S.D.N.Y. 1996) (same). Perhaps not surprisingly, the complaint is also entirely silent with respect to how the alleged omission caused Plaintiffs any injury – or even whether any injury in fact exists.[5]

---

[5]     Nor do Plaintiffs allege the statutory jurisdictional predicate to D.C. Code § 31-5606.05; that either (i) the sale or offer to sell the security was *made* in the District of Columbia, or (ii) that the offer to purchase the security was *made* and *accepted* in the District. D.C. Code § 31-5608.01(a).

17

Courts in this Circuit confronted with similarly deficient allegations have consistently granted motions to dismiss. *See, e.g., In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d at 82 (dismissing 12(a)(2) claim for failing to plead allegations with particularity pursuant to Rule 9(b)); *Bennett Enter., Inc.*, 794 F. Supp. at 437 (dismissing fraud claim pursuant to Rule 9(b) that did not allege who made the allegedly fraudulently representations, when those statements were made, and to whom the misrepresentations were communicated); *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 255 (D.D.C. 2004) (granting motion to dismiss when plaintiff's allegation leaves defendant "clueless as to the time, place, and content of its alleged misrepresentations or omission"). The allegations in this complaint should fare no better.

## V.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The pending complaint is Plaintiffs' second effort at pleading a sustainable case. They first served a complaint in April of 2005. Plaintiffs have had ample time to put the best possible face on their allegations and yet they remain woefully inadequate. There is no reason to believe a third effort will fare any better. There is no reason to permit them to put a further burden on Defendants or the Court.

18

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss

this action with prejudice.

November 7, 2005                    Respectfully submitted,

                                   By:    /s/
                                          Kevin J. Arquit, #438511
                                          Paul C. Curnin, *pro hac vice* pending
                                          SIMPSON THACHER & BARTLETT LLP
                                          425 Lexington Avenue
                                          New York, New York 10017
                                          (212) 455-2000

                                          *Counsel for Defendants*