IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al. | ) | |
| | ) | |
| PLAINTIFFS, | ) | Civ. No. 1:05CV02019 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| LEEDS WELD EQUITY PARTNERS IV, L.P., et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

By:    /s/ Maydad Cohen
James R. O'Connell (D.C. 61424A)
Maydad D. Cohen (D.C. 474204)
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041—Telephone
(202) 362-2640—Facsimile

*Attorneys for Plaintiffs*

Dated:  November 21, 2005

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ................................................................................................4

    A.    The Parties ........................................................................................................4

            1.    *Plaintiffs* .......................................................................................4
            2.    *Defendants* ...................................................................................5

    B.    The Breaching Fiduciaries .................................................................................5

            1.    *Pension Fund Evaluations, Inc.* .......................................................5
            2.    *George W. Philipps* ........................................................................5
            3.    *Gregory Philipps* ..........................................................................6

    C.    The Commitment of $25 Million to the Partnership.............................................7

ARGUMENT ...................................................................................................................8

I.    THE FIDUCIARIES ARE NOT NECESSARY PARTIES UNDER RULE 19.................................8

    A.    The Rule 12(b)(7) and 19(a) Standards ..............................................................8

    B.    PFE, Gregory Philipps and George Philipps Are Not Necessary
        Parties to This Action Under Rule 19(a)..............................................................9

            1.    *PFE, Gregory Philipps and George Philipps Are Not Necessary*
                    *Parties Because They Do Not Have a Legally Sufficient Interest*
                    *in the Subject Matter of the Suit*.............................................10

            2.    *PFE, Gregory Philipps and George Philipps Are Not Prejudiced*
                    *By Not Being Named to This Suit*............................................14

            3.    *PFE, Gregory Philipps and George Philipps, As Breaching*
                      *Fiduciaries, Are Jointly and Severally Liable with Defendants and*
                      *Are Not Necessary Defendants for a Knowing Participation Claim* ........17

    C.    If PFE, Gregory Philipps or George Philipps Are Considered Necessary
        Parties By This Court, Their Joinder is Feasible and Dismissal
         Would be Improper ..........................................................................................19

II.    THE COMPLAINT PROPERLY STATES A CLAIM FOR
       DEFENDANTS' KNOWING PARTICIPATION IN A FIDUCIARY'S
       BREACH OF FIDUCIARY DUTY UNDER *HARRIS TRUST* ........................................20

       A.    The Rule 12(b)(6) and 8(a)(2) Standards.............................................20

       B.    The Complaint Adequately Alleges All the Requisite Elements
             to Make a Claim Against the Defendants for Knowingly
             Participating in a Breach of Fiduciary Duty Under *Harris Trust* ........................22

             1.    *The Complaint Adequately Alleges That PFE, Gregory Philipps
                   and George Philipps Are Fiduciaries to the Plaintiffs* .............................23

             2.    *The Complaint Adequately Alleges That PFE, Gregory Philipps
                   and George Philipps Breached Their Fiduciary Duty* .............................26

             3.    *The Complaint Adequately Alleges that the Defendants Had Actual
                   or Constructive Knowledge of the Breach of Fiduciary Duty By
                   PFE, Gregory Philipps and George Philipps* .......................................27

III.   THE COMPLAINT PROPERLY STATES A CLAIM FOR DEFENDANTS'
       VIOLATION OF D.C. CODE § 31-506.05 ...........................................................28

       A.    The Complaint Adequately Alleges All the Requisite Elements
             to Make a Claim Against the Defendants for a Violation of
             D.C. Code § 31-506.05 .........................................................................28

       B.    Supplemental Jurisdiction Over Count II is Proper ...............................31

       C.    Dismissal With Prejudice is Not Proper ...............................................32

CONCLUSION.......................................................................................................33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al. | ) | |
| | ) | |
| PLAINTIFFS, | ) | Civ. No. 1:05CV02019 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| LEEDS WELD EQUITY PARTNERS IV, L.P., et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Trustees of the United Association Local Union Officers and Employees Pension Fund, the United Association General Officers Retirement and Pension Fund, and the United Association Office and Employees Pension and Retirement Fund, and individual trustees William P. Hite, Patrick R. Perno, Stephen F. Kelly and Bradley M. Karbowsky (collectively "Plaintiffs" or "Funds"), by and through counsel, hereby submit this Memorandum in Support of their Opposition to Defendants' Motion to Dismiss

### PRELIMINARY STATEMENT

The crux of the Complaint is that Defendants hired as a third party marketer or finder, George Philipps, a felon who had very recently pled guilty to the payment of kickbacks, bribes or gratuities to union pension plan trustees, to market or sell interests in their new investment fund to pension plans, including the Plaintiff Funds, and that this material fact was never disclosed to the Plaintiffs prior to their investing in the Defendants' new investment fund.    Federal law allows for equitable relief (notably, the rescission of the investment contract), if it can be proved that the actions by the Defendants amount to a knowing participation in a fiduciary's breach of

fiduciary duty.   Plaintiffs' state law securities claim also allows for equitable relief as well as damages.

The list of possible wrongdoers that could be made parties to this suit under one theory or another is long.  Defendants complain that the failure to join the fiduciary or fiduciaries that are alleged to have breached their duty to the Plaintiffs is a violation of Rule 19 in that the breaching fiduciaries are necessary parties to a lawsuit against a knowing participant in that breach.  That argument fails to adequately take into account that knowing participants are jointly and severally liable with the breaching fiduciaries and that under established case law, jointly and severally liable parties are not necessary parties under Rule 19.   In short, Plaintiffs may affirmatively choose, as they have in this case, to sue only the knowing participants to the fiduciary breach.

Plaintiffs recognize that they *could* have brought suit against one or more of the breaching fiduciaries in this lawsuit.  Service would not have been difficult.  Their inclusion would not have deprived this court of jurisdiction or venue.  Nor was a limitations statute or any other similar matter at issue.  After some consideration, Plaintiffs concluded that the breaching fiduciaries were not necessary parties and since they were incapable of providing the relief sought—rescission of the contract—their inclusion in the lawsuit as defendants would simply complicate matters.  It was only after careful consideration of the complexities and costs added to any lawsuit by a scattershot approach, as well as the likelihood of any significant recovery against any particular individual, that it was decided to distill this lawsuit to its essence and name as the defendants only those entities necessary to provide the relief sought--rescission of the investment contract.

Plaintiffs recognize that simply because the breaching fiduciaries are not defendants in this lawsuit does not mean that the Plaintiffs will not have to establish that a fiduciary breach

occurred as an element to the knowing participation claim. Nor does it not mean that the breaching fiduciaries will not play a role in the action as witnesses. It only means that they will not be parties to the case, and as such will not be bound by the legal determination made by this Court. If Defendants have a claim against these alleged necessary fiduciaries, they may implead those parties pursuant to Rule 14 of the Federal Rules of Civil Procedure. Additionally, if the breaching fiduciaries believe they will be prejudiced by a ruling of this Court, they can apply to intervene under Rule 24.

The Complaint contains, as is required by the Federal Rules of Civil Procedure, a relatively "short and plain statement of the claim showing that" the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a)(2). This too was part of the Plaintiffs' desire not to make things unnecessarily complex. The Federal Rules of Civil Procedure require only "notice" pleading-- that is, sufficient statements for the Defendants to be on notice of the claims being made against them and the general basis of that claim.[1] As fully set forth below, the Complaint filed in this case meets that standard.

