# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ------------------------------------------------- x | | |
| WILLIAM P. HITE, *et al.*, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action No.: 1:05CV02019 (PLF) |
| LEEDS WELD EQUITY PARTNERS IV, | : | Judge Paul L. Friedman |
| L.P., *et al.*, | : | |
| Defendants | : | |
| ------------------------------------------------- x | | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) and (7)

Kevin J. Arquit, #438511
Paul C. Curnin, *pro hac vice*
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for Defendants*

## Table of Contents

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

REPLY STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I.     PFE AND THE PHILIPPSES ARE INDISPENSABLE PARTIES ................................ 4

       A.     Plaintiffs Misrepresent Both Their Own Complaint and the Law ........................ 4

              1.     PFE and the Philippses Have a Substantial Interest in Whether They
                     Are Found ERISA Fiduciaries ................................................................. 5

              2.     *Stare Decisis* Is a Proper Consideration Under Rule 19 ........................... 7

       B.     Non-Fiduciaries Are Not Jointly and Severally Liable with Fiduciaries ............... 8

       C.     Plaintiffs Bear the Burden of Showing Joinder Is Feasible ................................. 9

II.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A
       CLAIM ....................................................................................................................... 9

       A.     The Complaint Fails to Plead Sufficient Facts to Establish That PFE and the
              Philippses Are ERISA Fiduciaries ...................................................................... 9

       B.     The Complaint Fails to Adequately Allege the Knowledge of Each
              Defendant .......................................................................................................... 13

III.   THE COURT SHOULD DECLINE TO EXERCISE PENDENT JURISDICTION ....... 14

IV.    THE FRAUD CLAIM FAILS TO STATE A CAUSE OF ACTION ............................ 14

CONCLUSION ..................................................................................................................... 17

## Table of Authorities

**Page(s)**

### Cases

*Aguilar v. Los Angeles County*, 751 F.2d 1089 (9th Cir. 1985)......................................... 6

*Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540 (11th Cir. 2005) ...................................................................................................................... 8

*Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165 (D.D.C. 2003) ...................................................................................................................... 9

*Boles v. Greeneville Hous. Auth.*, 468 F.2d 476 (6th Cir. 1972) ................................... 9

*Bridges v. Blue Cross & Blue Shield Ass'n*, 889 F. Supp. 502 (D.D.C. 1995)............................ 7

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3rd Cir. 2004) ......................... 15

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ............................................... 14

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667 (11th Cir. 1982) ...................................................................................................................... 8

*Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292 (10th Cir. 1994) ............................................................................................................ 10

*Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274 (D.C. Cir. 1983) ................................................................................... 4, 5, 6

*Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222 (W.D.N.Y. 2002)............................................ 13

*Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)....................................................... 11

*Doe v. State of Israel*, No. CIV. A. 02-1421, 2005 WL 3037142 (D.D.C. Nov. 10, 2005) ...................................................................................................................... 10

*Faloski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002)............................................. 14

*Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, Civ. A. No. 89-0209-S, 1989 WL 115187 (D. Mass. Sept. 27, 1989) .......................................................... 11

*Glades Pharm., LLC v. Call, Inc.*, Civ. A. No. 04-4259, 2005 U.S. Dist. LEXIS 3696 (E.D. Pa. Mar. 9, 2005) ....................................................................... 6

*Haber v. Brown*, 774 F. Supp. 2d 877 (S.D.N.Y. 1991)..................................................... 11, 13

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000) ......................... 7

*Herman v. Solidarity of Labor Orgs. Health & Welfare Fund*, Civ. No. 95-7247,
   1999 U.S. Dist. LEXIS 8780 (S.D.N.Y. June 9, 1999)......................................................... 8

*Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413 (11th Cir. 1998) ...................................... 6

*In re Calpine Corp. ERISA Litig.*, No. C-03-1685 SBA, 2005 WL 1431506 (N.D.
   Cal. Mar. 31, 2005) ............................................................................................................. 11

*In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580 (S.D.N.Y. 2005)............................................... 16

*In re McKesson HBOC, Inc. ERISA Litig.*, No. C00-20030RMW, 2002 WL
   31431588 (N.D. Cal. Sept. 30, 2002) ............................................................................... 14

*In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005)..................................... 11, 12

*In re Providian Fin. Corp. ERISA Litig.*, No. C 01-05027, 2002 WL 31785044
   (N.D. Cal. Nov. 14, 2002) ................................................................................................... 13

*In re Stac Elecs. Sec. Litig.*, 89 F.3d 1339 (9th Cir. 1996)......................................................... 15

*In re Tyco Intl. Sec. Litig.*, 2004 U.S. Dist. LEXIS 20733 (D.N.H. Oct. 14, 2004).................... 15

*In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68 (D.D.C. 2004)...................................... 15

*In re Union Carbide Class Action Sec. Litig.*, 648 F. Supp. 1322 (S.D.N.Y. 1986).................... 16

*In re Worldcom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003).......................... 11, 12

*Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993)..................... 8

*Jung v. Ass'n of Am. Med. Colleges*, 300 F. Supp. 2d 119 (D.D.C. 2004).............................. 9, 16

*Keach v. U.S. Trust Co.*, 245 F. Supp. 2d 941 (C.D. Ill. 2003) ................................................... 14

*Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843 (11th Cir. 1999).............................. 6

*Lasky v. Shearson Lehman Bros., Inc.*, 139 F.R.D. 597 (S.D.N.Y. 1991) .................................. 16

*Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363 (5th Cir. 2001)......................... 15

*Marra v. Burgdorf Realtors, Inc.*, 726 F. Supp. 1000 (E.D. Pa. 1989) ........................................ 7

*Melder v. Morris,* 27 F.3d 1097 (5th Cir. 1994) .................................................................. 14, 15

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993)......................................................................... 8

*Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1201 (W.D. Mo 1993).................................................. 7

*Pharm. Care Mgmt. Ass'n v. Rowe*, No. 05-1606, 2005 U.S. App. LEXIS 24032
(1st Cir. Nov. 8, 2005) ........................................................................ 5

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) ............................ 5

*Rhodes v. Omega Research, Inc.*, 38 F. Supp. 2d 1353 (S.D. Fla. 1999) .................................... 14

*Romano v. Verizon Communications, Inc.*, No. 01 Civ. 6737, 2002 WL 472192
(S.D.N.Y. Mar. 27, 2002) ..................................................................... 11

*Schoenhaut v. Am. Sensors, Inc.*, 986 F. Supp. 785 (S.D.N.Y. 1997) ......................................... 15

*Sears v. Likens*, 912 F.2d 889 (7th Cir. 1990) ..................................................... 14, 15

*Sherman v. Pleasant View Nursing Home, Inc.*, No. 92 C 6302, 1994 WL 66080
(N.D. Ill. Mar. 3, 1994) ...................................................................... 11

*Smith v. Am. Fed'n of Musicians*, 46 F.R.D. 24 (S.D.N.Y. 1968) ................................................ 6

*Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.*,
793 F.2d 1456 (5th Cir. 1986) .................................................................. 5

*Steele v. Isikoff*, 130 F. Supp. 2d 23 (D.D.C. 2000) .................................................... 10

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) .................................. 8

*Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989) ........................................... 8

*Weisberg v. U.S. Dep't of Justice*, 631 F.2d 824 (D.C. Cir. 1980) ............................................ 7

*Zucker v. Quasha*, 891 F. Supp. 1010 (D.N.J. 1995) ...................................................... 16

## Statutes

29 C.F.R. § 2510.3-21(c) ........................................................................ 12, 13

29 U.S.C. § 1132(e)(1) ............................................................................ 7

D.C. Code § 31-5606.05 ......................................................................... 14, 16

D.C. Code § 31-5608.01(a) ......................................................................... 16

Fed. R. Civ. P. 19(a)(1) ............................................................................ 6

## Other Authorities

5C CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. 3D § 1359 (2005) ...................... 10

The Leeds Weld Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint.

## PRELIMINARY STATEMENT

Plaintiffs' opposition memorandum contains significant admissions that entirely undermine Plaintiffs' case and require dismissal of this action. The complaint alleges that PFE "was the [Plaintiffs'] investment consultant" and an ERISA fiduciary to Plaintiffs. The complaint alleges that PFE "advised" Plaintiffs "on the decision to invest" with Leeds Weld. According to the complaint, George Phillips and Gregory Phillips exercised "influence and control" over PFE and the Leeds Weld Defendants "conspired" with George Phillips for the purpose of "influenc[ing] [Plaintiffs'] decision to invest" money with Leeds Weld. Thus, PFE is an absolutely pivotal actor. If PFE was not an ERISA fiduciary and did not advise the Funds on the decision to invest, Plaintiffs cannot plead a sustainable cause of action.

It is both astonishing and outrageous, therefore, that Plaintiffs' opposition memorandum – in stark contrast to the complaint – represents that PFE only provided monitoring services and analyses that plainly do not meet the statutory definition of a fiduciary, that Plaintiffs had a registered investment advisor named Columbia Partners (which is not mentioned anywhere in the complaint), and that it was Columbia Partners, *not* PFE, that advised Plaintiffs on the decision to make the Leeds Weld investment.

It is difficult to understand how both the complaint and opposition memorandum can be accurate.

The opposition memorandum makes equally significant admissions regarding the defective procedural posture of this action. Plaintiffs state that they easily *could* have named PFE and the Philippses since "[s]ervice would not have been difficult," and "[t]heir inclusion would not

have deprived this court of jurisdiction."  Plaintiffs also acknowledge that to attempt to prove their case against Leeds Weld, they will have to prove a "fiduciary breach" by the absent (alleged) fiduciaries and that they may call the absent fiduciaries as witnesses in the case.  Thus, Plaintiffs have elected to name only Leeds Weld as defendants as a strategic matter, despite the attendant risk of inconsistent adjudications by not joining the absent parties, the burden on the courts that might be imposed by multiple litigations, and the clear risk to the absent parties of being adjudicated ERISA fiduciaries.  This is precisely the sort of tactical gamesmanship Rule 19 helps to eliminate.

