IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM P. HITE, et al. )<br>)<br>PLAINTIFFS, )<br>)<br>v. )<br>)<br>LEEDS WELD EQUITY PARTNERS IV, L.P., )<br>et al. )<br>)<br>DEFENDANTS. )<br>) | Civ. No. 1:05CV02019 (PLF) |

**JOINT MEET AND CONFER STATEMENT
UNDER FED. R. CIV. P. 26(f) and LCvR 16.3**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 counsel for Plaintiffs and Defendants met to confer by telephone conference on December 8, 2005.

**MATTERS SET FORTH IN LCvR 16.3(c)**

1.  PLAINTIFFS: Based on what Plaintiffs believe can be proved after discovery closes, Plaintiffs believe that there will be a reasonable basis for summary judgment to be granted to Plaintiffs in this case. Defendants filed a motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(7) on November 7, 2005, however, Plaintiffs believe that Defendants' motion has no merit and discovery should not be stayed or limited in this case.

DEFENDANTS: Leeds Weld[1] respectfully requests that the Court stay discovery in this matter pending a ruling on the motion to dismiss. If the motion to dismiss is decided in Leeds Weld's favor, it will resolve this matter and eliminate the need for discovery. Leeds Weld proposes that the Court rule on the motion by **January 23, 2006**, or at its earliest convenience. Alternatively, should discovery proceed, Leeds Weld believes narrowly tailored discovery

---

1   Defendants Leeds Weld Equity Partners IV, L.P., Leeds Weld Equity Associates IV, L.L.C., Leeds Weld IV Advisors, L.L.C. and Leeds Equity Advisors, Inc. are referred to herein collectively as "Leeds Weld."

concerning the knowledge of plaintiffs and plaintiffs' agents could be sufficient to resolve the key issues.

    2.    PLAINTIFFS: Plaintiffs propose that the date by which other parties shall be joined or the pleadings amended be set for **March 15, 2006**. Plaintiffs believe that some discovery will be needed to verify Plaintiffs' allegations and determine whether additional parties should be added or the pleadings amended. Additionally, it appears that certain alleged defenses claimed by Defendants, specifically the knowledge by certain individuals of the relationship between Defendants and George Philipps, will need to be explored and may lead to the joinder of additional parties or amendment of the pleadings. Plaintiffs are not prepared at this point to narrow any of the factual or legal issues, but would be willing to consider such an agreement on March 15, 2006.

    DEFENDANTS: As noted in Leeds Weld's reply in support of the motion to dismiss, plaintiffs made the strategic decision not join key parties or assert other claims at the time this action was filed. Leeds Weld also notes that the facts as to the knowledge of plaintiffs and plaintiffs' agents are within plaintiffs' control and should have been explored *before* the complaint was filed. Accordingly, Leeds Weld respectfully requests that the deadline to file motions to join additional parties or amend the pleadings be set for **February 3, 2006**.

    3.    The parties agree that this case should not be assigned to a magistrate judge.

    4.    PLAINTIFFS: Plaintiffs do not currently believe that there is a realistic possibility of settlement. Prior to filing the Complaint, counsel for Plaintiffs and Defendants engaged in preliminary settlement discussions. No agreement was reached. At this juncture, Plaintiffs believe that more formal settlement discussions should occur only at the close of discovery and prior to trial.

DEFENDANTS: Leeds Weld does not agree with plaintiffs' characterization of prior communications as "preliminary settlement discussions." In any event, there is no viable proposal from plaintiffs to resolve this matter.

5.      PLAINTIFFS: Plaintiffs believe that the parties would benefit from the Court's alternative dispute resolution ("ADR") procedures, however, Plaintiffs believe that such ADR would be more appropriately ordered at the close of discovery. Plaintiffs are willing to meet informally with Defendants to discuss settlement prior to that date.

DEFENDANTS: Absent a realistic proposal from plaintiffs, Leeds Weld does not believe that the parties would benefit from the Court's ADR procedures.

