UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2019 (PLF) |
| LEEDS WELD EQUITY PARTNERS, IV, LP, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

OPINION

This matter is before the Court on defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and for failure to join indispensable parties under Rule 12(b)(7) and Rule 19. After considering all the papers filed by the parties and the relevant case law, the Court grants defendants' motion to dismiss plaintiffs' claim under D.C. Code § 31-5606.05(a)(1)(B) and denies defendants' motion in all other respects.

I. BACKGROUND

Plaintiffs are three pension funds – United Association General Officers Retirement and Pension Fund, United Association Office Employees' Retirement and Pension Fund, and United Association Local Union Officers and Employees Pension Fund (collectively, the "plaintiff funds") – which have contracted to invest $25,000,000 in defendants' partnership. Additional plaintiffs William P. Hite and Stephen F. Kelly are current trustees and fiduciaries of

all three plaintiff funds. Plaintiff Patrick R. Perno is a current trustee and fiduciary of plaintiff United Association General Officers Retirement and Pension Fund and United Association Office Employees' Retirement and Pension Fund.  Plaintiff Bradley M. Karbowsky is a current trustee and fiduciary of United Association Local Union Officers and Employees Pension Fund.

Defendant Leeds Weld Equity Partners IV, LP (the "partnership") – a private equity firm focused on the education, training and information services industries – is a Delaware limited partnership located in New York.  Leeds Weld Equity Associates IV, LLC (the partnership's general partner), Leeds Equity Advisors, Inc. (the partnership's managing member), and Leeds Weld IV Advisors, LLC (a company hired by the partnership to give investment advice) are also named as defendants.

The actions of non-parties Pension Fund Evaluations, Inc. ("PFE"), George Phillips and Gregory Phillips are also at issue.  PFE served as plaintiff funds' investment consultant from 1999 until the investment contract at issue in this case was entered into. Plaintiffs allege that PFE and the Phillipses had a fiduciary duty to the funds as defined by ERISA, 29 U.S.C. § 1002(21), at the time of the contract in question.  See Complaint ¶¶ 20, 28, 31.  Plaintiffs allege that George Phillips "exercised influence and control" over PFE and thus owed a fiduciary duty to plaintiff funds, see Complaint ¶ 29, and that Gregory Phillips, George Phillips' son, was the principal of PFE and thus also a fiduciary to the plaintiff funds at the relevant time.  See Complaint ¶¶ 22, 30.

The complaint alleges that the partnership knowingly participated in PFE and in the Phillipses' breach of their fiduciary duties to the plaintiff funds in violation of Sections 404 and 406(b) of ERISA, codified at 29 U.S.C. §§ 1104, 1106(b), and that it committed fraud and

misrepresentation in a securities offering in violation of D.C. Code § 31-5606.05(a)(1)(B). Plaintiffs allege that non-party PFE breached its fiduciary duty when it failed to disclose an agreement between defendants and non-party George Phillips, pursuant to which defendants paid George Phillips $150,000 to influence plaintiff funds' decision to invest in defendants' partnership. See Complaint ¶¶ 24, 31. Subsequently, the funds contracted to invest a total of $25,000,000 in the partnership. See id. ¶¶ 16-18, 37. Defendant partnership is alleged to have knowingly participated in the alleged breach of fiduciary duty by PFE and the Phillipses. Plaintiffs seek rescission of the contract committing plaintiffs' funds to defendants' partnership. See id. ¶¶ 36-37.

On November 7, 2005, defendants filed a motion to dismiss both the ERISA and the D.C. Code claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants' Rule 12(b)(6) motion raises two arguments: first, that the plaintiffs have failed to allege a fiduciary duty with sufficient detail; and second, that the plaintiffs have failed to allege knowing participation in the breach of fiduciary duty by each individual defendant. Defendants also move to dismiss both the ERISA and the D.C. Code claims under Rule 12(b)(7) for failure to join PFE and the Phillipses as necessary parties. The motion to dismiss under Rule 12(b)(6) is granted in part and denied in part, and the motion to dismiss under Rule 12(b)(7) is denied.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted when a defendant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell v. Executive Comm. of the United Food and Commercial Workers Pension Plan for Employees, 191 F. Supp. 2d 10, 15 (D.D.C. 2002) (hereinafter Bell v. UFCW) (quoting In re Swine Flu Immunization Prods. Liab. Litig., 880 F.2d 1439, 1442 (D.C. Cir. 1989) and Conley v. Gibson, 255 U.S. 41, 45-46 (1955)). Defendants do not meet this burden with either the argument that plaintiffs fail to allege facts sufficient to show a fiduciary duty, or that the plaintiffs fail to allege knowing participation by each defendant. They are entitled, however, to a dismissal of plaintiff's D.C. Code claim for failure to allege fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

