IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al. | ) | |
| | ) | |
| PLAINTIFFS, | ) | Civ. No. 1:05CV02019 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| LEEDS WELD EQUITY PARTNERS IV, L.P., et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**JOINT MEET AND CONFER STATEMENT
UNDER FED. R. CIV. P. 26(f) and LCvR 16.3**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3, counsel for Plaintiffs and Defendants have conferred.

**MATTERS SET FORTH IN LCvR 16.3(c)**

1.    PLAINTIFFS: Plaintiffs will move for summary judgment.

DEFENDANTS: Leeds Weld[1] expects to move for summary judgment.

2.    PLAINTIFFS:  Plaintiffs propose that the date by which other parties shall be joined or the pleadings amended be set for **September 1, 2006**.  This date is longer than normal due to the complex relationships between the various Defendants, the fact that the fraud has been concealed, and because the defendants have raised objections based on the proper parties.

DEFENDANTS:  Leeds Weld proposes that the date by which other parties may be joined or the pleadings may be amended, without leave of court, be set for **July 1, 2006**.

3.    The parties agree that this case should not be assigned to a magistrate judge.

---

[1]    Defendants Leeds Weld Equity Partners IV, L.P., Leeds Weld Equity Associates IV, L.L.C., Leeds Weld IV Advisors, L.L.C. and Leeds Equity Advisors, Inc. are referred to herein collectively as "Leeds Weld."

4.     PLAINTIFFS: Plaintiffs believe that there is a realistic possibility of settlement. There have been unsuccessful settlement discussions between the parties and/or their representatives.

DEFENDANTS:  Settlement discussions to date have not been fruitful.  Leeds Weld will entertain a reasonable demand, should one be made.

5.     PLAINTIFFS: Plaintiffs believe that the parties would benefit from the Court's alternative dispute resolution ("ADR") procedures and in particular, formal settlement conferences with a Magistrate Judge, however, Plaintiffs believe that such ADR would be more appropriately ordered at the close of discovery or after summary judgment motions are filed. Plaintiffs are willing to meet informally with Defendants to discuss settlement prior to that date.

DEFENDANTS:  Absent a realistic proposal from plaintiffs, Leeds Weld does not believe ADR will be useful in resolving this dispute.

6.     PLAINTIFFS:  Once discovery is complete, there will be a reasonable basis for the Court to grant summary judgment to the Plaintiffs.  Plaintiffs propose that summary judgment motions be filed by two months after the close of discovery, or **February 1, 2007**.

DEFENDANTS:  Leeds Weld proposes that summary judgment motions be filed by **December 15, 2006**.

7.     The Parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) should be exchanged by **June 8, 2006**.

8.     PLAINTIFFS: Given the nature of the allegations and the number of parties, Plaintiffs expect significant discovery to be taken in this case.  The discovery cutoff date should be **December 1, 2006**. Plaintiffs also propose that discovery cutoff date for experts be **May 1, 2007**, one month after expert reports are due.

Issues to be covered in discovery include, but are not limited to, (1) the relationship between Defendants and George Philipps (including whether any related entities had any relationship with George Philipps); (2) the precise consulting work allegedly performed by George Philipps under an alleged "consulting agreement"; (3) the relationship between George Philipps and Pension Fund Evaluations, Inc.; (4) the payment of finder's fees or other similar arrangements by Defendants (for this investment and other investments); (5) the alleged dispute between Defendants and the Service Employees International Union; (6) Defendants' knowledge/participation of the various breaches of fiduciary duty alleged in the Complaint; (7) the various relationships between the Defendants and other "Leeds Weld" entities; (8) all other individuals or entities with whom Defendants signed consulting or similar agreements; and (9) the disclosure(s) of the relationship between the Defendants and George Philipps, if any.

Plaintiffs do not believe that there is a need for a modification on the presumptive number of interrogatories (25) contained in the federal rules. While Plaintiffs believe they are likely to require only ten depositions during discovery, they believe it would be prudent to request that the Court allow for no more than 15 depositions to be taken in this case. This is in part due to the fact that a 30(b)(6) deposition for each Defendant would take up four of the allotted ten depositions.

DEFENDANTS: This is not a complicated case. The essence of the complaint's allegation is that the Leeds Weld Defendants failed to disclose their relationship with George Philipps. Discovery should not be allowed to drag on. Leeds Weld proposes a fact discovery cut-off of **October 15, 2006,** and an expert discovery cut-off of **November 15, 2006**, assuming expert discovery is necessary.

Leeds Weld does not agree that all the potential topics of discovery listed by plaintiffs are relevant. Further, Leeds Weld believes that the depositions (10) and interrogatories (25) allowed under the Federal Rules of Civil Procedure are more than that sufficient. The parties may seek leave of court to obtain additional discovery, if and when appropriate. Leeds Weld therefore objects to plaintiffs' request to extend the limits on discovery at this time as premature.

Leeds Weld expects to depose representatives of plaintiffs' investment advisor, Columbia Partners, representatives of plaintiffs' agent, Pension Fund Evaluations, Inc. ("PFE"), including Gregory Philipps, and present and former directors, trustees and officers of the Pension Funds about a number of topics, particularly their knowledge of the relationship between Leeds Weld and George Philipps. Additional topics of discovery include the nature of the services performed by PFE.

9.      PLAINTIFFS: Expert reports and information pursuant to Rule 26(a)(2) should be exchanged on **April 2, 2007**, four months after the close of discovery.

DEFENDANTS: Expert reports and information, if any, should be exchanged no later than **October 15, 2006**. Leeds Weld believes expert discovery may not be necessary, since plaintiffs have asserted that they only seek relief of rescission, which does not require proffer of expert evidence.

10.      The Complaint is not a class action, and therefore, this requirement is inapplicable.

11.      PLAINTIFFS: Plaintiffs do not anticipate a need for bifurcation in this case.

DEFENDANTS: Leeds Weld believes that the dispositive threshold issue in this matter is the knowledge of the Pension Funds' trustees, officers and agents of the relationship

between George Philipps and Leeds Weld.  Leeds Weld believes that this knowledge can be readily established.  Therefore it makes compelling good sense, particularly in terms of efficiently managing the resources of the parties and the Court, to address this issue first.

12.    PLAINTIFFS: Plaintiffs recommend that a pre-trial conference be set for **June 1, 2007**.

DEFENDANTS:  Agreed.

13.    PLAINTIFFS: A firm trial date should be established at the pre-trial conference.

DEFENDANTS: Leeds Weld believes that a firm trial date should be set no later than the pre-trial conference.

Respectfully submitted,

/s/ Maydad Cohen
James R. O'Connell (D.C. 61424A)
Maydad D. Cohen (D.C. 474204)
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016

(202) 362-0041 – Telephone
(202) 362-2640 – Facsimile

*Attorneys for Plaintiffs*

/s/ Paul Curnin (by permission)
Kevin J. Arquit (D.C. #438511)
Paul C. Curnin, *pro hac vice*
SIMPSON, THATCHER & BARTLETT
425 Lexington Avenue
New York, NY 10017

(212) 455-2000 – Telephone
(212) 455-2502 – Facsimile

*Attorneys for Defendants*

Dated:  May 4, 2006