IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM P. HITE, *et al.* ) | |
| ) | |
| PLAINTIFFS, ) | Civil Action No. 05-2019 (PLF) |
| ) | |
| v. ) | |
| ) | |
| LEEDS EQUITY PARTNERS IV, L.P., ) | |
| *et al.* ) | |
| ) | |
| DEFENDANTS. ) | |

**ANSWER TO THE COMPLAINT AND AFFIRMATIVE
<u>DEFENSES OF LEEDS DEFENDANTS</u>**

Defendants Leeds Equity Partners IV, L.P.,[1] Leeds Equity Associates IV, L.L.C.,[2] Leeds IV Advisors, L.L.C.[3] and Leeds Equity Advisors, Inc.[4] (collectively, the "Leeds Defendants"), by and through their attorneys, Simpson Thacher & Bartlett, LLP, for their answer to the Complaint, dated October 12, 2005, of William P. Hite and Stephen F. Kelly, as trustees on behalf of the United Association General Officers Retirement and Pension Fund, the United Association Office Employees' Pension and Retirement Fund, and the United Association Local Union Officers and Employees Pension Fund (collectively, the "Pension Funds"); Patrick R. Perno, as trustee on behalf of the United Association General Officers Retirement and Pension

---

[1]     The Complaint names as a defendant Leeds Weld Equity Partners IV, L.P. The name of the party has been changed. The true and correct name of the aforementioned defendant is Leeds Equity Partners IV, L.P.

[2]     The Complaint names as a defendant Leeds Weld Equity Associates IV, L.L.C. The name of the party has been changed. The true and correct name of the aforementioned defendant is Leeds Equity Associates IV, L.L.C.

[3]     The Complaint names as a defendant Leeds Weld IV Advisors, L.L.C. The name of the party has been changed. The true and correct name of the aforementioned defendant is Leeds IV Advisors, L.L.C.

[4]     The Complaint names as a defendant Leeds Weld Equity Advisors, Inc. The true and correct name of the party is Leeds Equity Advisors, Inc.

Fund and the United Association Office Employees' Pension and Retirement Fund; and Bradley M. Karbowsky, as trustee on behalf of the United Association Local Union Officers and Employees Pension Fund, and consistent with the Court's Order of April 19, 2006,[5] hereby state as follows:

## ANSWER

1.  Leeds Defendants deny the allegations contained in paragraph 1, except that Leeds Defendants admit that William P. Hite, Patrick R. Perno, Stephen F. Kelly and Bradley M. Karbowsky on behalf of one or more of the Pension Funds, filed a complaint asserting claims against the Leeds Defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and District of Columbia Code § 31-5606.05(a)(1)(B), the latter which has been dismissed and requires no response.

2.  The allegations contained in paragraph 2 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.  The allegations contained in paragraph 3 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny knowledge or information sufficient to form a belief as to the alleged location of the United Association General Officers Retirement and Pension Fund.

4.  The allegations contained in paragraph 4 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants admit that the permanent address of the United Association Local Union Officers and Employees Pension Fund is at 103 Oronoco Street, Alexandria, Virginia 22314.

---

[5] By Order of April 19, 2006, the Court dismissed count II of the Complaint without prejudice. Plaintiffs have not filed an amended complaint restating the dismissed claim and, therefore, no response is required.

5. Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Leeds Defendants admit that Leeds Equity Partners IV, L.P. (the "Partnership") is a limited partnership organized under the laws of Delaware, located at 350 Park Avenue, 23rd Floor, New York, New York 10022.

10. Leeds Defendants admit that Leeds Equity Associates IV, L.L.C. is a limited liability company organized under the laws of Delaware, located at 350 Park Avenue, 23rd Floor, New York, New York 10022, and the General Partner of Leeds Equity Partners IV, L.P.

11. Leeds Defendants admit that Leeds IV Advisors, L.L.C. is a limited liability company contracted to (i) originate, recommend, structure and identify sources of capital for investment opportunities to the Partnership, (ii) monitor, evaluate and make investment recommendations regarding the timing and manner of disposition of Portfolio Investments, and (iii) provide other related services.

12. Leeds Defendants admit that Leeds Equity Advisors, Inc. is the Managing Member of Leeds IV Advisors, L.L.C.

13. The allegations contained in paragraph 13 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants admit that the Court's

jurisdiction in this matter is pursuant to Section 502(e) of ERISA, 29 U.S.C. § 502(e) and 28 U.S.C. §§ 1331 and 1337.

14.     The allegations contained in paragraph 14 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 14.

15.     Leeds Defendants deny the allegations contained in paragraph 15, except to admit that on or about January 13, 2003, the subscription agreement ("Subscription Agreement") entered into by the Pension Funds, by and through their trustee, to purchase limited partnership interests in Leeds Equity Partners IV, L.P., was fully executed.

