UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2019 (PLF) |
| LEEDS WELD EQUITY PARTNERS, IV, LP, et al., | ) ) ) | |
| Defendants. | ) ) | |

SCHEDULING ORDER

On April 19, 2006, the Court granted in part and denied in part defendants' motion to dismiss, and directed the parties to file a joint proposed discovery schedule. Based upon the Joint Meet and Confer Statement filed on May 4, 2006, it is hereby ORDERED that

1. Any motion to amend the pleadings or join additional parties shall be made by August 1, 2006.

2. All discovery in this case shall end on February 1, 2007. Fact discovery shall be completed by November 15, 2006. Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

3. Each party is limited to a maximum of 25 interrogatories to any other party. Responses to all interrogatories are due 30 days after service.

4. Each party is limited to a maximum of 10 depositions.

      5.      Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made by June 8, 2006.

      6.      Disclosures of both sides' retained experts pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure are due by December 15, 2006.

      7.      Depositions of each party's retained experts shall be completed by February 1, 2007.

      8.      Dispositive motions shall be filed on or before February 1, 2007; oppositions by March 1, 2007; and replies, if any, by March 15, 2007.

      9.      Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court by contacting chambers.  Counsel shall not file a discovery motion without a prior conference with the Court and opposing counsel.

      10.      Counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, e.g., mediation or neutral evaluation, is encouraged and is available by request of the Court at any time, as is a settlement conference before a magistrate judge.  If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

      11.    Counsel are reminded to comply with Local Civil Rule 7(m), which requires counsel to confer on all nondispositive motions prior to filing them with the Court.  <u>See</u> LCvR 7.  The party filing the motion shall include in its motion a statement that the required discussion occurred and a statement as to whether the motion is opposed.

      SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 19, 2006