**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIAM P. HITE, et al. | ) ) ) | |
| PLAINTIFFS, | ) ) | Civ. No. 1:05CV02019 (PLF) |
| v. | ) ) ) | |
| LEEDS WELD EQUITY PARTNERS IV, L.P., et al. | ) ) ) | |
| DEFENDANTS. | ) ) ) | |

**AMENDED COMPLAINT**

Plaintiffs, by their attorneys, O'Donoghue & O'Donoghue LLP, as for its Amended Complaint against Defendants herein, allege as follows:

**INTRODUCTORY STATEMENT**

1. By this action, the United Association Local Union Officers and Employees Pension Fund, the United Association General Officers Retirement and Pension Fund, and the United Association Office Employees' Retirement and Pension Fund and Trustees William P. Hite, Patrick R. Perno, Stephen F. Kelly, and Bradley M. Karbowsky (collectively "Funds" or "Plaintiffs") seek legal and/or equitable relief against Defendants Leeds Weld Equity Partners IV, L.P. ("the Partnership") and Leeds Weld Equity Associates IV, LLC, its General Partner, Leeds Weld IV Advisors, LLC, the Partnership's advisor and Leeds Equity Advisors, Inc., the advisor's managing member (collectively "Defendants"), for knowing participation in a breach or breaches of fiduciary duty pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., and for fraud and misrepresentation in connection with the offering of securities in the District of Columbia, D.C. Code § 31-5606.05(a)(1)(B). As set

forth below, Defendants conspired with George Philipps, for the purpose of influencing the decision to invest a total of twenty five million dollars ($25,000,000) of the Funds's assets in the Partnership and intentionally chose not to disclose and/or deliberately concealed the existence of the relationship with and payment to George Philipps.

## PARTIES

2. Plaintiff United Association General Officers Retirement and Pension Fund is a pension plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The United Association General Officers Retirement and Pension Fund is administered at 901 Massachusetts Avenue, Washington, DC. 20001.

3. Plaintiff United Association Office Employees' Retirement and Pension Fund is a pension plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The United Association Office Employees' Retirement and Pension Fund is administered at 901 Massachusetts Avenue, Washington, DC 20001.

4. Plaintiff United Association Local Union Officers and Employees Pension Fund is a pension plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). The United Association Local Union Officers and Employees Pension Plan is administered at 103 Oronoco Street, Alexandria Virginia 22314.

5. Plaintiff William P. Hite, as a current trustee of the Plaintiff Funds, is a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff Patrick R. Perno, as a current trustee of Plaintiff United Association General Officers Retirement and Pension Fund and Plaintiff United Association Office

Employees' Retirement and Pension Fund, is a fiduciary to those Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Plaintiff Stephen F. Kelly, as a current trustee of the Plaintiff Funds, is a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

8. Plaintiff Bradley M. Karbowsky, as a current trustee of Plaintiff United Association Local Union Officers and Employees Pension Fund, is a fiduciary to that Fund as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

9. Defendant Leeds Weld Equity Partners IV, L.P. ("the Partnership") is a Delaware limited partnership located at 350 Park Avenue, 23rd Floor, New York, New York 10022.

10. Defendant Leeds Weld Equity Associates IV, LLC is a Delaware limited liability company believed to be located at 350 Park Avenue, 23rd Floor, New York, New York 10022. Defendant Leeds Weld Equity Associates IV, LLC is the General Partner of Leeds Weld Equity Partners IV, L.P.

11. Defendant Leeds Weld IV Advisors, LLC is a Delaware limited liability company hired by the Partnership to (1) originate, recommend, structure and identify sources of capital for investment opportunities to the Partnership; (2) monitor, evaluate and make recommendation regarding the timing and manner of disposition of portfolio investments; and (3) provide other related services.

