IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| WILLIAM P. HITE, *et al.* | ) | |
| | ) | |
| PLAINTIFFS, | ) | Civil Action No. 05-2019 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| LEEDS EQUITY PARTNERS IV, L.P., | ) | |
| *et al.* | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## ANSWER TO THE FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES OF LEEDS DEFENDANTS

Defendants Leeds Equity Partners IV, L.P.,[1] Leeds Equity Associates IV, L.L.C.,[2]

Leeds IV Advisors, L.L.C.[3] and Leeds Equity Advisors, Inc. (collectively, the "Leeds

Defendants"), by and through their attorneys, Simpson Thacher & Bartlett, LLP, for their answer

to the First Amended Complaint, dated May 19, 2006, of William P. Hite and Stephen F. Kelly,

as trustees on behalf of the United Association General Officers Retirement and Pension Fund,

the United Association Office Employees' Pension and Retirement Fund, and the United

Association Local Union Officers and Employees Pension Fund (collectively, the "Pension

Funds"); Patrick R. Perno, as trustee on behalf of the United Association General Officers

---

[1]    Plaintiffs' First Amended Complaint names as a defendant Leeds Weld Equity Partners IV, L.P.  As noticed in Leeds Defendants' answer to the original complaint, the name of the party has been changed.  The true and correct name of the aforementioned defendant is Leeds Equity Partners IV, L.P.

[2]    Plaintiffs' First Amended Complaint names as a defendant Leeds Weld Equity Associates IV, L.L.C.  As noticed in Leeds Defendants' answer to the original complaint, the name of the party has been changed.  The true and correct name of the aforementioned defendant is Leeds Equity Associates IV, L.L.C.

[3]    Plaintiffs' First Amended Complaint names as a defendant Leeds Weld IV Advisors, L.L.C.  As noticed in Leeds Defendants' answer to the original complaint, the name of the party has been changed.  The true and correct name of the aforementioned defendant is Leeds IV Advisors, L.L.C.

Retirement and Pension Fund and the United Association Office Employees' Pension and Retirement Fund; and Bradley M. Karbowsky, as trustee on behalf of the United Association Local Union Officers and Employees Pension Fund, hereby state as follows:

## ANSWER

1.     Leeds Defendants deny the allegations contained in paragraph 1, except Leeds Defendants admit that William P. Hite, Patrick R. Perno, Stephen F. Kelly and Bradley M. Karbowsky on behalf of one or more of the Pension Funds, filed a complaint asserting claims against the Leeds Defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and District of Columbia Code § 31-5606.05(a)(1)(B).

2.     The allegations contained in paragraph 2 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.     The allegations contained in paragraph 3 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny knowledge or information sufficient to form a belief as to the alleged location of the United Association General Officers Retirement and Pension Fund.

4.     The allegations contained in paragraph 4 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants admit that the permanent address of the United Association Local Union Officers and Employees Pension Fund is at 103 Oronoco Street, Alexandria, Virginia 22314.

5.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.     Leeds Defendants admit that Leeds Equity Partners IV, L.P. (the "Partnership") is a limited partnership organized under the laws of Delaware, located at 350 Park Avenue, 23rd Floor, New York, New York 10022.

10.     Leeds Defendants admit that Leeds Equity Associates IV, L.L.C. is a limited liability company organized under the laws of Delaware, located at 350 Park Avenue, 23rd Floor, New York, New York 10022, and the General Partner of Leeds Equity Partners IV, L.P.

11.     Leeds Defendants admit that Leeds IV Advisors, L.L.C. is a limited liability company contracted to (i) originate, recommend, structure and identify sources of capital for investment opportunities to the Partnership, (ii) monitor, evaluate and make investment recommendations regarding the timing and manner of disposition of Portfolio Investments, and (iii) provide other related services.

12.     Leeds Defendants admit that Leeds Equity Advisors, Inc. is the Managing Member of Leeds IV Advisors, L.L.C.

13.     The allegations contained in paragraph 13 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants admit that the Court's jurisdiction in this matter is pursuant to Section 502(e) of ERISA, 29 U.S.C. § 502(e), and 28 U.S.C. §§ 1331 and 1337.

14.    The allegations contained in paragraph 14 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 14.

15.    Leeds Defendants deny the allegations contained in paragraph 15, except admit that on or about January 13, 2003, the subscription agreement ("Subscription Agreement") entered into by the Pension Funds, by and through their trustee, to purchase limited partnership interests in Leeds Equity Partners IV, L.P., was fully executed.

16.    Leeds Defendants admit that the United Association Local Union Officers and Employee Pension Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of twenty-two million dollars ($22,000,000).