Defendants ask the Court not only for dismissal of the Complaint but dismissal *with prejudice*. Dismissal with prejudice is not appropriate relief to be granted under these circumstances. Plaintiffs respectfully submit that even if the Court determines that that the joinder of more parties is required by Rule 19, the joinder of those parties is feasible and could

---

[1] Defendants complain that the Complaint is insufficient to provide them notice of the claim. We note that they themselves cite to a "substantively" similar draft complaint "served" on them several months ago, which was covered by a letter detailing the factual basis of the draft complaint and what the Plaintiffs believed discovery would likely show. (Defendants' Memo in Support of Motion to Dismiss at 4.) This correspondence was an attempt by the Plaintiffs to resolve this matter short of litigation. The Plaintiffs consider any litigation a serious matter and everyone, the plaintiffs, the defendants, the judicial system and the general public is better served when parties can avoid it. It is for the same reason that they have not sued persons "involved" in the Defendants' actionable misconduct that may be liable to the Plaintiffs under other theories of liability when the relief that is sought can only be provided by these named Defendants.

be accomplished easily.  Similarly, in the event the Court finds that the Complaint is defective

for any other reason, then dismissal of the Complaint with prejudice would not be appropriate.

## STATEMENT OF FACTS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court is typically limited to the

facts as alleged in the Complaint.  In ruling on a dismissal for lack of joinder of an indispensable

party under Rule 12(b)(7), however, a court may go outside the pleadings and look to extrinsic

evidence. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).  The following is a brief statement

of the relevant facts in this case.

### A.    The Parties

#### 1.    Plaintiffs

Plaintiffs include three pension plans, (1) the United Association Local Union Officers and

Employees Pension Fund, (2) the United Association General Officers Retirement and Pension

Fund, and (3) the United Association Office and Employees Pension and Retirement Fund.

(Complaint ¶¶ 2-4.)  Additional Plaintiffs include four individual trustees of the various Funds: (1)

William P. Hite, (2) Patrick R. Perno, (3) Stephen F. Kelly, and (4) Bradley M. Karbowsky

(collectively all Plaintiffs will be referred to as "Funds" or "Plaintiffs").  (Complaint ¶¶ 5-8.)

Plaintiffs Hite and Kelly are currently trustees of all Plaintiff Funds.  Plaintiff Perno is currently a

trustee of Plaintiff United Association General Officers Retirement and Pension Fund and

Plaintiff United Association Office Employees' Retirement and Pension Fund.  Perno is also a

former trustee the Plaintiff United Association Office Employees' Retirement and Pension Fund.

Plaintiff Karbowsky is currently a trustee of Plaintiff United Association Local Officers and

Employees Pension Fund.

    2.      **Defendants**

Defendant Leeds Weld Equity Partners IV, L.P. ("the Partnership") is a Delaware limited partnership and Defendant Leeds Weld Equity Associates IV, LLC is the Partnership's General Partner. (Complaint ¶¶ 9, 10.)    Defendant Leeds Weld IV Advisors, LLC, acts as an advisor to the Partnership.  (Complaint ¶ 11.)  The last Defendant, Leeds Equity Advisors, Inc., is Leeds Weld IV Advisors, LLC's Managing Member.  (Complaint ¶ 12.)

    B.      **The Breaching Fiduciaries**

    1.      **Pension Fund Evaluations, Inc.**

Pension Fund Evaluations, Inc. ("PFE"), an investment consultant registered with the Securities and Exchange Commission, provided a variety of investment consulting and performance monitoring services to the Plaintiffs. (Complaint ¶ 20.)

PFE was responsible for, among other things, monitoring the Funds's investment performance and investment managers and providing performance reports addressing rates of return and risk of the Funds's investments, and comparing the Funds's investments to appropriate market indices and databases.  PFE was a fiduciary to each of the Funds, as defined in Section 3(21) of ERISA, and expressly acknowledged its fiduciary status to the Funds in each of its agreements with Plaintiff Funds.  One of the keys to the Complaint is that PFE owed the Plaintiffs a fiduciary duty, and therefore, breached that duty by its failure to disclose to the Plaintiffs that George Philipps was being paid a fee for his role in the marketing of the Partnership.

    2.      **George W. Philipps**

For many years, George W. Philipps ("Philipps") owned (in whole or in substantial part) and controlled PFE.  He personally provided services to the clients of PFE including the

Plaintiffs. (Complaint ¶ 21.)  Upon information and belief, George Philipps allegedly transferred his ownership interest in PFE to his son, Gregory Philipps, sometime in June 2002.  George Philipps, however, continued to exercise influence and control over PFE, and was a fiduciary as that term is defined by ERISA. (Complaint ¶ 21.)

On December 18, 2001, the United States Attorney for the District of Massachusetts charged Philipps with one criminal count of paying  kickbacks to the trustees of one of PFE's pension fund clients in violation of 18 U.S.C. §§ 1954 and 2. *See U.S. v. Philipps*, Crim. No. 1:01-CR-10460-NG-1 (D. Mass.).  Philipps made tens of thousands of dollars of cash payments to members of the boards of trustees of his client pension funds. *Id.*  On October 9, 2002 Philipps was sentenced to four months of home detention and two years probation.  *Id.*  Philipps was also required to make restitution and fined $10,000. *Id.*  The Judge concluded that there were several factors that warranted that Philipps's sentence be mitigated such as his age, health, and alcohol and drug problems, as well as the fact that payments made by Philipps to the pension plan trustees were more of a "gratuity" than a bribe, at least under the sentencing guidelines.  *Id.* Upon information and belief, Philipps began his incarceration on or about November 10, 2002 and completed it on March 10, 2003.  Upon information and belief, Philipps remained on probation until November 10, 2004.

One of the keys to the Complaint is that George Philipps owed the Plaintiffs a fiduciary duty, and therefore, breached that duty by his failure to disclose to the Plaintiffs that he was being paid a fee for his role in the marketing of the Partnership.

### 3.    Gregory Philipps

Gregory Philipps is George Philipps's son. (Complaint ¶ 22.)  He personally provided services to the clients of PFE, including the Plaintiffs, and by virtue of doing so, he exercised

influence and control over PFE and was a fiduciary to the Funds as that term is defined by ERISA. (Complaint ¶ 22.) One of the keys to the Complaint is that Gregory Philipps owed the Plaintiffs a fiduciary duty, and therefore, breached that duty by his failure to disclose to the Plaintiffs that George Philipps was being paid a fee for his role in the marketing of the Partnership.

**C.    The Commitment of $25 Million to the Partnership**

At some point in mid-2002, Defendants began marketing the interests in the Partnership to the Plaintiff Funds. Plaintiffs allege that while Defendants were marketing the Partnership to Plaintiff Funds, and during the time that PFE was an investment consultant to the Funds, the Defendants contracted with George Philipps to help them in marketing the Partnership interests to the Plaintiff Funds. Defendants promised to pay Philipps a fee if the Funds ultimately decided to invest in the Partnership. (Complaint ¶ 24.)

In October 2002, at a Board of Trustees meeting for Plaintiff Funds, it was decided by the trustees to invest assets of the Funds in the Partnership pending a review of the prudence of such an investment by Columbia Partners, a registered investment advisor already generally familiar with the Funds and the Partnership offering. Gregory Philipps attended this meeting on behalf of the Funds' investment consultant, PFE.

On or about January 13, 2003, Plaintiff Funds entered into a contract (the "Subscription Agreement") with Defendants to purchase from Defendants certain securities. (Complaint ¶¶ 15-18.) Specifically, Plaintiff United Association Local Officers and Employees Pension Fund agreed to commit twenty two million dollars ($22,000,000); Plaintiff United Association General Officers Retirement and Pension Fund agreed to commit two million dollars ($2,000,000); and

Plaintiff United Association Office Employees' Retirement and Pension Fund agreed to commit one million dollars ($1,000,000) to the Partnership.