Lastly, it is telling that Plaintiffs recognize the need to try to resuscitate their complaint by purporting to recite "facts" and even a new theory of liability for the first time in their opposition memorandum.  For example, the very first sentence of the preliminary statement asserts that the "crux of the complaint" is that Defendants did not disclose that they hired George Philipps to perform marketing functions even though he is a "felon".  Remarkably, however, this assertion is not made in the complaint, directly or indirectly.  The word "felon" does not even appear in the complaint.  Thus, the "crux" of the complaint is missing from the complaint.

Plaintiffs have an obligation to plead facts and coherent theories of liability in their complaint.  It is fundamentally unfair that Defendants have to try to piece together shifting allegations, just as it is fundamentally unfair that this action proceed without the undisputed key players.  Plaintiffs have had every opportunity to set forth a straightforward, sustainable complaint.  Indeed, the pending complaint is their second attempt to do so.  But rather than plead their "key" allegations in their complaint, Plaintiffs made the strategic choice to omit them.  Plaintiffs should live with that choice.  The pending complaint should, in fairness and law, be dismissed.

## REPLY STATEMENT OF FACTS

The complaint alleges that "[s]ince 1999 and through the time" of the Leeds Weld investment PFE was "*the* [Plaintiffs'] investment consultant" and advised Plaintiffs "on the decision to invest twenty-five million dollars" with Leeds Weld. ¶¶ 20, 23 (emphasis added). Now in their opposition memorandum, Plaintiffs represent that PFE only had responsibility for, among other unspecified "things," "monitoring the Fund's investment performance and investment managers and providing performance reports . . . and comparing investments to appropriate market indices and databases." Absent is any suggestion that PFE advised Plaintiffs on the decision to invest in Leeds Weld. Even more striking, the opposition memorandum states that a separate entity, Columbia Partners, "a registered investment advisor," was Plaintiffs' "investment advisor," and that it was Columbia Partners that reviewed the prudence of an investment with Leeds Weld. Columbia Partners is not only not a defendant in this case but is not even mentioned in the complaint.[1]

The opposition memorandum also asserts for the first time that George Philipps is a felon and a former owner of PFE. Neither "fact" appears anywhere in the complaint. Moreover, although the opposition memorandum contains more factual detail than the complaint, it still does not assert that George Philipps had any contact with Plaintiffs in connection with the marketing of a Leeds Weld investment or that he took any steps of any kind related to marketing at all. The opposition also fails to state that Plaintiffs actually invested any money, but only that they "agreed to commit" funds.

---

[1]       On November 14, 2005, Defendants sent Plaintiffs' counsel a letter pointing out that counsel had actual knowledge that PFE was not "the" investment consultant for Plaintiffs and that Plaintiffs had a separate investment advisor, and reminding counsel of their obligations under Rule 11. *See* Curnin Decl., Ex. A. Rather than correct the inaccuracy in the complaint, however, counsel has instead attempted to submit a revised version of the facts in their opposition memorandum.

3

## ARGUMENT

### I.    PFE AND THE PHILIPPSES ARE INDISPENSABLE PARTIES

Plaintiffs admit that "one of the keys to the Complaint" is the allegation that PFE, George Philipps and Gregory Philipps each owed a fiduciary duty to Plaintiffs and breached that duty.  Pl. Br. at 5-7.  Thus, just as the Leeds Weld Defendants stated in their opening memorandum, the status and conduct of PFE, George Philipps and Gregory Philipps are centrally at issue in this action.  The D.C. Circuit has held that "[a]ll three Rule 19(a) concerns are implicated when the person whose obligation is centrally at issue is missing from the action." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1279 (D.C. Cir. 1983).  This controlling precedent – cited repeatedly in Defendants' opening brief and not at all in Plaintiffs' opposition – firmly supports a finding that the absentees are indispensable to this action.

#### A.    Plaintiffs Misrepresent Both Their Own Complaint and the Law

The Rule 19 analysis is disjunctive.  It requires inquiry into whether complete relief can be afforded between the parties to the action, *or* whether an absent party "claims an interest relating to the subject of the action" which, as a practical matter, may be impaired in its absence, *or* whether a person's absence will leave any party to the action "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Rather than addressing these standards as set forth in *Cloverleaf* and other controlling authority in this Circuit, Plaintiffs make two demonstrably inaccurate assertions: (1) that PFE and the Philippses do not have an interest in the subject of the action; and (2) that Defendants and the absentees are jointly and severally liable.[2]

---

[2]    Plaintiffs contend that Defendants only rely on one of Rule 19(a)'s three prongs. Pl. Br. at 9-10. Defendants, however, have shown that PFE and the Philippses' purported fiduciary obligations to Plaintiff plans are "centrally at issue" here, which necessarily implicates all three prongs of Rule 19(a).

1.    **PFE and the Philippses Have a Substantial Interest in Whether They Are Found ERISA Fiduciaries**

If this action proceeds, there ultimately will be a ruling that PFE and the Philippses are or are not ERISA fiduciaries subject to joint and several liability for all damages arising from a fiduciary breach.  Plaintiffs argue that the prospect of such a finding is irrelevant because it will not have *res judicata* effect on the absent parties.