6.      PLAINTIFFS: As noted above, Defendants filed a motion to dismiss on November 7, 2005. Plaintiffs do not believe that the motion has merit, and therefore, do not believe that this case can be resolved by a motion to dismiss. On the other hand, Plaintiffs believe that once discovery is complete, there will be a reasonable basis for the Court to grant summary judgment to the Plaintiffs. Plaintiffs propose that summary judgment motions be filed by **July 14, 2006**. Plaintiffs believe that there is no need to bifurcate discovery in this case and that providing Defendants with two opportunities to file for summary judgment would cause delay and be a drain on judicial resources.

DEFENDANTS: In the event the case proceeds to discovery, Leeds Weld recommends that discovery be bifurcated. Phase I of discovery should address the knowledge of plaintiffs and plaintiffs' agents as to the supposed omission and the fiduciary status of the alleged fiduciaries. Phase II could address the alleged knowing participation of Leeds Weld and material omission elements of Counts I and II, respectively. *See infra* ¶ 11 for a full outline of Defendants' proposed two-part discovery plan. Leeds Weld recommends that the deadline for

3

filing dispositive motions following completion of Phase I discovery be set for **May 12, 2006**. Phase II discovery could be completed by **June 14, 2006**, and Leeds Weld agrees that summary judgment motions should be filed by **July 14, 2006**.

7. PLAINTIFFS: Plaintiffs propose that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) should be exchanged by **December 30, 2005**.

DEFENDANTS: Leeds Weld respectfully recommends that the exchange of initial disclosures be stayed pending the Court's ruling on the pending motion to dismiss. Alternatively, Leeds Weld recommends that the deadline to exchange initial disclosures be set for **January 16, 2006**.

8. PLAINTIFFS: Plaintiffs expect significant discovery to be taken in this case and believe that the discovery cutoff date should be **June 1, 2006**. Plaintiffs also propose that discovery cutoff date for experts be **September 1, 2006**.

Issues to be covered in discovery include, but are not limited to, (1) the relationship between Defendants and George Philipps (including whether any related entities had any relationship with George Philipps); (2) the precise consulting work allegedly performed by George Philipps under an alleged "consulting agreement"; (3) the relationship between George Philipps and Pension Fund Evaluations, Inc.; (4) the payment of finder's fees or other similar arrangements by Defendants (for this investment and other investments); (5) the alleged dispute between Defendants and the Service Employees International Union; (6) Defendants' knowledge/participation of the various breaches of fiduciary duty alleged in the Complaint; (7) the various relationships between the Defendants and other "Leeds Weld" entities; (8) all other individuals or entities with whom Defendants signed consulting or similar agreements; and (9) the disclosure(s) of the relationship between the Defendants and George Philipps, if any.

Plaintiffs do not believe that there is a need for a modification on the presumptive number of interrogatories (25) contained in the federal rules. While Plaintiffs believe they are likely to require only ten depositions during discovery, they believe it would be prudent to request that the Court allow for no more than 15 depositions to be taken in this case. This is in part due to the fact that a 30(b)(6) deposition for each Defendant would take up four of the allotted ten depositions.

DEFENDANTS: The issues in this case are straightforward. As noted in paragraph 11, Leeds Weld believes that discovery in this matter should proceed in two phases. Leeds Weld recommends that all Phase I discovery be completed by **April 28, 2006**, and that all Phase II discovery be completed by **June 14, 2006**.

Leeds Weld believes that the depositions (10) and interrogatories (25) allowed under the Federal Rules of Civil Procedure are sufficient. The parties may seek leave of court to obtain additional discovery, if and when appropriate. Leeds Weld therefore objects to plaintiffs' request to extend the limits on discovery at this time as premature.

9.   PLAINTIFFS: Expert reports and information pursuant to Rule 26(a)(2) should be exchanged on **August 1, 2006**.

DEFENDANTS: Leeds Weld believes expert discovery may not be necessary, but reserves the right to proffer an expert in response to any "expert" testimony offered by plaintiffs.[2]

10.   The Complaint is not a class action, and therefore, this requirement is inapplicable.

---

2   Plaintiffs have asserted that they only seek the relief of rescission which does not require proffer of expert evidence.