#### 1. ERISA Claim

##### a. Fiduciary duty

The complaint alleges that "PFE, as an investment consultant and monitoring firm, was a fiduciary to the plaintiff funds as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21)." Complaint ¶ 28. The complaint also alleges that "during the relevant time period" both George and Gregory Phillips "exercised influence and control over the activities of PFE, and [were] therefore [fiduciaries] to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21)." Complaint ¶¶ 29, 30. Defendants claim that these allegations merely track the statutory language of ERISA, 29 U.S.C. § 1002(21)(A) (defining "fiduciary"

under ERISA), and therefore are insufficient to state a claim under Rule 12(b)(6).  See Motion to Dismiss at 10.  This Court however, has held a similar allegation of fiduciary duty sufficient to survive a Rule 12(b)(6) motion even though the language only closely tracked the statute.  See Bell v. UFCW, 191 F. Supp. 2d at 16 & n.10 (holding allegation that "individual defendants 'render[ed] investment advice for a fee" to constitute a specific allegation of fiduciary duty sufficient to avoid Rule 12(b)(6) dismissal).  Other courts similarly have held that an allegation of fiduciary duty that tracks the statutory language is sufficient to defeat a Rule 12(b)(6) motion.  See, e.g., In re Polaroid, 362 F. Supp. 2d 941, 945 (S.D.N.Y. 2005); In re World Com, 263 F. Supp. 2d 745, 759-60 (S.D.N.Y. 2003); see also Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003) (holding in the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that a "plaintiff is required only to assert, not to prove, fiduciary status in its complaint").  The plaintiffs' allegation of fiduciary status in its complaint therefore is sufficient.

b.  Knowing participation

The defendants' argument that the plaintiffs must plead "knowing participation" by each defendant individually also fails.  The sole case cited by defendants in support of their argument that knowing participation must be pled individually does not concern a Rule 12(b)(6) motion to dismiss, but rather a motion for summary judgment *after* discovery.  See Keach v. U.S. Trust Co., 245 F. Supp. 2d 941, 945 (C.D. Ill. 2003).  While it may be appropriate to grant summary judgment for a failure to show knowing participation by such individuals following discovery, Rule 8 requires only that the complaint contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Plaintiffs' complaint satisfies this requirement. Defendants' motion to dismiss plaintiffs' ERISA claim for failure to state a claim therefore is denied.

### 2. DC Code § 31-5606.05(a)(1)(B)

Plaintiffs also allege a violation of D.C. Code § 31-5606.05(a)(1)(B), which provides in relevant part that:

> A person shall be civilly liable to another person who buys a security if the person . . . offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in the light of the circumstances under which made, not misleading, the buyer does not know of the untruth or omission and the offeror or seller does not sustain the burden of proof that the offeror or seller did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

D.C. CODE ANN. § 31-5606.05(a)(1)(B). The parties agree that, in the absence of case law interpreting this Code section, the nearly-identical language in Section 12(2) of the 1933 Securities Act, codified at 15 U.S.C. § 77*l*, is the closest analogue, and that the case law interpreting that statue should apply to Section 31-5606.05(a)(1)(B) as well. See Defendants' Motion to Dismiss at 15 & n.4; Plaintiffs' Reply Brief at 28.[1]

---

[1]  Section 12(2) reads in relevant part:

> Any person who . . . sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he

Claims alleging fraud under Section 12(2) have been held to be subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and therefore must be pleaded with particularity. See Falkowski v. Imation Corp., 309 F.3d 1123, 1133 (9th Cir. 2002) (holding that although Section 12(2) is "not governed by the heightened pleading standards of the [Private Securities Litigation Reform Act] PSLRA . . . [it is] subject to Federal Rule of Civil Procedure 9(b) . . ."); Melder v. Morris, 27 F.3d 1097, 1100 (5th Cir. 1994) (dismissing fraud claims made under Section 12(2) of the 1933 Act for, *inter alia*, failure to meet requirements of Rule 9(b)); In re U.S. Office Prods. Secs. Litig., 326 F. Supp. 2d 68, 82 (D.D.C. 2004). Fraud claims alleging omissions rather than affirmative misstatements also must meet the standard of Rule 9(b). See 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 9.03[1][b] (3d ed. 2002). Because plaintiffs' complaint under D.C. Code § 31-5606.05(a)(1)(B) alleges fraud, and because the D.C. statute tracks the language of Section 12(2) of the 1933 Securities Act, the complaint must satisfy the requirements of Rule 9(b).