16.     Leeds Defendants admit that the Union Association Local Union Officers and Employee Pension Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of twenty-two million dollars ($22,000,000).

17.     Leeds Defendants admit that the United Association General Officers Retirement and Pension Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of two million dollars ($2,000,000).

18.     Leeds Defendants admit that the United Association Office Employees' Pension and Retirement Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital

Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of one million dollars ($1,000,000).

19. Leeds Defendants admit that the Pension Funds, by and through their trustee, agreed to be contractually bound by the respective Subscription Agreements into which each entered, the Leeds Equity Partners IV, L.P. Amended and Restated Limited Partnership Agreement (the "Partnership Agreement"), and all agreements referenced therein.

20. The allegations contained in paragraph 20 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 20.

21. The allegations contained in paragraph 21 state legal conclusions, and do not require a response. To the extent a response is required, due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny the same.

22. The allegations contained in paragraph 22 state legal conclusions, and do not require a response. To the extent a response is required, due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny the same.

23. Due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 23, and therefore deny the same.

24. Leeds Defendants deny the allegations contained in paragraph 24.

25. Leeds Defendants deny the allegations contained in paragraph 25.

26. Leeds Defendants, in response to paragraph 26, incorporates its responses in paragraphs 1 through 25.

27. The allegations contained in paragraph 27 state legal conclusions, and do not require a response.

28. The allegations contained in paragraph 28 state legal conclusions, and do not require a response.

29. The allegations contained in paragraph 29 state legal conclusions, and do not require a response.

30. The allegations contained in paragraph 30 state legal conclusions, and do not require a response.

31. The allegations contained in paragraph 31 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 37.

38. The allegations contained in paragraph 38 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 38.

39. The allegations contained in paragraph 39 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 39.

40. The allegations contained in paragraph 40 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 40.

41. The allegations contained in paragraph 41 state legal conclusions, and do not require a response. To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 41.[6]

---

[6] Count II (paragraphs 42-49 of the Complaint) has been dismissed by order of the Court dated April 19, 2006, and requires no response at this time.

## AFFIRMATIVE AND OTHER DEFENSES

Leeds Defendants allege the following affirmative and other defenses with respect to the count alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on the plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

42. The claim alleged in the Complaint against the Leeds Defendants is barred because it fails to state a claim upon which relief can granted and fails to comply with the requirements of ERISA and Rule 8(a) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

43. The claim alleged in the Complaint against the Leeds Defendants is barred because the Leeds Defendants did not breach any duty owed to the Pension Funds.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiffs are precluded from recovery, in whole or part, because the Leeds Defendants are not ERISA fiduciaries and, as such, may not be held liable for any compensatory or other legal relief.

### FOURTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

46. The claim alleged in the Complaint against the Leeds Defendants is barred, in whole or part, to the extent that plaintiffs or other persons acting on behalf of the Pension Funds failed to act in a manner consistent with their obligations of good faith and fair dealing.

### SIXTH AFFIRMATIVE DEFENSE

47. The claim alleged in the Complaint against the Leeds Defendants is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

48. The claim alleged in the Complaint against the Leeds Defendants is barred by the doctrines of estoppel, waiver and/or ratification.

### EIGHTH AFFIRMATIVE DEFENSE

49. Leeds Defendants are entitled to be indemnified and/or receive contribution for any liability they incur.

50. At this time, Leeds Defendants lack sufficient knowledge to form a belief as to the existence and availability of additional affirmative and other defenses. Leeds Defendants hereby reserve the right to amend the foregoing defenses and responses based on facts and circumstances that may hereafter arise in this action.

WHEREFORE, Leeds Defendants respectfully request entry of judgment granting the following relief:

(a) dismissing Plaintiffs' Complaint with prejudice;

(b) awarding the costs of defending this action, including attorneys' fees, costs, and disbursements incurred by Leeds Defendants in the defense of this action;

(c) granting such other and further relief as this Court may deem just and proper.

May 8, 2006　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　By:　　　/s/  Paul C. Curnin　　　　
　　　　　　　　　　　　　　　　Kevin J. Arquit, #438511
　　　　　　　　　　　　　　　　Paul C. Curnin, *pro hac vice*
　　　　　　　　　　　　　　　　SIMPSON THACHER & BARTLETT LLP
　　　　　　　　　　　　　　　　425 Lexington Avenue
　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　(212) 455-2000

　　　　　　　　　　　　　　　　*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of May, 2006, a true and correct copy of the foregoing Answer to the Complaint and Affirmative Defenses of the Leeds Defendants was served upon plaintiffs' attorneys, James R. O'Connell and Maydad D. Cohen, via ECF to:

James R. O'Connell, Esq.
Maydad D. Cohen, Esq.
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC 20016


　　　　　　　　　　　　　　　　　　　　　　　/s/  Paul C. Curnin
　　　　　　　　　　　　　　　　　　　　　　Paul C. Curnin, *pro hac vice*