12. Defendants Leeds Equity Advisors, Inc. is Defendant Leeds Weld IV Advisors, LLC's Managing Member.

## JURISDICTION

13. This knowing participation in a fiduciary breach claim is brought under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Accordingly, jurisdiction over this lawsuit is vested in this Court pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e) and pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over the pendent claim in this matter pursuant to 28 U.S.C. § 1367.

14. Venue with respect to this action lies in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because two of the Funds are administered in this District and a substantial part of the events or omissions giving rise to the claims asserted occurred in this District.

## FACTS COMMON TO ALL COUNTS

15. On or about January 13, 2003, the Funds entered into a contract (the "Subscription Agreement") with Defendants to purchase from Defendants certain securities. The Plaintiff Funds entered into the Subscription Agreement to purchase limited partnership interests in the Partnership.

16. Plaintiff United Association Local Union Officers and Employees Pension Fund agreed to commit twenty two million dollars ($22,000,000) to the Partnership.

17. Plaintiff United Association General Officers Retirement and Pension Fund agreed to commit two million dollars ($2,000,000) to the Partnership.

18. Plaintiff United Association Office Employees' Retirement and Pension Fund agreed to commit one million dollars ($1,000,000) to the Partnership.

19. The Funds agreed to be bound by the Leeds Weld Equity Partners IV, L.P. Amended and Restated Limited Partnership Agreement ("Partnership Agreement").

20. Since 1999 and through the time the securities were purchased, Pension Fund Evaluations, Inc. ("PFE") was the Funds's investment consultant, providing a variety of investment consulting and performance monitoring services to the Funds as a fiduciary as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

21. George Philipps, during the relevant time period, exercised influence and control over PFE and was a fiduciary to the Funds as that term is defined by ERISA.

22. Gregory Philipps, George Philipps's son, was the principal of PFE and was a fiduciary to the Funds during the relevant time period.

23. PFE advised the Funds on the decision to invest twenty five million dollars ($25,000,000) in the Partnership.

24. Defendants conspired with George Philipps and paid him at least a one hundred and fifty thousand dollar ($150,000) fee to influence the decision to invest in the Partnership.

25. Defendants intentionally and willfully chose not to disclose and/or deliberately concealed the existence of the relationship with, and payment to, George Philipps.

## COUNT I:
## KNOWING PARTICIPATION IN A BREACH OF FIDUCIARY DUTY

26. Plaintiffs hereby incorporate the allegations in paragraphs 1 though 25.

27. Plaintiffs United Association Local Union Officers and Employees Pension Fund, United Association General Officers Retirement and Pension Fund, United Association Office Employees' Retirement and Pension Fund are pension plans as defined by Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

28. PFE, as an investment consultant and monitoring firm, was a fiduciary to the Funds as that term is defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5

29.     George Philipps, during the relevant time period, exercised influence and control over the activities of PFE, and was therefore, a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

30.     Gregory Philipps, during the relevant time period, exercised influence and control over the activities of PFE and was therefore, a fiduciary to the Funds as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

31.     PFE breached its fiduciary duty owed to the Funds under ERISA Sections 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b), by failing to disclose that Defendants had an agreement in place to pay a fee to George Philipps in exchange for influencing the decision to enter into the Subscription Agreement.

32.     Defendants had actual or constructive knowledge of PFE's breach of fiduciary duty and knowingly participated in PFE's breach of fiduciary duty.

33.     Gregory Philipps breached his fiduciary duty owed to the Funds under ERISA §§ 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b) by failing to disclose that Defendants had an agreement in place to pay a fee to George Philipps in exchange for influencing the decision to enter into the Subscription Agreement.

34.     Defendants had actual or constructive knowledge of Gregory Philipps's breach of fiduciary duty and knowingly participated in Gregory Philipps's breach of fiduciary duty.

35.     George Philipps breached his fiduciary duty owed to the Funds under ERISA Sections 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b), by failing to disclose that Defendants had an agreement in place to pay him a fee in exchange for influencing the decision to enter into the Subscription Agreement.