17.    Leeds Defendants admit that the United Association General Officers Retirement and Pension Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of two million dollars ($2,000,000).

18.    Leeds Defendants admit that the United Association Office Employees' Retirement and Pension Fund, by and through its trustee, entered into a Subscription Agreement to purchase limited partnership interests in Leeds Equity Partners IV, L.P. with a Capital Commitment, as that term is defined in the Partnership Agreement referenced in the Subscription Agreement, of one million dollars ($1,000,000).

19.     Leeds Defendants admit that the Pension Funds, by and through their trustees, agreed to be contractually bound by the respective Subscription Agreements into which each entered, the Leeds Equity Partners IV, L.P. Amended and Restated Limited Partnership Agreement (the "Partnership Agreement"), and all agreements referenced therein.

20.     The allegations contained in paragraph 20 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 20.

21.     The allegations contained in paragraph 21 state legal conclusions, and do not require a response.  To the extent a response is required, due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny the same.

22.     The allegations contained in paragraph 22 state legal conclusions, and do not require a response.  To the extent a response is required, due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny the same.

23.     Due to vagueness and ambiguity, Leeds Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 23, and therefore deny the same.

24.     Leeds Defendants deny the allegations contained in paragraph 24.

25.     Leeds Defendants deny the allegations contained in paragraph 25.

26.     Leeds Defendants, in response to paragraph 26, incorporate their responses in paragraphs 1 through 25 as if fully set forth herein.

27.     The allegations contained in paragraph 27 state legal conclusions, and do not require a response.

28.     The allegations contained in paragraph 28 state legal conclusions, and do not require a response.

29.     The allegations contained in paragraph 29 state legal conclusions, and do not require a response.

30.     The allegations contained in paragraph 30 state legal conclusions, and do not require a response.

31.     The allegations contained in paragraph 31 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 31.

32.     The allegations contained in paragraph 32 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 32.

33.     The allegations contained in paragraph 33 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 33.

34.     The allegations contained in paragraph 34 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 34.

35.     The allegations contained in paragraph 35 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 35.

36.     The allegations contained in paragraph 36 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 36.

37.     Leeds Defendants deny the allegations contained in paragraph 37.

38.     Leeds Defendants deny the allegations contained in paragraph 38.

39.     The allegations contained in paragraph 39 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 39.

40.     The allegations contained in paragraph 40 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 40.

41.     The allegations contained in paragraph 41 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 41.

42.     The allegations contained in paragraph 42 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 42.

43.     Leeds Defendants deny the allegations contained in paragraph 43.

## COUNT II:
## FRAUD AND MISREPRESENTATION IN CONNECTION
## WITH THE OFFERING OF SECURITIES IN THE DISTRICT OF COLUMBIA
## UNDER D.C. CODE § 31-5606.05(a)(1)(B)

44.     Leeds Defendants, in response to paragraph 44, incorporate their responses in paragraphs 1 through 43 as if fully set forth herein.

45.     Leeds Defendants deny the allegations contained in paragraph 45, except admit that they marketed the Partnership to the Pension Funds and other funds associated with the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO.

46.     Leeds Defendants deny the allegations contained in paragraph 46.

47.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, except admit that Terence W. Collins of Columbia Partners LLC ("Columbia Partners"), a registered investment advisor, reviewed the Partnership on behalf of the Pension Funds.

48.     Leeds Defendants deny the allegations contained in paragraph 48, except admit that Terence W. Collins and K. Dunlop Scott of Columbia Partners attended a meeting with William Weld, Thomas McLarty, Jeffrey Leeds and John Newcomb in New York, and that George Philipps attended the meeting.

49.     Leeds Defendants deny the allegations contained in paragraph 49, except admit that William Weld, Thomas McLarty, Jeffrey Leeds and John Newcomb attended a meeting of the trustees of the PPNPF to make a presentation regarding investment opportunities in the Partnership; and that Martin J. Maddaloni, Thomas H. Patchell and Patrick R. Perno, trustees of the Pension Funds and the PPNPF, attended the meeting; and that Terence W. Collins and K. Dunlop Scott attended the meeting.

50.     Leeds Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50, except admit that Columbia Partners, a registered investment advisor, reviewed the Partnership on behalf of the Pension Funds.

51.     Leeds Defendants admit that Collins and Scott of Columbia Partners discussed the Partnership with representatives of Leeds Defendants on more than one occasion, including William Weld, Jeffrey Leeds and Peter Lyons.

52.     The allegations contained in paragraph 52 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants admit that Columbia Partners, a registered investment advisor, was retained by the Pension Funds.