## ARGUMENT

### I.    THE FIDUCIARIES ARE NOT NECESSARY PARTIES UNDER RULE 19.

#### A.    The Rule 12(b)(7) and 19(a) Standards.

Rule 19 of the Federal Rules of Civil Procedure establishes a three-step procedure for determining whether an action must be dismissed because of the absence of a party needed for a just adjudication.  "First, the court must determine whether the absent party is 'necessary' to the litigation according to factors enumerated in Rule 19(a); if so, the court must order that the absent party be joined."  *Cherokee Nation of Oklahoma v. Babbitt*, 117 F.3d 1489, 1496 (D.C. Cir. 1997).  An absent party will be deemed necessary

> if without it (1) "complete relief cannot be accorded among those already parties," or (2) the absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [that party's] absence may" either "(i) as a practical matter impair [that] person's ability to protect that interest or (ii) leave [the remaining] parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest."

*Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 50 (D.D.C. 2003) (citing Fed. R. Civ. P. 19(a)).

Second, the Court must determine whether joining the necessary party is feasible.  If a necessary party *cannot* be joined, the court must turn to the third step, examining the factors in Rule 19(b) to determine whether in equity and good conscience, the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable. *Cherokee Nation of Oklahoma*, 117 F.3d at 1496.  In *Primax Recoveries, Inc.*, 260 F. Supp. 2d at 50, the court explained that:

> If a party should be joined under Rule 19(a), but joinder of the missing party is not feasible, the Court must consider under Rule 19(b) "whether in equity and good conscience the action should proceed among the parties before it," or whether it should be dismissed, "the absent person being thus regarded as indispensable."

(citing *Provident Tradesman Bank & Trust, Co. v. Patterson*, 390 U.S. 102, 118 (1968)).

As demonstrated below, Defendants' motion to dismiss must be denied because PFE, George Philipps and Gregory Philipps are not necessary parties. Moreover, even if the Court deems these parties to be necessary, their joinder is feasible and the Court need only order their joinder in this litigation, and thus the Court need not reach the analysis under Rule 19(b).

### B. PFE, Gregory Philipps and George Philipps Are Not Necessary Parties to This Action Under Rule 19(a).

In their Motion to Dismiss pursuant to Rule 12(b)(7), Defendants have alleged that PFE, Gregory Philipps and George Philipps "all have an interest in whether they are determined to be ERISA fiduciaries who have breached their fiduciary duties" for purposes of Plaintiffs' claim of knowing participation in a fiduciary breach against Defendants. Accordingly, Defendants suggest that PFE, Gregory Philipps and George Philipps are necessary parties under Fed. R. Civ. P. 19(a) because their status as fiduciaries is at issue in this matter. Plaintiffs are apparently not claiming that PFE, Gregory Philipps and George Philipps are necessary under Rule 19(a)(1), which requires joinder when "complete relief cannot be accorded among those already parties, …." This is likely due to the fact that the relief sought, namely the equitable relief of rescission of the investment contract, can only be accorded by the named Defendants. Neither PFE, Gregory Philipps nor George Philipps can provide the Plaintiffs with the equitable relief requested. Those non-parties cannot rescind the investment contract.

Plaintiffs also do not appear to claim that failure to join PFE, Gregory Philipps and George Philipps will subject the Defendants "to a substantial risk of incurring double, multiple or

otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).

Plaintiffs sole basis for claiming that PFE, Gregory Philipps and George Philipps are "necessary"

is based on Rule 19(a)(2)(i), which requires a finding that the absent party has "an interest

relating to the subject of the action and is so situated that the disposition of the action in [that

party's] absence may … as a practical matter impair [that] person's ability to protect that

interest…"   Even this single requirement does not compel a conclusion that PFE, Gregory

Philipps and George Philipps are necessary parties in this case.

Moreover, PFE, Gregory Philipps and George Philipps should not be considered

necessary parties because they are jointly and severally liable with the breaching fiduciaries.  It is

axiomatic that Plaintiffs need not join joint tortfeasors whose liability is joint and several.

Finally, in the event that PFE, Gregory Philipps and George Philipps are found by this Court to

be necessary parties, their joinder is feasible and dismissal of the Complaint would not be

appropriate.

### 1.    PFE, Gregory Philipps and George Philipps Are Not Necessary Parties Because They Do Not Have a Legally Sufficient Interest in the Subject Matter of the Suit.

In Defendants' attempt to allege that PFE, Gregory Philipps and George Philipps are

necessary, Defendants misstate the requirements under Rule 19(a)(2)(i).  Defendants begin by

correctly conceding that non-parties PFE, Gregory Philipps and George Philipps will not be

bound by *res judicata* or collateral estoppel in the event this Court finds that the non-parties

breached their respective fiduciary duty.  (Defendants' Memo in Support of the Motion to

Dismiss at 5.)  Defendants then cite four cases for the proposition that, nonetheless, the non-

parties' interests will be impaired because another court could consider this Court's

determination of a breach as "persuasive precedent." (*Id.* at 5-6.)  Plaintiffs fail to cite a number

of cases which have specifically rejected that analysis. *See, e.g. Janney Montgomery Scott v. Shepard Niles,* 11 F.3d 399, 411 (3d Cir. 1993) ("The district court erred in holding that the mere possibility that its decision in the present action would be a 'persuasive precedent' in any subsequent action against [the absent person] could, as a practical matter, impair or impede [the absent person's] interests under Rule 19(a)(2)(i)."); *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 218-220 (E.D. Mich. 1995) (same). In *Janney*, the court explained:

> We are not sure what the district court means by the phrase "persuasive precedent." To the extent it involves the doctrine of *stare decisis,* we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever "feasible." Such a holding would greatly expand the class of "necessary" or compulsory parties Rule 19(a) created. Moreover, to whatever extent the rule's phrase "as a practical matter impair or impede" had broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate than the effect a judgment in [plaintiff's] favor would have on [the absent party] here.... In any event, we do not believe any possibility of a "persuasive precedent" requires joinder under section 19(a)(2)(i).

*Janney*, 11 F.3d at 407. This Court should similarly reject Defendants' argument that court's finding of a breach of fiduciary duty, which is merely one element to be proved in Plaintiffs' knowing participation claim, would be "persuasive precedent" as to any case against the non-parties for their breach. Thus, since neither PFE, Gregory Philipps nor George Philipps are parties to this litigation, none would be prejudiced by a finding by this Court that they breached their fiduciary duty. To hold to the contrary would greatly expand the class of necessary parties under Rule 19. Moreover, the proper analysis is not whether PFE, Gregory Philipps and George Philipps have a general interest in some potential liability, but whether the judgment may impair or impede their interest in the subject matter of this suit.