The inquiry under Rule 19 is whether an absentee has an interest "relating" to the subject of the action, not whether the absentee will be liable for any relief granted.  The U.S. Supreme Court has instructed that a court should not disregard "the potential effect [of the litigation] on non-parties simply because they are not 'bound' in the technical sense."  *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968).  Further, Congress amended Rule 19 precisely to avoid such formalistic application.  *See Cloverleaf*, 699 F.3d at 1276-77 (quoting Fed. R. Civ. P. 19, Advisory Committee's Notes).  Given the onerous burden imposed on ERISA fiduciaries – "the highest known to law"[3] – it is nonsensical to argue that PFE and the Philippses do not have a substantial interest in this Court's adjudication of their status as fiduciaries.  *See also Pharm. Care Mgmt. Ass'n v. Rowe*, No. 05-1606, 2005 U.S. App. LEXIS 24032, at *8-*9 (1st Cir. Nov. 8, 2005) (observing that the determination of ERISA fiduciary status "is an issue with high stakes").

Plaintiffs also argue that because their complaint seeks only rescission of the parties' investment agreements, and PFE and the Philippses cannot be affected by rescission, they do not have an interest in the subject matter of this litigation.  As an initial matter, Plaintiffs' binding admission that they seek only rescission is somewhat at odds with the language of the

---

[3]    *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.*, 793 F.2d 1456, 1468 (5th Cir. 1986) (citation omitted).

5

complaint, which seeks "restitution of all Fund assets of the Plaintiff Funds," "disgorgement of any proceeds derived from the ill gotten assets of the Plaintiff Funds," and "any other legal or equitable relief." Compl. ¶¶ 38-39, 41. Legal relief is available only against PFE and the Philippses. *See Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1422 (11th Cir. 1998) ("non-fiduciaries may not be liable for the legal remedy of compensatory damages for breach of fiduciary duties."). Thus, the relief sought on the face of the complaint compels joinder. *See* Fed. R. Civ. P. 19(a)(1) (providing an absentee "shall be joined . . . [if] complete relief cannot be accorded among those already parties").

But perhaps more importantly, for purposes of this motion, the precise nature of the relief sought is not a controlling issue when considering the interests of absent parties. The question is whether this Court's adjudication of Plaintiffs' "claims [will] necessarily require that [the] court evaluate [the absentees'] conduct . . . thereby substantially implicating [the absentees'] interests." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999); *see also Cloverleaf*, 699 F.3d at 1279 (holding that when a nonparty's conduct is "central to the resolution" of the complaint, the nonparty is "necessary" to the action); *Glades Pharm., LLC v. Call, Inc.*, Civ. A. No. 04-4259, 2005 U.S. Dist. LEXIS 3696, at *9 (E.D. Pa. Mar. 9, 2005) (holding absent party necessary when his "legal right . . . is a central issue in th[e] action . . . and in order to resolve the dispute [the court] will have to adjudicate [his] rights"); *Smith v. Am. Fed'n of Musicians*, 46 F.R.D. 24, 27 (S.D.N.Y. 1968) (holding absent party is necessary where its "acts or omissions . . . are at the core of the federal claims"). "Rule 19 speaks to *possible* harm, not only to certain harm." *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1094 (9th Cir. 1985) (emphasis in original). [4]

---

[4]     Plaintiffs argue that requiring joinder in this case "would greatly expand the class of necessary parties under Rule 19." Pl. Br. at 11, relying on *Harris Trust & Sav. Bank v. Salomon Smith*

2.    *Stare Decisis* **Is a Proper Consideration Under Rule 19**

*Res judicata* is not required to compel joinder of an absent party.  Courts have recognized that *stare decisis* is a proper consideration on the question of joinder.  *See*, *e.g.*, *Paglin v. Saztec Int'l, Inc.*, 834 F. Supp. 1201, 1204-05 (W.D. Mo. 1993); *Marra v. Burgdorf Realtors, Inc.*, 726 F. Supp. 1000, 1004 (E.D. Pa. 1989).  *Stare decisis* is of particular concern where, as here, any future litigation will be in another federal court, as it must since federal district courts have exclusive jurisdiction over ERISA actions.  *See* 29 U.S.C. § 1132(e)(1).  Thus, as a practical matter, "any future federal litigation w[ill] be heavily influenced by" this Court's adjudication of the fiduciary status of PFE and the Philippses.  *Marra*, 726 F. Supp. at 1004.

Plaintiffs contend that an absent party's ability to intervene pursuant to Rule 24, and a movant's ability to implead an absent party under Rule 14 are proper considerations on a "Rule 19" motion.  Pl. Br. at 14-15.  In reality, the opposite is true under Rule 19(a).  *See Bridges v. Blue Cross & Blue Shield Ass'n*, 889 F. Supp. 502, 504-05 (D.D.C. 1995) ("if a person meets the threshold requirements for joinder and is found to be necessary party under Rule 19(a)(1), 19(a)(2)(i), or 19(a)(2)(ii), the person 'shall be joined as a party in the action . . . .'  The language is mandatory, not discretionary; whether the person to be joined has moved to intervene in the case is irrelevant.  Whether a party has moved to implead the person to be joined is likewise irrelevant.") (citing Advisory Committee's Note); *see also Weisberg v. U.S. Dep't of Justice*, 631 F.2d 824, 830 (D.C. Cir. 1980).  Plaintiffs rely exclusively on Rule 19(b) cases, but even these cases consistently