11. PLAINTIFFS: Plaintiffs do not anticipate a need for bifurcation in this case. Plaintiffs do not believe there is a reasonable basis to bifurcate discovery in the manner sought by Defendants in this case. Such bifurcation unnecessarily narrows discovery to suit Defendants' needs and does not adequately provide for Plaintiffs' ability to prove its case. It is neither coherent nor efficient to bifurcate discovery in this manner. For example, many of the individuals with knowledge in Phase I would have be deposed a second time in Phase II. Similarly, documents requested in Phase I would likely be responsive and relevant to requests in Phase II. The only parties spared from discovery in Phase I are the Defendants. Such bifurcation is one-sided and not an efficient use of resources.

DEFENDANTS: Leeds Weld recommends that discovery in this case be bifurcated and proceed in two phases. It is undisputed that the Leeds Weld Defendants are not fiduciaries and owe no fiduciary duty to plaintiff plans under the ERISA statute, and that plaintiffs must, as a threshold matter, prove that nonparties, principally Pension Fund Evaluations, Inc. ("PFE") and its alleged principals, were fiduciaries to plaintiff plans and breached their fiduciary duties, and that plaintiffs nor their agents had knowledge of an alleged relationship between George Philipps and Leeds Weld. To facilitate coherent and efficient discovery of the key issues, Leeds Weld recommends the following two-part discovery plan:

(a) <u>Phase I</u>: The parties shall take discovery (i) from persons and entities who advised plaintiffs on, and authorized the decision to, invest in the Leeds Weld Partnership, including but not limited to Columbia Partners, trustees and other principals of plaintiff plans at the time of investment, and PFE and its alleged principals, and (ii) on the question of PFE and its alleged principals' fiduciary obligations, if any, to plaintiff plans. The parties shall complete Phase I discovery no later than **April 28, 2006**.

(b) <u>Phase II</u>: The parties shall take discovery from persons and entities on the questions of Leeds Weld's alleged knowing participation in a fiduciary breach and omission of a material fact in connection with the sale or purchase of securities. Phase II discovery, if any, shall be completed no later than **June 14, 2006**.

12. PLAINTIFFS: Plaintiffs recommend that a pre-trial conference be set for **September 30, 2006**.

DEFENDANTS: Leeds Weld recommends that a pre-trial conference be scheduled for **September 15, 2006**.

13. PLAINTIFFS: Plaintiffs do not believe that a firm trial date should be established at this time, but rather that a trial date be set at the pre-trial conference.

DEFENDANTS: As the issues in this case are straightforward, and assuming this case proceeds at all, Leeds Weld recommends that a firm trial date in this matter be set for **October 16, 2006**.

14. DEFENDANTS: Leeds Weld has advised plaintiffs in writing that they believe the prosecution of this matter may merit sanctions. The complaint contains representations that are misleading and plaintiffs and their counsel have failed to take appropriate corrective action by withdrawing the complaint or amending it despite actual action notice of the inaccuracy.

PLAINTIFFS: Plaintiffs disagree with Defendants' characterization of the Complaint as misleading. The Complaint makes out a clear and unmistakable claim against the individual Defendants and no corrective action is needed.

Due to the parties' disagreements, each party has submitted a proposed scheduling order for the Court's review.

Respectfully submitted,

| | |
|---|---|
| /s/ Maydad Cohen | /s/ Paul Curnin (by permission) |
| James R. O'Connell (D.C. 61424A) | Kevin J. Arquit (D.C. #438511) |
| Maydad D. Cohen (D.C. 474204) | Paul C. Curnin, *pro hac vice* |
| O'DONOGHUE & O'DONOGHUE LLP | SIMPSON, THATCHER & BARTLETT |
| 4748 Wisconsin Avenue, N.W. | 425 Lexington Avenue |
| Washington, DC  20016 | New York, NY 10017 |
| | |
| (202) 362-0041 – Telephone | (212) 455-2000 – Telephone |
| (202) 362-2640 – Facsimile | (212) 455-2502 – Facsimile |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Dated:   December 20, 2005