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The "circumstances" that must be pleaded include the "time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence

---

did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable . . . to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

15 U.S.C. § 77*l* (2000).

of the fraud." Firestone v. Firestone, 76 F.3d 1205, 1211 (D.C. Cir. 1996); see also Kowal v. MCI Communications Corp., 16 F.3d 1271 (D.C. Cir. 1994); Buy Back D.C., LLC v. Home Depot USA, Inc., Civil Action No. 04-1429, Memorandum Opinion at 1 (D.D.C. Dec. 13, 2004). "With respect to omissions, the plaintiff must plead the type of facts omitted, the type of document in which they should have appeared and the way in which their omission made the documents misleading." Fujisawa Pharm. v. Kapoor, 814 F. Supp. 720, 727 (N.D. Ill. 1993); see also Solow v. Stone, 994 F. Supp. 173, 182 (S.D.N.Y. 1998) ("Plaintiff's naked assertion [of fraudulent concealment] does not approach the level of detail necessary to satisfy Rule 9(b).").

The complaint here alleges merely that the defendants failed to disclose their relationship with and payment to George Phillips. See Complaint ¶ 25. In so doing, the plaintiffs allege that the omission was made by "defendants," rather than by specific individuals connected with the partnership with whom representatives of the funds met or conversed. See Complaint ¶ 43. It further alleges that the omission occurred sometime during the period when defendants were "offering to sell, and selling the securities/partnership interest" at issue, without specifying the date of particular meetings or other communications in which fund representatives participated. See Complaint ¶ 43. Finally, it alleges that the plaintiff funds "have suffered damages" without stating the nature of those damages, or that they resulted from the alleged fraudulent omission. See Complaint ¶ 49. Because plaintiffs have failed to plead fraud with the particularity required by Rule 9(b), the motion to dismiss the claim under DC Code § 31-5606.05(a)(1)(B) is granted. The dismissal will be without prejudice in the event plaintiffs wish to re-plead their claims in an amended complaint.

*B. Motion to Dismiss for Failure to Join Indispensable Party*

Defendants move to dismiss the complaint under Rule 12(b)(7) of the Federal Rules of Civil Procedure because plaintiffs have failed to join PFE and the Phillipses as necessary parties under Rule 19.  Under Rule 19(a) of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).  Should the Court determine that any of Rule 19(a)'s criteria are met, it must order that the absent party be joined.  Id.

Relying specifically on Rule 19(a)(2)(i), defendants allege that PFE and the Phillipses' interest would be impaired if the Court were to find, as it must if plaintiffs' claim is to succeed, that these non-parties breached their fiduciary duties to plaintiffs.  PFE and the Phillipses' "interests," however, are not the kind of "interests" which Rule 19(a)(2) contemplates.  In Cloverleaf Standardbread Owners Assoc., Inc. v. Nat'l Bank of Washington, 699 F.2d 1274, 1279 (D.C. Cir. 1983), upon which defendants rely, the non-party's "interest" was in funds sought by plaintiff and held by defendant.  The interest of the non-party therefore was not in the court's determination of whether the non-party's conduct was illegal, but rather in "whether the funds on deposit . . . belonged to [the plaintiff] or were owned by [the non-party]."  Id.  Other courts similarly have found that a mere claim that a non-party has acted illegally is

9

insufficient to create an "interest" in the non-party under Rule 19(a)(2).  See, e.g., Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 136 (1st Cir. 1989) ("The mere fact, however, that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party."); Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F.2d 667, 671 (11th Cir. 1982) (holding fiduciary not a necessary party under Rule 19 when seeking rescission of contract entered into by fiduciary in breach of duty).  Here, no such interest exists.

Furthermore, even if the Court were to find that the non-parties breached their fiduciary duty to the plaintiff funds, those non-parties would not in any subsequent litigation be bound by the Court's findings here.  See 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 132.04[1][a][i] (3d ed. 2002) ("A determination can have issue preclusive (or collateral estoppel) effect only if the proceeding in which it was made afforded the party against whom estoppel is asserted a hearing on that issue that comports with due process.  For example, the party against whom issue preclusion is invoked must have been fully represented in the prior action."); see also Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 411 (3d Cir. 1993) ("The district court erred in holding that the mere possibility that its decision in the present action would be a 'persuasive precedent' in any subsequent action against [the non-party] could, as a practical matter, impair or impede [the non-party's] interests under Rule

19(a)(2)(i)."). Because neither PFE nor the Phillipses are necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure, defendants' motion to dismiss under Rule 12(b)(7) is denied.

An Order to this effect shall issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 19, 2006