36. Defendants had actual or constructive knowledge of George Philipps's breach of fiduciary duty and knowingly participated in George Philipps's breach of fiduciary duty.

37. Based upon statements made by Defendants and their representatives, Plaintiff Funds believe that discovery may produce evidentiary support to allege that another individual or individuals, including but not limited to some former Trustees, acting in a fiduciary capacity to the Funds breached a fiduciary duty owed to the Funds under ERISA Sections 404 and 406(b), 29 U.S.C. §§ 1104 and 1106(b) by failing to disclose that Defendants had an agreement in place to pay George Philipps a fee in exchange for influencing the decision to enter into the Subscription Agreement.

38. To the extent that the litigation produces evidentiary support to the allegation that another individual breached his or her fiduciary duty by failing to disclose the financial relationship between Defendants and George Philipps and that Defendants had actual or constructive knowledge of such a breach, Defendants violated ERISA by knowingly participating in any such breach of fiduciary duty.

**WHEREFORE**, Plaintiffs request that the court enter a judgment:

39. Ordering the rescission of all agreements entered into between the Plaintiff Funds and the Defendants, including, but not limited to the Partnership Agreement and the Subscription Agreement;

40. Ordering for the restitution of all Fund assets of the Plaintiff Funds;

41. Ordering for the disgorgement of any proceeds derived from the ill gotten assets of the Plaintiff Funds;

42. Ordering for the disgorgement of any of Defendants' profits derived from the ill gotten assets of the Plaintiff Funds;

43. Providing for any other legal or equitable relief as the Court deems reasonable and just.

## COUNT II:
## FRAUD AND MISREPRESENTATION IN CONNECTION WITH THE OFFERING OF SECURITIES IN THE DISTRICT OF COLUMBIA UNDER D.C. CODE § 31-5606.05(a)(1)(B)

44. Plaintiffs hereby incorporate the allegations in paragraphs 1 though 43 of this Complaint.

45. Defendants began marketing the interests of the Partnership to Plaintiff Funds and their advisors, as well as other funds associated with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, in late 2001or early 2002.

46. Upon information and belief, Defendants entered into an agreement with George Philipps to market the Partnership interests to various entities, including the Plaintiff Funds. Specifically, Defendants agreed to pay George Philipps a fee if the Plaintiff Funds invested in the Partnership.

47. In July of 2002, then Trustee of the Plaintiff Funds and the Plumbers and Pipefitters National Pension Fund ("PPNPF") Martin J. Maddaloni asked Terence W. Collins of Columbia Partners LLC, a registered investment adviser, to review the Partnership as a possible investment.

48. On August 8, 2002, Mr. Collins of Columbia Partners and Mr. K. Dunlop Scott, a consultant to Columbia Partners, attended a meeting in New York, New York with representatives of Defendants.  Messrs. William Weld, Jeffrey Leeds and Jonathan Newcomb were present on behalf of the Defendants.  George Philipps was also present at the August 8 meeting.

49. On September 10, 2002, representatives from Defendants, including William Weld, Thomas McLarty, Jeffrey Leeds and John Newcomb attended a meeting of the Trustees of the PPNPF. The Trustees of the PPNPF, Martin J. Maddaloni, Thomas H. Patchell, and Patrick R. Perno were also Trustees of the Plaintiff Funds during the relevant time period. Defendants' representatives attended the meeting for purposes of making a presentation to the PPNPF Trustees regarding the Partnership as a possible investment. Messrs. Collins and Scott also attended the meeting.

50. Plaintiff Funds requested Columbia Partners to review the offer of the Partnership interests/securities for appropriateness of purchase/investment by the Plaintiff Funds.

51. In conducting the review, Mr. Collins and Mr. Scott of Columbia Partners discussed the Partnership with various representatives of the Defendants on more than one occasion, including William Weld, Jeffrey Leeds and Peter Lyons.