53.     Leeds Defendants admit that on or about January 13, 2003, Leeds Defendants executed the Partnership's Amended and Restated Limited Partnership Agreement dated as of October 12, 2002, and accepted the Subscription Agreement of each Pension Fund, and respectfully refers the Court to these documents for a complete and accurate statement of their contents.

54.     Leeds Defendants deny the allegations contained in paragraph 54, except admit that in connection with investing in the Partnership the Pension Funds received documents, including an Opinion Letter dated November 13, 2002, from counsel for the Partnership, and respectfully refers the Court to this document for a complete and accurate statement of its contents.

55.     Leeds Defendants deny the allegations contained in paragraph 55.

56.     Leeds Defendants deny the allegations contained in paragraph 56.

57.     The allegations contained in paragraph 57 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 57.

58.     Leeds Defendants deny the allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 59.

60.     The allegations contained in paragraph 60 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 60.

61.     The allegations contained in paragraph 61 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 61.

62.     Leeds Defendants deny the allegations contained in paragraph 62.

63.     The allegations contained in paragraph 63 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 63.

64.     The allegations contained in paragraph 64 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny that plaintiffs are entitled to the relief requested in paragraph 64.

65.     The allegations contained in paragraph 65 state legal conclusions, and do not require a response.  To the extent a response is required, Leeds Defendants deny the allegations contained in paragraph 65.

## AFFIRMATIVE AND OTHER DEFENSES

Leeds Defendants allege the following affirmative and other defenses with respect to the claims alleged in the First Amended Complaint, without assuming the burden of proof where the burden of proof rests on the plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

66.    Count I alleged in the First Amended Complaint against the Leeds Defendants is barred because it fails to state a claim upon which relief can be granted and fails to comply with the requirements of ERISA and Rule 8(a) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

67.    Count II alleged in the First Amended Complaint against the Leeds Defendants is barred because it fails to state a claim upon which relief can be granted and fails to comply with the requirements of District of Columbia Code § 31-5606.05(a)(1)(B) and Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

68.    The claims alleged in the First Amended Complaint against the Leeds Defendants are barred because the Leeds Defendants did not breach any duty owed to the Pension Funds.

### FOURTH AFFIRMATIVE DEFENSE

69.    Plaintiffs are precluded from recovery, in whole or part, because the Leeds Defendants are not ERISA fiduciaries and, as such, may not be held liable for any compensatory or other legal relief.

### FIFTH AFFIRMATIVE DEFENSE

70.    Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

71.     The claims alleged in the First Amended Complaint against the Leeds Defendants are barred, in whole or part, to the extent that plaintiffs or other persons acting on behalf of the plaintiffs, including the Pension Funds, failed to act in a manner consistent with their obligations of good faith and fair dealing.

## SEVENTH AFFIRMATIVE DEFENSE

72.     The claims alleged in the First Amended Complaint against the Leeds Defendants are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

73.     The claims alleged in the First Amended Complaint against the Leeds Defendants are barred by the doctrines of estoppel, waiver and/or ratification.

## NINTH AFFIRMATIVE DEFENSE

74.     Leeds Defendants are entitled to be indemnified and/or receive contribution for any liability they incur.

75.     At this time, Leeds Defendants lack sufficient knowledge to form a belief as to the existence and availability of additional affirmative and other defenses.  Leeds Defendants hereby reserve the right to amend the foregoing defenses and responses based on facts and circumstances that may hereafter arise in this action.

        WHEREFORE, Leeds Defendants respectfully request entry of judgment granting the following relief:

        (a)     dismissing plaintiffs' First Amended Complaint with prejudice;

      (b)    awarding the costs of defending this action, including attorneys' fees, costs, and disbursements incurred by Leeds Defendants in the defense of this action;

      (c)    granting such other and further relief as this Court may deem just and proper.

June 8, 2006              Respectfully submitted,

              By:      /s/  Paul C. Curnin
                      Kevin J. Arquit, #438511
                      Paul C. Curnin, *pro hac vice*
                      SIMPSON THACHER & BARTLETT LLP
                      425 Lexington Avenue
                      New York, New York 10017
                      (212) 455-2000

                      *Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 8th day of June, 2006, a true and correct copy of the foregoing Answer to the First Amended Complaint and Affirmative Defenses of the Leeds Defendants was served upon plaintiffs' attorneys, James R. O'Connell and Maydad D. Cohen, via ECF to:

James R. O'Connell, Esq.
Maydad D. Cohen, Esq.
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Avenue, N.W.
Washington, DC 20016


    /s/  Paul C. Curnin
Paul C. Curnin, *pro hac vice*