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667 (11th Cir. 1982) is illustrative on this point. In that case, a situation remarkably similar to the case at bar, albeit

11

not involving ERISA, the court determined that the breaching fiduciary was not a necessary party to a case against a knowing participant. There, as in the instant case, plaintiffs sought rescission of a contract between themselves and the Defendants, the knowing participants. The court focused on the possible prejudice to the absent party and explained that the alleged breaching fiduciary "unquestionably has an interest in this litigation inasmuch as any recovery by [plaintiff] against [defendant] necessarily would be based on a finding that [the fiduciary] breached his fiduciary duty to [plaintiff] and was aided by his brother and [the other defendant]." *Id.* at 670. The court noted that because the fiduciary is not a party to the suit he will not be legally bound by the court's judgment, however, even if the fiduciary was not legally bound by its decision, the court must determine whether "the judgment as a practical matter [may] impair or impede his ability to protect his interest in the subject matter." *Id.* (quoting *Provident Tradesman Bank & Trust, Co. v. Patterson*, 390 U.S. 102, 110 (1968)). The fiduciary was not a necessary party because the fiduciary did not have an "interest in the subject matter of the suit, *i.e.* the lease. Hence, judgment against [the defendant] for cancellation of the lease and an accounting would have no effect, practical or otherwise, on [the fiduciary]." *Id.* at 671. Similarly, any decision by this Court regarding whether or not PFE, Gregory Philipps or George Philipps breached their respective fiduciary duties will not bind these non-parties. Moreover, neither PFE, Gregory Philipps nor George Philipps have an interest in the subject matter of this suit, namely the investment in the Partnership. Rescission of the investment agreement, the relief sought by Plaintiffs in this case, will have no effect whatsoever on PFE, Gregory Philipps and George Philipps. Therefore, they are not necessary parties.

Defendants cite to *Glades Pharm., LLC v. Call Inc.*, Civ. No. 04-4259, 2005 U.S. Dist. LEXIS 3696 (E.D. Pa. Mar. 9, 2005) and *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d

843 (11th Cir. 1999) in an attempt to find the non-parties necessary. The cases, however, are easily distinguished. They are first distinguished in that they ignore cases like *Janney Montgomery Scott,* 11 F.3d at 411, which Plaintiffs believe should be followed by this Court. They are also distinguished because the non-parties in those cases were joined due to the fact that they had an interest in the subject matter of the suit. For example, in *Laker Airways*, the court found that a significant interest existed for the non-party because the resolution of the antitrust suit will "inevitably comment on the neutrality and independence of the [slot allocation] policy." 182 F.3d at 848. The court's holding is based on an allegation that the non-party was an "active participant" in the allegations that are "critical to the disposition of the important issues in the litigation." *Id.* While Defendants attempt to focus the Court's attention on the actions taken by PFE, Gregory Philipps and George Philipps, they fail to note that the subject matter of the suit is not the breach of fiduciary duty by the non-parties, but rather Plaintiffs' investment in the Partnership. As discussed above, PFE, Gregory Philipps and George Philipps have no real interest in the determination by the Court as to whether Plaintiffs may have the investment contract rescinded. Thus, a determination of whether PFE, Gregory Philipps and George Philipps breached their fiduciary duty is not the true subject matter of this suit, and therefore, they cannot be considered necessary parties.

In *Intercept Sec. Corp. v. Code Alarm, Inc.*, 164 F.R.D. 215, 219 (E.D. Mich. 1995), the court explained that "Defendant has failed to explain how the absent persons here have a legally protected interest in this case that could be harmed, legally or otherwise, by a judgment in their absence. Defendant has offered no support for his suggestion that the installer or owners, if not joined, could be limited in their ability either to bring a lawsuit against the plaintiff or defendant, or to defend themselves against a lawsuit by the defendant or plaintiff." Similarly, in *Pujol v.*

*Shearson/American Express, Inc.,* 877 F.2d 132, 136 (1st Cir. 1989) (Breyer, J.), the court states that:

> The mere fact ... that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party. Given the vast range of potential insults and allegations of impropriety that may be directed at non-parties in civil litigation, a contrary view would greatly expand the universe of Rule 19(a) necessary parties. It is therefore not surprising that cases interpreting Rule 19 consistently hold that such "slandered outsiders" need not be joined.

Defendants have failed to adequately state how exactly PFE, Gregory Philipps and George Philipps could be harmed in this case. At worst, this Court will have found that they have breached their fiduciary duty. Nothing in that holding would bind those non-parties. Moreover, nothing in such a holding would limit their ability to sue or be sued by the Plaintiff Funds and Defendants in this case. Defendants have failed to meet their burden in this case, and therefore, the Motion should be denied.

## 2. PFE, Gregory Philipps and George Philipps Are Not Prejudiced By Not Being Named Parties to This Suit.

Plaintiffs note that while not specifically mentioned, Defendants appear to argue that PFE, Gregory Philipps and George Philipps will be prejudiced by not being named as parties to this lawsuit. First, Plaintiffs recognize that whether named as parties or not, PFE, Gregory Philipps and George Philipps will be individuals and entities involved in the litigation. That fact, however, cannot be used in an attempt to make them necessary parties. *Costello Pub. Co. v. Rotelle*, 670 F.2d 1035, 1044 (holding that need to obtain evidence from entity or individual is not a factor bearing on whether a party is necessary).

Second, PFE, Gregory Philipps and George Philipps will not be prejudiced in this case because any possible prejudice could adequately be dealt with under either Rule 14 or Rule 24. Thus, PFE, Gregory Philipps and George Philipps could easily protect themselves from any

prejudice to an alleged interest by intervening in this suit under Rule 24 of the Federal Rules of Civil Procedure. In fact, a number of courts have treated the ability to intervene as a factor that weighs against a finding of indispensability under Rule 19. *See, e.g., United States v. Exxon Corp.*, 94 F.R.D. 252, 259 (D.D.C. 1981) (denying motion to dismiss for failure to join indispensable parties in part because of absent parties' opportunity to intervene). *See also Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 2005 U.S. App. LEXIS 7213, **6, 129 Fed. Appx. 540, 542-43 (11th Cir. 2005) (finding that advisory committee notes to Rule 19 suggest that opportunity to intervene are "relevant"); *Takeda v. N.W. Nat'l Life Ins. Co.*, 765 F.2d 815, 820 n.5 (9th Cir. 1985) ("An absent party's opportunity to intervene may be considered in calculating the prejudicial effect to him."); *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998) (same); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 636 (1st Cir. 1989) (finding that an absent party's ability to intervene is a proper consideration in the indispensability determination); *Burger King Corp. v. Am. Nat'l Bank & Trust Co.*, 119 F.R.D. 672, 678 (N.D. Ill. 1988) (noting that "an absent person's decision to forgo intervention indicates that he does not deem his own interests substantially threatened by the litigation").

If Defendants believe *they* may be prejudiced because they may have claims against PFE, Gregory Philipps or George Philipps, they have a right under Rule 14 to attempt to implead those parties. It is noted, however, that even if the Defendants have a right of contribution against PFE, Gregory Philipps or George Philipps due to their status as joint tortfeasors, that right does not necessarily make those parties indispensable. In *Park v. Didden*, 695 F.2d 626, 632 (D.C. Cir. 1982), the court explained that:

> Didden suggests that proceeding without his co-lessors may undermine his right to contribution from them. These protests lose all force in light of the protection Rule 14 places within his grasp. Under that Rule, Didden may implead the absentees as persons 'who [are] or may be liable to him for all or part of the

plaintiffs' claims against him.' The district court would have ancillary jurisdiction over impleaded parties, thus their joinder would not destroy diversity jurisdiction. *Cf. Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503, 505 (7th Cir. 1980) (parties who may be impleaded under Rule 14 are never indispensable under Rule 19(b)).

Lastly, a plain reading of *Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000) suggests that only the non-fiduciary that knowingly participates in a breach of fiduciary duty is a proper defendant because that party is the only party that can properly provide the equitable relief that *Harris Trust* allows. As Defendants point out in their Motion to Dismiss, Plaintiffs' knowing participation claim is founded on *Harris Trust*. The Court in that case held that a private cause of action for equitable relief existed against a non-fiduciary that either had actual or constructive knowledge of a fiduciary breach and knowingly participated in the fiduciary breach. *Id*. at 251.