---

*Barney, Inc.*, 530 U.S. 238 (2000).  But *Harris Trust* simply stands for the proposition that a nonfiduciary may be held liable for knowing participation in a fiduciary breach.  *Id*. at 251.  The question of joinder was not before the Court and in no way implicated.  Nor was there a dispute as to the fiduciary's ERISA status or whether the fiduciary should also be sued.  And, the case did not hold, as Plaintiffs assert, that *only* nonfiduciaries may be held liable under ERISA § 502(a)(3).  The Supreme Court plainly noted that "§ 502(a)(3) admits of no limit (aside from the 'appropriate equitable relief' caveat,…) on the universe of possible defendants."  *Id*. at 246.

hold that the "ability to intervene cannot control the indispensability determination." *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540, 543 (11th Cir. 2005); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 820 n.5 (9th Cir. 1985) (an absentee's "ability to intervene does not determine whether he is indispensable") (citation omitted); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 636 (1st Cir. 1989) (same) (citations omitted).

## B.    Non-Fiduciaries Are Not Jointly and Severally Liable with Fiduciaries

Relying on non-ERISA and co-fiduciary decisions, Plaintiffs claim that the absentees, if they breached their (alleged) fiduciary duties, are jointly and severally liable with Defendants and, therefore, not "necessary" to this action within the meaning of Rule 19. It is well-settled under ERISA, however, that *non*fiduciaries – like Leeds Weld – are not jointly and severally liable with ERISA fiduciaries and may not be held personally liable for all damages arising from an alleged fiduciary breach.[5] *E.g.*, *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) ("ERISA has eliminated . . . the common law's joint and several liability, for *all* direct and consequential damages suffered by the plan, on the part of persons who had no real power to control what the plan did [i.e., nonfiduciaries].").  Thus, the policy underlying the general rule against compulsory joinder of persons jointly and severally liable simply does not apply in this case, and the authorities cited by Plaintiffs are inapposite.[6]

---

[5]    Plaintiffs miscite *Herman v. Solidarity of Labor Orgs. Health & Welfare Fund*, Civ. No. 95-7247, 1999 U.S. Dist. LEXIS 8780 (S.D.N.Y. June 9, 1999), for the proposition that a *non*fiduciary may be held jointly and severally liable for knowing participation in a fiduciary breach.  Pl. Br. at 17.  The *Herman* defendants were found to be ERISA fiduciaries.  *See Herman*, 1999 U.S. Dist. LEXIS 8780, at *1-*2 (noting the district court "found that the defendants had breached their fiduciary duties with respect to the Fund . . .").

[6]    Plaintiffs' reliance on non-ERISA cases like *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993), is obviously misplaced.  The same applies to *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667 (11th Cir. 1982).  While *Challenge Homes* did involve the question of whether an absentee fiduciary was necessary to an action against a nonfiduciary, the case arose under the common law of trusts which, unlike ERISA, holds nonfiduciaries jointly and severally liable with fiduciaries.  *See, e.g.*, *Mertens*, 508 U.S. at 262.

C.    **Plaintiffs Bear the Burden of Showing Joinder Is Feasible**

In any civil action, the court's jurisdiction consists of two components: subject matter jurisdiction and personal jurisdiction.  Plaintiffs bear the burden of proving an absent party is subject to the court's jurisdiction to avoid dismissal.  *See Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972).  Plaintiffs offer the conclusory assertion that "[s]ervice [on the absentees] would not have been difficult… [and their] inclusion [in this action] would not have deprived this court of jurisdiction or venue."  Pl. Br. at 2.  Plaintiffs do not, however, provide any explanation or evidence in support of this conclusion.  Since Plaintiffs knew at the time this suit was initiated that PFE, George Philipps and Gregory Philipps were "key" players, there is no excuse for their failure to satisfy this burden.

II.    **THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

A.    **The Complaint Fails to Plead Sufficient Facts to Establish That PFE and the Philippses Are ERISA Fiduciaries**

Plaintiffs attempt to salvage their skeletal complaint by adding new and unsupported assertions in their opposition memorandum.  This Court itself has previously rejected such efforts to "supplement the bare and insufficient allegations in the[] complaint with additional assertions from the[] brief."  *Jung v. Ass'n of Am. Med. Colleges*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) (Friedman, J.).  Indeed, it is axiomatic that a "complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (in deciding motion to dismiss, refusing to consider supplemental factual allegations concerning meetings and contracts between parties that were not included in the complaint) (citation omitted); *see also Doe v. State of Israel*, No. CIV. A. 02-1421,

---

Further, the question of the fiduciary's status as a fiduciary in the first instance was not disputed in *Challenge Homes* as it is in this case.