52. Columbia Partners was then retained by the Plaintiff Funds as an Investment Manager, as that term is defined in Section 3(38) of ERISA.

53. On or about January 13, 2003, Defendants accepted the Plaintiff Funds' Subscription Agreements for a capital commitment and admitted Plaintiffs as limited partners of the Partnership effective on or about that day.

54. In joining the Partnership, the Plaintiff Funds received voluminous documents – including an Opinion Letter dated November 13, 2002 by the Partnership's counsel which references a "finder's agreement between the Partnership and Links Securities, LLC dated June 29, 2001." No similar disclosure or reference was made by any Defendants or their

9

representatives regarding the financial relationship or finder's fee between Defendants and George Philipps.

55. No representative of the Defendants, specifically Messrs. William Weld, Jeffrey Leeds, Peter Lyons, Thomas McLarty or John Newcomb, disclosed the financial relationship between Defendants and George Philipps at, or in relation to, the August 8, 2002 meeting, the September 10, 2002 meeting, the numerous contacts with Columbia Partners or any other time between July 2002 and January 13, 2003.

56. As described above, Messrs. William Weld, Jeffrey Leeds, Peter Lyons, Thomas McLarty and John Newcomb and other representatives of Defendants intentionally and willfully chose not to disclose and/or deliberately concealed and omitted from the Plaintiff Funds the existence of a material fact: the financial relationship between the Defendants and George Philipps.

57. A the time Plaintiff Funds requested Columbia Partners to investigate the appropriateness of the investment or at the time Columbia Partners was hired as the Investment Manager for an investment in the Partnership or at the time the Plaintiff Funds purchased the securities at issue, Plaintiff Funds did not have a material fact in their possession, specifically the fact that a financial relationship existed between the Defendants and George Philipps.

58. Had Defendants properly disclosed the financial relationship between the Defendants and George Philipps, Plaintiff Funds would not have retained Columbia Partners, purchased the securities at issue or participated in the investment in the Partnership.

59. Defendants failed to disclose the fee-payment arrangement with George Philipps to the Plaintiff Funds. As a result, Defendants omitted to state a material fact, specifically, that a financial relationship existed between Defendants and George Philipps under which

Defendants would pay George Philipps a fee in exchange for his influencing and/or coercing the Funds' decision to enter into the Subscription Agreement.

60. Defendants, in offering to sell, and selling in the District of Columbia the securities/partnership interest described above omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

61. Plaintiff Funds first learned of the financial arrangement between Defendants and George Philipps in or about December 2004, and Plaintiffs filed their present lawsuit on October 12, 2005, within one year of learning about the material omission.

62. The Funds have suffered damages as a direct result of Defendants' omission of a material fact. Plaintiffs have been damaged by being fraudulently induced into committing to purchase $25 million worth of illiquid securities that are presently worth substantially less that what they paid for them. Plaintiff Funds have also been damaged by not having the opportunity to invest the money in a better performing investment.

**WHEREFORE**, Plaintiffs requests that the court enter a judgment:

63. Rescinding the sale of the securities and ordering Defendants to pay to Plaintiffs the sum of twenty five million dollars ($25,000,000), the consideration paid of the securities plus interest at the legal rate, less the amount of income received by Plaintiffs on the securities as described above;

64. Awarding Plaintiffs the costs of this suit, along with reasonable attorneys' fees;

65. Providing for injunctive relief from further payments to Defendants under the Partnership Agreement; and such other and further legal or equitable relief as the Court deems reasonable and just.

Respectfully submitted,

By: <u>/s/Maydad Cohen</u>
James R. O'Connell (D.C. 61424A)
joconnell@odonoghuelaw.com
Maydad D. Cohen (D.C. 474204)
mcohen@odonoghuelaw.com
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
(202) 362-0041—Telephone
(202) 362-2640—Facsimile

*Attorneys for Plaintiffs*

141876_2