*Harris Trust* makes clear that only equitable relief is available for a knowing participation claim. Because the Plaintiff Funds seek only rescission of the investment, a form of equitable relief, only the Defendants, as the parties signatory to the investment contract, were sued. Neither PFE, nor Gregory Philipps, nor George Philipps can provide this remedy to Plaintiffs and therefore should not be considered necessary parties to this action under Rule 19(a).

Any other reading of *Harris Trust* would be strained. Defendants essentially argue that while the Supreme Court created the cause of action under ERISA common law for a knowing participation claim, it also mandated that plaintiffs include as parties in such a claim the alleged breaching fiduciary. Nothing in *Harris Trust* suggests such a reading, nor have any cases decided since *Harris Trust* required such joinder. In fact, *Harris Trust* indicates that only the knowing participant, the party that can provide the required equitable relief, be sued. *Id*. at 253

("[A]n action for restitution against a transferee of tainted plan assets" is "appropriate equitable relief" within the meaning of ERISA § 502(a)(3)). Therefore, Defendants are proper parties in this case and can provide the equitable relief sought by the Plaintiffs. Neither PFE, nor Gregory Philipps, nor George Philipps are required to be named as defendants in this matter.

> **3.** **PFE, Gregory Philipps and George Philipps, As Breaching Fiduciaries, Are Jointly and Severally Liable With Defendants And Are Not Necessary Defendants for a Knowing Participation Claim.**

The courts considering an ERISA knowing participation claim prior to *Harris Trust* held that a non-fiduciary could be sued for a knowing participation in a fiduciary's breach of its fiduciary duty. *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1220 (2d. Cir. 1987); *Herman v. Solidarity of Labor Organizations Health & Welfare Fund*, Civ. No. 95-7247, 1999 U.S. Dist. LEXIS 8780, *12 (S.D.N.Y. June 9, 1999) (citing *Lowen*, 829 F.2d at 1220); *New York State Teamsters Council Health & Hosp. Fund v. Estate of DePerno*, 816 F. Supp. 138, 150 (N.D.N.Y. 1993); *Donovan v. Schmoutey*, 592 F. Supp. 1361, 1396 (D. Nev. 1984). Liability for the knowing participant was joint and several as between the fiduciary and the non-fiduciary. *Herman*, 1999 U.S. Dist. LEXIS at *12; *Donovan*, 592 F. Supp. at 1396. The presence of this joint and several liability is one reason that the breaching fiduciaries were found to be unnecessary parties.

That a breaching fiduciary is not a necessary party in this action stems from the long recognized principle that when liability as between tortfeasors is joint and several, a plaintiff need not bring his action against all who are jointly and severally liable to him. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (also stating that nothing in Rule 19 changes that principle); *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667 (11th Cir. 1982) (finding that breaching fiduciary was not a necessary party for a knowing participation claim); *Costello*

*Pub. Co. v. Rotelle*, 670 F.2d 1035, 1043 & n.11 (D.C. Cir. 1981) ("it is well established that a suit for infringement is analogous to other tort actions and infringers are jointly and severally liable; hence plaintiff need sue only such participants as it sees fit."); Fed. R. Civ. P. 19(a) Advisory Committee Note ("[A] tortfeasor with the usual joint-and-several-liability is merely a permissive party to an action . . ."). *Cf. Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 30 n.30 (2005) ("The Sudan defendants do not cite any law for the proposition that the organization that allegedly committed the terrorist act in a 'material support' case must be joined in a lawsuit, and the law is to the contrary.") (citations omitted).

Finally, it has also been widely held within the context of ERISA, that in the analogous situation of co-fiduciary liability in which all the breaching fiduciaries are jointly and severally liable, Plaintiffs need not sue each of the co-fiduciaries. *Struble v. N.J. Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 332 (3d Cir. 1984) (unsued trustees were not indispensable parties for fiduciary duty action since multiple trustees may be held jointly and severally liable); *District 65 Retirement Trust v. Prudential Securities, Inc.*, 925 F. Supp. 1551 (N.D. Ga. 1996); *Jennings v. Pierce*, No. 93-C-2539, 1995 U.S. Dist. LEXIS 2385 (N.D. Ill. Feb. 27, 1995).

In *District 65*, the defendants moved to dismiss under Rule 12(b)(7) for plaintiff's failure to join co-fiduciary defendants under ERISA for claims alleging fiduciary liability. 925 F. Supp. at 1551.  After determining that co-fiduciary liability is joint and several, the court held that the plaintiffs were "entitled to bring actions against some of the breaching parties without bringing actions against all" of the breaching parties.  *Id*. at 1565 (citing *Struble*, 732 F.2d at 332). The court further held that a "[r]eveiw of Rule 19 and 20 [of the Federal Rules of Civil Procedure] makes it clear that the parties are not indispensable parties simply because they may be jointly and severally liable [with the other defendant-fiduciary parties]." *Id*.  The foregoing establishes

18

that because the Defendants' liability to the Plaintiffs is joint and several with that of the breaching fiduciaries, Plaintiffs may elect to sue only the Defendants and a motion under Federal Rule of Civil Procedure 12(b)(7) may not be used to disturb that election.

It follows, therefore, that a plaintiff – as the master of his complaint – may choose to sue only a knowing participant to a breach of fiduciary duty. Defendants are proper parties in this case, in fact they are the only parties that can provide the Plaintiffs with the equitable relief requested, and neither PFE, Gregory Philipps nor George Philipps are necessary parties because all are jointly and severally liable for the alleged breaches with the Defendants who knowingly participated in the breaches. Thus, Defendants' motion should be denied.

### C.    If PFE, Gregory Philipps or George Philipps are Considered Necessary Parties by this Court, Their Joinder is Feasible And Dismissal Would be Improper.

The foregoing demonstrates that the breaching fiduciaries are simply not "necessary parties" under Rule 19(a). That should end the inquiry. Should the Court disagree, however, the next step in the analysis, and the one seemingly bypassed by the Defendants in their argument, is whether joinder of PFE, Gregory Phillips and George Philipps is feasible. The issue is whether their presence would deprive the court of jurisdiction. *Ilan-Gat Engineers, Ltd., A.G./S.A. v. Antigua Int'l Bank*, 659 F.2d 234, 240-241 (D.C. Cir. 1981). As shown below, joinder is feasible and their presence would not deprive the Court of jurisdiction in this case.

Plaintiffs' theory of recovery against the Defendants for their knowing participation in a fiduciary breach was explicitly recognized as an available cause of action under ERISA § 502(a)(3) in *Harris Trust*, 530 U.S. 238. As with any other action under this section of ERISA, "the district courts of the United States shall have exclusive jurisdiction." ERISA § 502(e), 29 U.S.C. § 1132. Jurisdiction also rests with this court under 28 U.S.C. § 1331, which provides

district courts with jurisdiction over all civil action arising under the Constitution, laws, or treaties of the United States. In matters where the court's jurisdiction is based on the existence of a federal question, there is no issue as to whether parties deemed necessary under Rule 19(a) may be made parties to the action. *Burgess v. Grupo Antolin Ingenieria, S.A.*, 226 F.R.D. 293, 298 (E.D. Mich. 2005) (motion to dismiss under Rule 12(b)(7) moot because court had federal jurisdiction over the matter); *see also Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003) (court "need not worry" about the joinder of parties under Rule 19 depriving the court of jurisdiction where federal question jurisdiction existed over the action).

Thus, should the Court determine that the breaching fiduciaries are necessary, their joinder would not deprive the court of jurisdiction over the matter; therefore, the Court need not make the final determination required by Rule 19(b), whether in equity and good conscience the matter can proceed between the Plaintiffs and the current Defendants.