2005 WL 3037142, at *5 (D.D.C. Nov. 10, 2005) (granting motion to dismiss and refusing to consider "facts included in, or legal inferences arising from, the opposition papers if they are absent from the complaint.").[7]

Unaugmented by arguments raised for the first time in Plaintiffs' opposition, the complaint contains no *facts* in support of the claim that Defendants knowingly participated in a breach of fiduciary duty and, therefore, the complaint cannot be sustained. The liberal pleading standard of Rule 8(a)(2) does not "mandate [the] blind and absolute deference" Plaintiffs suggest. *State of Israel*, 2005 WL 3037142, at *5. And Rule 8 is not a license to submit allegations without supporting *facts*. To the contrary, on a Rule 12(b)(6) motion, the Court should reject "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Steele v. Isikoff*, 130 F. Supp. 2d 23, 28 (D.D.C. 2000) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)) (affirming dismissal of fiduciary duty claim for failure to allege facts indicating a fiduciary relationship). Nor should the Court accept "legal conclusions cast in the form of factual allegations." *Id.*

The determinative threshold ERISA question is whether Plaintiffs have sufficiently pled that PFE is a fiduciary. The complaint labels PFE a fiduciary by characterizing it as an "investment consultant" that "advised the Funds on the decision to invest" in the Partnership and provided a "variety of investment consulting and performance monitoring services to the Funds as

---

[7]     While affidavits and extrinsic evidence may be considered for purposes of a Rule 12(b)(7) motion, Plaintiffs offer no affidavits or evidence, only argument. And, even on a 12(b)(7) motion a court is only to consider that evidence which is "relevant" to the 12(b)(7) motion, in other words, issues of "the nature of the interest possessed by an absent party and [how] . . . protection of that interest will be impaired by that absence," not allegations Plaintiffs hope will bolster their case. *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994); 5C CHARLES ALAN WRIGHT, ET AL., FED. PRAC. & PROC. CIV. 3D § 1359 (2005) (same).

a fiduciary as that term is defined by Section 3(21) of ERISA." Compl. ¶¶ 20, 23, 28. Plaintiffs

freely admit that their characterization simply "mirrors the language in ERISA." Pl. Br. at 24-25.

Such pleading is prohibited by a wealth of cases that have explicitly rejected

attempts to skirt longstanding pleading requirements. In *Haber*, for example, the plaintiff quoted

from § 3(21) of ERISA and alleged that the defendant was a fiduciary "simply by incorporating

terms directly from the statute." *Haber v. Brown*, 774 F. Supp. 2d 877, 879 (S.D.N.Y. 1991). The

court ruled that "[a]llegations this bare fail to afford [d]efendant adequate notice" of the claim

against it, and granted a motion to dismiss. *Id.* Likewise, in the previously cited case of *Custer v.*

*Sweeney*, 89 F.3d 1156 (4th Cir. 1996), though the complaint was "replete" with assertions of

defendant's "discretionary authority, control, and responsibility over the management of the Fund

and certain assets of the Fund," the Fourth Circuit affirmed the district court's dismissal with

prejudice of the ERISA claim because the complaint "lack[ed] any specific allegations capable of

demonstrating that [defendant] transcended his role as legal counsel." *Id.* at 1163.[8] These cases

recognize that the resolution of a hopelessly flawed claim should not be needlessly delayed by

allowing the case to proceed beyond its initial stages.[9]

---

[8]    *See also In re Calpine Corp. ERISA Litig.*, No. C-03-1685 SBA, 2005 WL 1431506, at *3 (N.D. Cal. Mar. 31, 2005) (rejecting contention that defendants were ERISA fiduciaries when plaintiff only mimicked the language of § 3(21) of ERISA and did not provide supporting factual allegations); *Romano v. Verizon Communications, Inc.*, No. 01 Civ. 6737, 2002 WL 472192, at *3-*4 (S.D.N.Y. Mar. 27, 2002) (granting motion to dismiss after plaintiffs did not assert that defendants exercised any control or authority over the plan so as to make them fiduciaries); *Sherman v. Pleasant View Nursing Home, Inc.*, No. 92 C 6302, 1994 WL 66080, at *3 (N.D. Ill. Mar. 3, 1994) (finding that "conclusory statements that [defendant] was a fiduciary and/or that [defendant] exercised discretion, do not establish fiduciary status."); *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, Civ. A. No. 89-0209-S, 1989 WL 115187, at *1488 (D. Mass. Sept. 27, 1989) (granting motion to dismiss after finding a "conclusory recitation" that defendant was a fiduciary "by virtue of his authority or control respecting the management or disposition of Plan assets," without any "factual allegations to support the assertion that he possessed or exercised such power" was insufficient to allege fiduciary status).

[9]    Plaintiffs' reliance on *In re Worldcom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), and *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005) is misguided. Those cases

Even more problematic for Plaintiffs, the new "facts" they improperly include in their opposition memorandum directly contradict the bare bones allegations regarding PFE in the complaint. Plaintiffs' opposition states that at an October 2002 Board of Trustees meeting it was "decided by the trustees to invest assets of the Funds in the Partnership" after a "review of the prudence of such an investment *by Columbia Partners*, a registered investment advisor already generally familiar with the Funds and the Partnership offering." Pl. Br. at 7 (emphasis added). Thus, by Plaintiffs' own words, Columbia Partners, not PFE, advised on the decision to invest in the Partnership. Rather than asserting that PFE was "*the* investment consultant" to Plaintiffs, as the complaint does, the opposition significantly minimizes PFE's role. According to the opposition memorandum, PFE was only "responsible for, among other things, monitoring the Funds's [*sic*] investment performance and investment managers and providing performance reports addressing rates of return and risk of the Funds's [*sic*] investments, and comparing the Funds's [*sic*] investments to appropriate market indices and databases." Pl. Br. at 5. Leaving aside the obvious failure to assert that PFE performed any of these analyses with respect to the Leeds Weld investments at all, the analyses PFE purportedly performs plainly occur only *after* a decision to invest is made. Because the opposition memorandum makes crystal clear that it was Columbia Partners and not PFE that advised the Funds on the decision to invest, Plaintiffs have not only failed to plead sustainable allegations, but they cannot plead sustainable allegations.