## II. THE COMPLAINT PROPERLY STATES A CLAIM FOR DEFENDANTS' KNOWING PARTICIPATION IN A FIDUCIARY'S BREACH OF FIDUCIARY DUTY UNDER *HARRIS TRUST*.

### A.  The Rule 12(b)(6) and 8(a)(2) Standards.

A Rule 12(b)(6) motion to dismiss does nothing more than test the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To meet this test, a complaint need only set forth a plain statement that gives the defendants fair notice of the claim against them and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir 2003). The Plaintiff's complaint does not have to plead all of the elements of his prima facie case, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory." *Krieger v. Fadley*, 211 F.3d 134,

136 (D.C. Cir. 2000). Accordingly, a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). Thus, in resolving a 12(b)(6) motion, the court must treat the complaints factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003). Under these standards, the Defendants' motion must fail.

While Defendants' motion is generally based on Rule 12(b)(6), it basically argues that the Complaint should be dismissed because it does not meet the notice pleading requirements of Rule 8(a)(2). As demonstrated below, the motion should be denied because the Complaint contains a short and plain statement of the claims against the Defendants to which Defendants understand and can frame a response. The Defendants simply seek more detail as to the allegations made. Under the Federal Rules of Civil Procedure, however, details as to properly pled allegations are left to discovery. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (stating that "'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claims and defenses and to define more narrowly the disputed facts and issues."); *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980) (Rule 8 "requires only that plaintiff's charges be set forth in a short and concise statement, …. The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure. Such additional information is now available through the liberalized discovery provisions.").

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(e)(1) provides that "each averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to ensure that courts and adverse parties can understand a claim and frame a response to it. The D.C. Circuit has explained that:

> [T]o require a high degree of factual or legal particularity in order for a complaint to survive a 12(b)(6) motion would conflict with the notice pleading requirements of Rule 8(a) that are reflected throughout the Federal Rules of Civil Procedure…[A] cornerstone of the Federal Rules of Civil Procedure, and Rule 8 in particular, was to establish a regime of *notice* pleading rather than one of *fact* pleading.

*Woodruff v. DiMario*, 197 F.R.D. 191, 194 (D.D.C. 2000); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998) ("[A] plaintiff need not allege all of the facts necessary to prove its claim so long as it provides enough factual information to make clear the substance of that claim."); *Atchinson v. District of Columbia*, 73 F.3d 418, 421-22 (D.C. Cir. 1996) ("A complaint…need not allege all that a plaintiff must eventually prove."). Rule 8(a)(2) and 12(b)(6), therefore, work together.

### B.    The Complaint Adequately Alleges All the Requisite Elements To Make A Claim Against the Defendants for Knowingly Participating in a Breach of Fiduciary Duty Under *Harris Trust*.

As discussed earlier, the Court in *Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000) explicitly recognized a cause of action under ERISA § 502(a)(3) against a knowing participant in a fiduciary breach. "[A]n action for restitution against a transferee of tainted plan assets" is "appropriate equitable relief" within the meaning of ERISA § 502(a)(3)." *Id.* at 253. As one court explained, "[t]he Court's meaning in *Harris Trust* is clear: § 502(a)(3) liability does not hinge 'on whether the particular defendant labors under a duty expressly imposed by the substantive provisions of ERISA Title I,' rather it hinges on whether he knowingly participated in a fiduciary's breach of a substantive provision of ERISA." *Daniels v.*

*Bursey*, 313 F. Supp. 790, 808 (N.D. Ill. 2004) (citing *Harris Trust*, 530 U.S. at 249).  Thus, to adequately allege a cause of action under *Harris Trust*, a plaintiff need only allege: (1) the existence of a fiduciary relationship between themselves and another party; (2) the fiduciary's breach of that relationship; and (3) actual or constructive knowledge in that breach by the defendant against whom the plaintiff seeks equitable relief.   All three elements have been properly alleged in the Complaint pursuant to Rule 8(a)(2).

> **1.      The Complaint Adequately Alleges That PFE, Gregory Philipps and George Philipps Are Fiduciaries to the Plaintiffs.**

Defendants argue that Plaintiffs have failed to plead facts that demonstrate that PFE, Gregory Philipps or George Philipps can be considered a "fiduciary" as that term is defined in ERISA and that, accordingly, Count I should be dismissed for failure to state claim upon which relief can be granted. In light of the flexible and fact intensive concept of who constitutes a "fiduciary" under ERISA and the liberal pleading requirements under Rule 8(a), this argument is baseless.

It is typically premature to determine an entity's fiduciary status at the motion to dismiss stage of the proceedings. *In re AEP ERISA Litigation*, 327 F. Supp. 2d 812, 827 (S.D. Ohio 2004); *In re Electronic data Systems Corp. ERISA Litigation*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004).  This is due to the fact that the issue of fiduciary status is a mixed question of law and fact. *Kramer v. Smith Barney*, 80 F.3d 1080, 1084 n.2 (5th Cir. 1996) (citations omitted).

Moreover, "fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 284 F. Supp. 2d 511, 544 (S.D. Tex. 2003).  Thus, in light of the flexible and fact-intensive concept of a fiduciary under ERISA, Rule 8(a)'s liberal notice pleading requirements, and the infant stage of the litigation when 12(b)(6) motions are presented, courts are generally reluctant to dispose of

ERISA claims based on the absence of exacting factual averments respecting the existence of a entity's fiduciary status. *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) ("an ERISA complaint need do little more than track the statutory definition to establish a defendant's fiduciary status in compliance with Rule 8") (internal quotations omitted); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 827 (S.D. Ohio 2004) ("[T]his Court subscribes to the view that fiduciary status is a fact-intensive inquiry, making the resolution of that issue inappropriate for a motion to dismiss."); *In re Xcel Energy, Inc.*, 312 F. Supp. 2d 1165, 1180-81 (D. Minn. 2004) (questions of fiduciary status and capacity are ill-suited to resolution on Rule 12(b)(6) motion); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1228  (D. Kan. 2004) (it is premature to determine scope of fiduciary duties and whether particular defendant acted in fiduciary capacity on motion to dismiss); *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 759-60 (S.D.N.Y. 2003) (holding sufficient allegations of fiduciary status that did "little more than track the statutory definition of a fiduciary[,]" and rejected defendant's argument that "boilerplate and conclusory allegations" of fiduciary status were insufficient to state a claim under Rule 8).

In light of Rule 8(a)'s liberal notice pleading requirements and the case law cited above, Plaintiffs have adequately alleged sufficient facts to provide Defendants with notice that PFE, Gregory Philpps and George Philipps are "fiduciaries" as that term is defined under ERISA. With respect to PFE, Plaintiffs alleged that "PFE was the Funds's investment consultant, providing a variety of investment consulting and performance monitoring services to the Funds as a fiduciary as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21)." (Complaint ¶ 20).  This allegation mirrors the language in ERISA, which provides that a fiduciary renders investment advice "with respect to any moneys or other property" of a plan and

is sufficient in and of itself to survive Defendants' Motion to Dismiss. *See, e.g. In re Polaroid ERISA Litig.*, 362 F. Supp. 2d at 470 ("an ERISA complaint need do little more than track the statutory definition to establish a defendant's fiduciary status in compliance with Rule 8"). The Complaint also incorporates ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), into the allegations, thereby demonstrating that PFE received a "fee or other compensation" for the investment advice it rendered to the Plaintiffs. This allegation also satisfies the definition of a "fiduciary" under Department of Labor Regulations. *See* 29 C.F.R. § 2510.03-21 ("fiduciary" offers "advice as to the value of securities or other property , or make[s] recommendation[s] as to the advisability in investing in, purchasing, or selling securities or other property."). Therefore, Defendants' assertion that Plaintiffs failed to plead facts supporting an inference of fiduciary status with respect to PFE or failed to identify "the role played by PFE" is incorrect.