---

involved the fiduciary status of senior officers and directors of the company whose very pension fund was at issue, not the fiduciary status of a fund's *third-party consultant* like PFE. The legal inference required to confer fiduciary status on a third-party consultant is inordinately greater than that involved in *In re Worldcom* and *In re Polaroid,* where the alleged fiduciary had an obvious and direct connection to the management of the plan funds. This is evidenced by Department of Labor regulations which provide that a third-party investment advisor, unlike other fund participants, reaches the level of an ERISA fiduciary *only* when it offers particular kinds of advice *and* either has a certain level of control over the plan or gives advice regularly, serves as a primary basis for the fund's investment decisions, and provides individualized advice. 29 C.F.R. § 2510.3-21(c).

Finally, Plaintiffs contend that their allegations with respect to PFE satisfy the definition of a fiduciary under Department of Labor regulations. Pl. Br. at 25. However, Plaintiffs fail to advise the Court that to be considered a fiduciary, an investment advisor must either: (a) have discretionary authority or control with respect to the purchasing or selling of securities or other property for the plan; or (b) render advice on a regular basis with respect to the plan, render individualized investment advice to the plan, *and* such services must serve as a primary basis for investment decisions with respect to plan assets. 29 C.F.R. § 2510.3-21(c)(1)(ii). Plaintiffs do not and cannot plead that PFE had such authority or control or rendered this type of advice. Indeed, Plaintiffs' opposition memorandum makes clear that it did not.[10]

**B.     The Complaint Fails to Adequately Allege the Knowledge of Each Defendant**

In support of their "knowing participation" claim, Plaintiffs aver only that the collective Defendants "had actual or constructive knowledge" of the absent parties' breach of fiduciary duty. Compl. ¶¶ 32, 34, 36. This is not enough. Courts have recognized that such bald pleading of knowledge cannot withstand a motion to dismiss. *See, e.g.*, *Haber*, 774 F. Supp. 2d at 879 (dismissing fiduciary duty claim in part because plaintiff pled no *facts* to provide grounds for the claim that defendant knowingly participated in fiduciary breaches of another); *Crowley v. Corning, Inc.*, 234 F. Supp. 2d 222, 230 (W.D.N.Y. 2002) (dismissing ERISA breach of fiduciary duty claims against investment committee members in part because there were no factual assertions as to what was known by members). Courts also reject collective pleading which fails to give each defendant notice of its alleged role in the plaintiff's alleged injury. *See, e.g., In re Providian Fin. Corp. ERISA Litig.*, No. C 01-05027, 2002 WL 31785044, at *1 (N.D. Cal. Nov. 14, 2002) (complaint violated Rule 8 where it "lumped the various classes of defendants into an

---

[10]     Obviously, Plaintiffs' allegations with respect to the Philippses also fail since Plaintiffs concede that their fiduciary status hinges entirely on their relationship with PFE. Pl. Br. at 25-26.

undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties."); *In re McKesson HBOC, Inc. ERISA Litig.*, No. C00-20030RMW, 2002 WL 31431588, at *15-*16 (N.D. Cal. Sept. 30, 2002) (dismissing ERISA breach of fiduciary duty claim that improperly grouped all of the fiduciaries together and alleged they collectively violated the asserted fiduciary duties).[11]

## III.    THE COURT SHOULD DECLINE TO EXERCISE PENDENT JURISDICTION

Plaintiffs' ERISA claim is meritless and should be dismissed.  Consequently, the Court should decline to exercise pendent jurisdiction over Plaintiffs' state law claim.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").  Plaintiffs offer no reason for a contrary result.

## IV.    THE FRAUD CLAIM FAILS TO STATE A CAUSE OF ACTION

Plaintiffs agree that there is virtually no case law interpreting D.C. Code § 31-5606.05 and that § 12(a)(2) of the 1933 Act is the closest analogue to the D.C. fraud statute. Plaintiffs argue that fraud is not an element of § 12(a)(2), and suggest that courts can salvage a deficient § 12 claim by striking all references to fraud.  Pl. Br. at 29.  There are multiple problems with this unorthodox approach.  First, courts routinely invoke Rule 9(b), which applies to allegations of fraud, to dismiss § 12(a)(2) claims.  *See, e.g., Faloski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002); *Melder v. Morris,* 27 F.3d 1097 (5th Cir. 1994); *Sears v. Likens*, 912 F.2d 889 (7th Cir. 1990); *Rhodes v. Omega Research, Inc.*, 38 F. Supp. 2d 1353 (S.D. Fla. 1999);

---

[11]    Rather than offering any cases to support their own argument, Plaintiffs attempt to distinguish *Keach v. U.S. Trust Co.*, 245 F. Supp. 2d 941 (C.D. Ill. 2003), on the basis that it was decided on summary judgment.  However, the procedural posture of *Keach* does not change the state of the law.  Collective conclusory allegations of knowledge are simply insufficient.