Defendants' contentions that Gregory Philipps and George Philipps are not fiduciaries are similarly defective. As explained above, Plaintiffs properly alleged that PFE was a fiduciary under ERISA, and therefore, Gregory and George Philipps can be fiduciaries by way of their relationship with PFE. *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1156 (9th Cir. 2000) ("where, as here, a committee or entity is named as the plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves fiduciaries and cannot be shielded from liability by the company."); *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1459-61 (9th Cir.) (corporate officers liable as fiduciaries on the basis of their conduct and authority with respect to ERISA plans whether or not they are acting on behalf of the corporation or outside their authority.) *cert. denied* 516 U.S. 914 (1995). Plaintiffs allege that George Philipps "exercised influence and control over PFE and was a fiduciary to the Funds" and that "Greg Philipps was a principal of PFE and was a fiduciary to the Funds." (Complaint ¶¶ 29, 22).

25

These allegations are sufficient to allege that Gregory Philipps and George Philipps, by way of their affiliation with PFE, were fiduciaries to the Funds. The Court should, therefore, deny Defendants' Motion to Dismiss for failure to plead facts necessary to support an inference of fiduciary status with respect to PFE, Gregory Philipps and George Philipps.

> **2.** **The Complaint Adequately Alleges That PFE, Gregory Philipps and George Philipps Breached Their Fiduciary Duty.**

As fiduciaries, PFE, Gregory Philipps and George Philipps had a duty to act in the sole and exclusive interest of the Plaintiffs' participants and beneficiaries. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1); *NLRB v. Amax Coal Co.,* 453 U.S. 322, 329 (1981). This fiduciary duty includes the duty to disclose material information. *Eddy v. Colonial Life Ins. Co.,* 919 F.2d 747, 750 (D.C. Cir. 1990) ("the duty to disclose material information is the core of a fiduciary's responsibility, animating the common law of trusts long before the enactment of ERISA. At the request of a beneficiary (and in some circumstances upon his own initiative), a fiduciary must convey complete and correct material information to a beneficiary."); *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993) ("This duty to inform is a constant thread in the relationship between fiduciary and trustee; it entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful."). In paragraphs 31, 33 and 35 of the Complaint, Plaintiffs appropriately allege that PFE, Gregory Philipps and George Philipps breached that duty by failing to disclose the financial arrangement between Defendants and George Philipps.

> **3.** **The Complaint Adequately Alleges That the Defendants Had Actual of Constructive Knowledge of The Breach of Fiduciary Duty By PFE, Gregory Philipps and George Philipps.**

Defendants' knowing participation can be established through actual or constructive knowledge of the circumstances that rendered the transaction unlawful. *Harris Trust*, 530 U.S.

at 251. Tracking the language of *Harris Trust,* Plaintiffs have alleged that "Defendants had actual or constructive knowledge" of the fiduciary breaches of PFE, Gregory Philipps and George Philipps. (Complaint ¶¶ 32, 34, 36.)  Defendants suggest that this is insufficient because of an alleged failure by the Plaintiffs to "plead knowing participation by *each* Defendant in a fiduciary breach" (emphasis supplied).  It is Defendants' contention that for a knowing participation claim under ERISA § 502(a)(3), a "plaintiff must plead actual or constructive knowledge as to each defendant individually, and may not rely upon 'group pleading' to sustain the claim. (Defendants' Memo in Support of the Motion to Dismiss at 13.)  Relying on the case of *Keach v. U.S. Trust Co.*, 245 F. Supp. 2d 941, 945 (C.D. Ill. 2003), Defendants allege that Plaintiffs allegations which impute "constructive knowledge" upon Defendants fail to satisfy the pleading requirements of Rule 8(a).  Defendants' reliance on *Keach*, however, is misplaced.

Significantly, *Keach* was decided at the summary judgment stage, after lengthy discovery, where the standard for adjudication on the merits under Rule 56(c) is considerably different than the standard for dismissal under Rule 12(b)(6).[2]  Moreover, it was only after the plaintiffs in *Keach* provided "no support" whatsoever that the defendant had the "requisite knowledge to support a finding of liability" for knowingly participating in a fiduciary breach that the court granted the defendant's motion for summary judgment. *Id.*  As the court in *Keach* stated "[i]t is not the responsibility of this Court to root through the record . . . to determine whether there is a factual basis for the assertion that . . . Defendant had the requisite knowledge to support a finding of liability." *Id.*   *Keach*, therefore, is inapposite to the case at bar.

---

[2] Rule 56(c) provides that summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Other than *Keach* the Defendants have not supplied any other support for their argument that Plaintiffs have failed to meet the pleadings requirements of Rule 8(a). As shown, reliance on *Keach* is misplaced and cannot satisfy the Defendants' burden to show "beyond doubt" that the Plaintiffs cannot establish the Defendants' knowing participation in the breach of fiduciary duty committed by PFE, Gregory Philipps or George Philipps. Accordingly, Count I of the Plaintiffs' Complaint should not be dismissed for failure to state a claim.

## III.    THE COMPLAINT PROPERLY STATES A CLAIM FOR A VIOLATION OF D.C. CODE § 31-506.05.

### A.    The Complaint Adequately Alleges All the Requisite Elements to Make a Claim Against the Defendants for a Violation of D.C. Code § 31-506.05.

Count II of the Complaint alleges a violation of D.C. Code § 31-506.05. Plaintiffs contend that the Defendants' failure to inform them that George Phillips received a fee from the Defendants constitutes a material omission on the part of the Defendants in the sale of securities in the District of Columbia. Defendants contend that because this portion of the Complaint "sounds in fraud" it must be plead in accordance with the standards of Rule 9(b) of the Federal Rules of Civil Procedure. Defendants are incorrect.

There is little or no case law interpreting section 31-5606.05 of the D.C. Code. As Defendants point out, the language of the D.C. statute mirrors that of section 12(2) of the Securities Act, 15 U.S.C. § 77l. Defendants argue that the Court should, therefore, look to cases interpreting that provision in analyzing whether the Plaintiffs have failed to allege any set of facts, construed in the light most favorable to them, which would preclude them from recovering on this count of their Complaint. See *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

To recover on a claim premised on Section 12(2), a plaintiff need only prove that there was a material misstatement in the prospectus or oral communication. *In Re NationsMart Corp. Sec. Litig.*, 130 F.3d 309, 318 (8th Cir. 1997). Unlike other claims involving securities law violations, fraud and scienter are not elements of a Section 12 claim. *Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1034 (2d Cir. 1980).[3] In addition, a plaintiff need not prove reliance on the prospectus or oral statement. *Austin v. Loftsgaarden*, 675 F.2d 168, 176 n.16 (8th Cir. 1992). The lack of fraud as an element of a Section 12 claim renders allegations that sound in fraud "mere surplusage" and cannot serve as the basis for a dismissal for failure to comply with the enhanced pleading requirements of Federal Rule of Civil Procedure 9(b). *NationsMart*, 130 F.3d at 315; *see also Vess v. Ciba-Ceigy Corp.*, 317 F.3d 1097, 1104-05 (9th Cir 2003); *Lone Star Ladies, Inc. v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Thus, whether the Plaintiffs' Complaint sounds in fraud or not, the appropriate inquiry is whether under the plain notice requirements of Rule 8 it has stated the elements of a claim based on section 12(2) and consequently, under D.C. Code Section 31-5606.05. *In re Tyco International Securities Litigation*, 2004 U.S. Dist. LEXIS 20733, * 49 (D.N.H. 2004) ("Even if I assume, as defendants insist, that fraud lies at the core of plaintiffs' claims, I would not dismiss otherwise sufficient claims under § 12(a)(2) merely because they fail to plead fraud with particularity. Instead the proper remedy for a failure to comply with rule 9(b) would be to strike any deficient allegations and then assess the sufficiency of the remaining allegations.").