*Schoenhaut v. Am. Sensors, Inc.*, 986 F. Supp. 785 (S.D.N.Y. 1997).  Indeed, a D.C. district court

recently dismissed a § 12(a)(2) claim for failure to satisfy the pleading requirements of Rule 9(b),

in *In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68 (D.D.C. 2004), a case cited in

Defendants' opening brief and left unaddressed by Plaintiffs.  And Plaintiffs' own authorities

show that § 12(a)(2) claims are subject to dismissal on Rule 9(b) grounds.  *See Lone Star Ladies*

*Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("[A] district court is not required

to sift through allegations of fraud in search of some 'lesser included' claim of strict liability.  It

may dismiss.").  Second, as noted in the cases cited by Plaintiffs, courts are under no duty to

"rewrite such a deficient complaint."  *Lone Star*, 238 F.3d at 368; *see also Cal. Pub. Employees'*

*Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 162 (3rd Cir. 2004) (rejecting plaintiff's argument,

predicated on *Lone Star*, that the district court should have stripped the plaintiff's claims of their

fraudulent elements in order to construct a claim based on negligence, stating that it "*is not the*

*responsibility of the District Court to serve as Plaintiffs' advocate*," and affirming dismissal of

plaintiff's § 11 claim on Rule 9(b) grounds) (emphasis added). [12]

      Moreover, even if the Court were to strike the allegations that sound in fraud, the

complaint would still fail to state a claim.  Plaintiffs list paragraphs 15, 32, 47 and 48 of the

complaint as setting forth a claim under the D.C. Code.  Pl. Br. at 30.  However, paragraphs 32 and

47 plainly sound in fraud.  *See* Compl. ¶¶ 32, 47 ("Defendants had *actual* or constructive

---

[12]    Plaintiffs' reliance on *In re Tyco* and *In re NationsMart* is misplaced.  The district court in *In re Tyco* found that plaintiffs' claim *did not sound in fraud* and therefore Rule 9(b) did not apply.  *In re Tyco Intl. Sec. Litig.*, 2004 U.S. Dist. LEXIS 20733, at *49 (D.N.H. Oct. 14, 2004).  *In re NationsMart* represents a distinctively minority approach as almost every Circuit Court that has ruled on the issue has recognized that Rule 9(b) applies to claims brought under § 11 and § 12 of the 1933 Act that sound in fraud.  *See, e.g., Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 162 (3rd Cir. 2004); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1339, 1404-05 (9th Cir. 1996); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994); *Sears v. Likens*, 912 F.2d 889, 892-93 (7th Cir. 1990).

knowledge . . . and *knowingly participated . . . .*") (emphasis added); ("Defendants *intentionally and willfully chose not to disclose and/or deliberately concealed and omitted . . . .*") (emphasis added). If the Court struck all allegations sounding in fraud, the complaint would not even contain conclusory allegations regarding the purported omission or Defendants' knowledge of such omission.

The complaint suffers from a series of additional flaws as well. The "threshold requirement" in a lawsuit alleging an omission is the presence of an "affirmative statement that is made misleading by the material omission." *See In re Union Carbide Class Action Sec. Litig.*, 648 F. Supp. 1322, 1326 (S.D.N.Y. 1986); *Zucker v. Quasha*, 891 F. Supp. 1010, 1014 (D.N.J. 1995). The complaint must identify a statement that was made misleading by the supposed omission. It does not. Nor do Plaintiffs attempt to defend this failure.

In addition, Plaintiffs have failed to adequately allege that the supposed omission was material. *See* D.C. Code § 31-5606.05(a)(1)(B) (plaintiff must allege a misstatement of a "material fact or omission to state a material fact"); *see also In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 586 (S.D.N.Y. 2005); *Lasky v. Shearson Lehman Bros., Inc.*, 139 F.R.D. 597, 598-99 (S.D.N.Y. 1991). Recognizing this failure, Plaintiffs seek to amend their complaint through their memorandum. Pl. Br. at 30. However, such amendment is impermissible. *See Jung*, 300 F. Supp. 2d at 163.

Plaintiffs also fail to allege a jurisdictional predicate. In order for the D.C. Code to apply, either (i) the sale or offer to sell the security must have been *made* in the District of Columbia, or (ii) the offer to purchase the security must have been *made* and *accepted* in the District. D.C. Code § 31-5608.01(a). The complaint alleges neither.

A complaint that is this deficient in so many ways – a complaint that deliberately omits the "crux" of Plaintiffs' claims – cannot withstand scrutiny under any standard and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this action with prejudice.

_____

November 29, 2005                     Respectfully submitted,


                    By:      /s/  Paul C. Curnin_____
                            Kevin J. Arquit, #438511
                            Paul C. Curnin, *pro hac vice*
                            SIMPSON THACHER & BARTLETT LLP
                            425 Lexington Avenue
                            New York, New York 10017
                            (212) 455-2000

                            *Counsel for Defendants*