---

[3] This is not the case for a claim alleging a violation of section 10(b) of the Securities Exchange Act, where not only are fraud and scienter essential elements, they must be set forth consistent with the exacting pleading standards of the PLRSA. *See Kowal v. MCI Communications*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *IDT Corp. v .eGlobe, Inc.*, 140 F. Supp. 2d 30, 33 (D.D.C. 2001). This distinction between a claim under section 10(b) and section 12(2) renders many of the cases relied upon by the Defendants in their motion to dismiss inapposite.

A violation of section 12(2) is established by showing that the defendant offered or sold a security; by the use of any means or communication in interstate commerce; through a prospectus of oral communication; by making a false or misleading statement of material fact or by omitting a to state a material fact.  Plaintiff must also show that it did not know of the untruth or omission and that the defendant knew or could have in the exercise of reasonable care could have known of the untruth or omission. *Wright v. National Warranty Co. LP.*, 953 F.2d 256, 262 (6th Cir. 1992).   Taking away the requirement of the use of interstate commerce, an element not included in the D.C. statute, Plaintiffs' complaint alleges all of the remaining elements.  *See* Complaint ¶ 15 (Plaintiffs purchased certain securities from Defendants); *id.* ¶ 47 (Defendants intentionally and willfully chose and/or deliberately concealed and omitted from the Funds the existence of their financial arrangement with George Philipps); *id.* ¶ 48 ("The Funds had no knowledge of the relationship between Defendants and George Philipps at the time they entered into the Subscription Agreement with Defendants."); *id.* ¶ 32 (Defendants knew that Plaintiffs had not been informed of George Philipps' financial arrangement with the Defendant).

The existence of a financial arrangement between the Defendants and George Philipps was material to the Plaintiffs' decision to purchase the securities in question.  The Court has held that a fact is material if "a reasonable [investor] would consider it important in making an investment decision or if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as significantly altering the total mix of information made available." *TSC Industries v. Northway*, 426 U.S. 438, 449 (1976); *see also SEC v. Gen. Refractories Co.*, 400 F. Supp. 1248, 1257 (D.D.C. 1975) (material information is "that to which a reasonable man would attach importance in determining his choice of action in the transaction.").  Reasonable persons could conclude that the payment of fees to a person who

was or is affiliated with a financial consultant retained by the investor is material information.

Thus, the Defendants' failure to inform the Plaintiffs of their financial arrangement with George

Philipps constituted an omission of a material fact.  This is the lynchpin of a claim under either

section 12(2) or DC's state law counterpart.  Accordingly, Plaintiffs have stated a claim for relief

and the Defendants' motion to dismiss this portion of the Plaintiffs' Complaint should be denied.

### B.    Supplemental Jurisdiction Over Count II is Proper.

28 U.S.C. § 1367 confers discretionary supplemental jurisdiction on a federal court to

adjudicate state law claims that arise from "a common nucleus of operative fact" so that a

plaintiff "would ordinarily be expected to try them all in one proceeding." *United Mine Workers*

*v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Women Prisoners of District of Columbia Dept. of*

*Corrections v. District of Columbia*, 93 F.3d 910, 921 (D.C. Cir. 1996) (28 U.S.C. § 1367

"essentially codifies" *Gibbs*).  In exercising this discretion, a court is to consider the following

factors: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity.  *Edmondson &*

*Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995).  All of these

factors militate toward the Court asserting supplemental jurisdiction over the Plaintiffs' state law

claim.   Both the federal claim and the state law claim will necessarily focus on what the

Defendants knew and when they knew it.  Facts and testimony elicited will be applicable to both

and it would be a significant waste of judicial resources to have simultaneous parallel

proceedings. Convenience is not really a consideration because Plaintiffs' state law claim would

also be filed in the District of Columbia.  Thus, to the extent the Defendants because of their

New York location are "inconvenienced" by having to litigate in the District of Columbia, the

burden of inconvenience is the same, whether they litigate in state or federal court.  Accordingly,

because the Plaintiffs have conclusively demonstrated that this court does indeed have

jurisdiction over their ERISA claim, the court should reject the Defendants' urging to decline to exercise supplemental jurisdiction over the Plaintiffs' claim founded on state law.

### C.    Dismissal With Prejudice is Not Proper.

Defendants argue that the Complaint should be dismissed with prejudice because it is the "Plaintiffs second effort at pleading a sustainable cause" and that Plaintiffs "first served a complaint in April of 2005." (Defendants' Memo in Support of the Motion to Dismiss at 18.) Defendants are simply wrong on both points.  The term service, as it relates to a complaint, is a term of art and can only occur when there has been compliance with Rule 4 of the Federal Rules of Civil Procedure.  Moreover, service must be preceded by the commencement of an action, which can only occur with the filing of a complaint with the court.  Fed. R. Civ. P. 3. Defendants know very well that the copy of the complaint sent to them in April of 2005 was a draft, meant to explore the possibility of resolution without resort to the courts and consequently had never been filed with the Court.  Therefore, to suggest, as Defendants do on page 18 of the Memorandum in Support of the Motion to Dismiss, that the complaint had been served on them in April is inappropriate.

Defendants argue that the Complaint should be dismissed with prejudice.  It is well settled that courts should reserve dismissal with prejudice for "extreme situations where the pleader has had the opportunity to cure any deficiencies, but either has not or cannot do so." *Shields v. Washington Bancorporation*, 1992 U.S. Dist. LEXIS 4177, *14 (D.D.C. 1992).  As explained in the earlier sections of this memorandum, case law suggests that there are no deficiencies in the Complaint   In the event the Court disagrees, the appropriate resolution is for the Court to dismiss *without* prejudice, with leave for Plaintiffs to file an amended complaint. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (recognizing that in situations where

a pleading does not satisfy the heightened requirements of Rule 9(b), the court should freely grant leave to amend.).

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss should be denied.

Respectfully submitted,

By:     /s/ Maydad Cohen
      James R. O'Connell (D.C. 61424A)
      Maydad D. Cohen (D.C. 474204)
      O'DONOGHUE & O'DONOGHUE LLP
      4748 Wisconsin Avenue, N.W.
      Washington, DC  20016
      (202) 362-0041—Telephone
      (202) 362-2640—Facsimile

      *Attorneys for Plaintiffs*

Dated:   November 21, 2005

135490_1.DOC

33

## **ORDER**

Upon Consideration of Defendants' Motion to Dismiss, Plaintiffs' Opposition thereto, and the entire record herein, it is, this _____ day of December, 2005 hereby

ORDERED that Defendants' Motion to Dismiss is DENIED.


_____
HONORABLE PAUL L. FRIEDMAN

Copies to:

Paul Curnin
Kevin Arquit
Simpson, Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017

James O'Connell
Maydad Cohen
O'Donoghue & O'Donoghue LLP
4748 Wisconsin Avenue, NW
Washington, DC 20016

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** this 21st day of November, 2005, that I caused the foregoing Plaintiffs' Memorandum In Support of Opposition to Defendants' Motion to Dismiss and the proposed order to be served via hand delivery, on the following:

Paul Curnin
Simpson, Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017

Kevin Arquit
Simpson, Thatcher & Bartlett, LLP
425 Lexington Avenue
New York, NY 10017

/s/Maydad Cohen